# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

## MOTION BY ALL PLAINTIFFS
### FOR ENTRY OF CASE MANAGEMENT ORDER NO. 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   PROCEDURAL HISTORY...................................................................................3

III.  ARGUMENT ........................................................................................................4

      A.      Proposed Interim Lead Class Counsel has Taken Significant Steps to Advance This Litigation, Investigate the Underlying Claims, and is Familiar With the Underlying Law .......................................................................6

      B.      Proposed Interim Lead Class Counsel is Experienced in Efficiently Litigating Complex Commercial Litigation Including Class Actions and Multidistrict Litigation Proceedings

             1.      Hagens Berman Sobol Shapiro LLP ..........................................6

             2.      Roddy Klein & Ryan ...................................................................9

      C.      Establishment of Executive Committee of Counsel ...............................11

      D.      Proposed Interim Lead Class Counsel Can Devote Substantial Resources to the Prosecution of this Action................................................................12

      E.      Proposed Interim Lead Class Counsel Has Unanimous Support of Counsel in All Pending Actions............................................................................14

      F.      Proposed Interim Lead Class Counsel Will Continue to Work Cooperatively With All Counsel ..................................................................................15

IV.  THE OTHER RELATED TERMS OF PTO NO. 1 ARE APPROPRIATE AND SHOULD BE INCLUDED IN THE COURT'S ORDER AS PROPOSED....................13

V.   CONCLUSION...................................................................................................16

The undersigned law firms hereby move the Court for entry of the Proposed Case Management Order No. 1 ("CMO No. 1") filed concurrently herewith.  The entry of CMO No. 1, will, among other things, (a) establish procedures to govern the coordination of this proceeding based on standards that have been applied in other Multidistrict Litigation proceedings; (b) appoint Hagens Berman Sobol Shapiro LLP (Hagens Berman) and Roddy Klein & Ryan ("RKR") as Interim Lead Class Counsel, and (b) appoint a Plaintiffs' Executive Committee consisting of the following law firms: Cotchett, Pitre & McCarthy, Bolognese & Associates, National Consumer Law Center, Shepherd Finkelman Miller & Shah LLP, Faruqui & Faruqui LLP, and Langer, Grogan, & Diver, PC to represent the putative consumer class or classes in the actions constituting *In re: Bank of America Home Affordable Modification Program (HAMP) MDL 2193*, that the  Judicial Panel on Multidistrict Litigation ("JPML") transferred to this Court for coordinated or consolidated pretrial proceedings.  *The organizational structure proposed herein has been approved by all plaintiffs and their counsel in the eight cases and the four tag-along actions that comprise this proceeding.*[1]  All plaintiffs and their counsel believe entry of this proposed CMO No. 1 and the appointment of Interim Lead Class Counsel and Executive Committee at this point in the litigation will promote efficient handling of the pending actions.

## I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(g), the law firms Hagens Berman and RKR respectfully seek appointment as Interim Lead Class Counsel for the putative class in this consolidated multidistrict litigation ("MDL") and request the appointment of an Executive Committee consisting of the law firms of Cotchett, Pitre & McCarthy, Bolognese & Associates,

---

[1] A list of cases is attached as Exhibit A to the proposed form of Pretrial Order No. 1 (filed contemporaneously).

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1  - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

National Consumer Law Center, Shepherd Finkelman Miller & Shah LLP, Faruqui & Faruqui

LLP, and Langer, Grogan & Diver, PC.

The appointment of Interim Lead Class Counsel and Executive Committee is appropriate

at this juncture because doing so will streamline the prosecution of this complex litigation, which

currently involves ten related and sometimes overlapping class actions and three related tag-

along actions.  Declaration of Steve W. Berman in Support of Motion For Entry of Proposed

Case Management Order No. 1 ("Berman Decl.") ¶¶ 3-4, Ex. A (Transfer Order dated October 8,

2010).  Parties and counsel are located across the country.  Due to the number of parties and

factual and legal issues involved, appointment of Interim Lead Class Counsel and the Executive

Committee is necessary for coordinating discovery, conducting depositions, communicating with

defense counsel, employing experts, and seeing that deadlines are met.

Hagens Berman and RKR each has an established record of experience, knowledge, and

commitment of resources.  Hagens Berman has been involved in some of the largest class actions

in this country and has recovered some of the most significant settlements in history on behalf of

plaintiff classes.  Attorneys from Hagens Berman include pioneers of class action law, who have

been nationally recognized for their efforts on behalf of plaintiffs in numerous landmark cases.

Berman Decl., ¶¶ 9-12, Ex. B.  RKR has a long track record of leadership in consumer class

actions including especially mortgage related class actions. It has been appointed to represent

Plaintiffs in a variety of contexts, including some of the most prominent mortgage related

Multidistrict Litigation proceedings to be litigated in recent years. Declaration of Gary Klein in

Support of Motion For Entry of Proposed Case Management Order No. 1 ("Klein Decl.") ¶ 3,

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1  - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Ex. A-B. Both Hagens Berman and RKR have offices in Boston, which will streamline efficiencies in this litigation.   Berman Decl. at ¶ 8.

Additionally, the members of the Executive Committee have a proven track record of experience, knowledge, and commitment of resources in similar class action cases.  Berman Decl., ¶ 13, Exs. C - H.

Hagens Berman and RKR, and the proposed members of the Executive Committee have conferred with Plaintiffs' counsel for all known HAMP cases against Bank of America that have been transferred to this Court regarding organization of these related cases, demonstrating their commitment to advancing this litigation and working cooperatively with other parties and counsel.  Berman Decl., ¶ 7.  While all counsel agree to the appointments requested herein, Hagens Berman and RKR have been asked to consider additional requests for appointment to the Executive Committee and will do so in coming months in light of anticipated additional case transfers, the ultimate size of the case, and the potential need for a larger Committee.  If such appointments are warranted, appropriate application will be made to the Court.

## II.    PROCEDURAL HISTORY

This MDL proceeding arises from alleged failures by Bank of America and BAC Home Loans Servicing LP's to satisfy agreements to modify home-mortgage loans through the Home Affordable Modification Program ("HAMP"). Plaintiffs in all pending cases allege that Bank of America fails to live up to its obligations to modify mortgages on behalf of homeowners and ask the Court to enforce contracts into which Bank of America entered with individual Plaintiffs.  All the complaints also allege that Bank of America entered into a contract to participate in a federal program to assist homeowners at risk of defaulting on their mortgages.  This contract, known as a Servicer Participation Agreement, incorporates written HAMP directives, and obligates Bank

of America to perform loan-modification services to benefit certain eligible homeowners. Several cases allege that Bank of America breached its Servicer Participation Agreement and that certain eligible homeowners have the right to enforce the agreement as its intended beneficiaries perpetrated on Plaintiffs and other members of the class.

On October 26, 2010 the JPML issued an order pursuant to 28 U.S.C. § 1407 transferring eight actions to the District of Massachusetts for coordinated or consolidated pre-trial proceedings constituting *In re: Bank of America Home Affordable Modification Program (HAMP) MDL 2193.* Since that time, an additional four actions have been designated as Tag Along actions pursuant to Rules 7.4 and 7.5. *See* Berman Decl., ¶ 3.

With eight similar class actions pending before this court and most likely three more to be transferred by the Panel as tag-along actions, designation of Plaintiffs' undersigned counsel as Interim Lead Class Counsel to act on behalf of the putative class pursuant to Rule 23(g)(3) is appropriate and necessary for the reasons set forth herein.

### III.    ARGUMENT

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." When appointing lead counsel, the court must consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class." *See* Fed. R. Civ. P. 23(g)(1)(A). Proposed Interim Lead Class Counsel more than satisfy these requirements.

The Advisory Committee notes to former Rule 23(g)(2)(A) explain that the rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." The *Manual for Complex Litigation, Fourth* ("MCL 4th") elaborates as follows:

> If . . . there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. *In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during pre-certification activities*, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement.

MCL 4th § 21.11 (emphasis added).

Courts considering motions for appointment interim class counsel have generally applied the factors set forth in Rule 23(g)(1)(A). *See, e.g., Pfaff v. State of Washington*, 2007 U.S. Dist. LEXIS 90257, at *13-15 (W.D. Wash. Nov. 27, 2007); *Hill v. The Tribune Co.*, Nos. 05 C 2602, 2005 WL 3299144, at *3-4 (N.D. Ill. Oct. 13, 2005).[2] One California district court recently observed the following:

> Courts have held that the same standards applicable to choosing class counsel at the time of class certification apply in choosing interim class counsel. *See In re Air Cargo Shipping Services Antitrust Litigation*, 240 F.R.D. 56, 57 (E.D.N.Y.2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [Fed.R.Civ.P. 23(g)(1)(A) and (B)], which governs appointment of class counsel once a class is certified, apply equally to the designation of class counsel before certification.").

---

[2] These cases refer to the factors contained in former rule Fed. R. Civ. P. 23(g)(1)(C), which was renumbered to Fed. R. Civ. P. 23(g)(1)(A) by the December 1, 2007 Amendments to the Federal Rules of Civil Procedure.

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1 - 5

*Four In One Co., Inc. v. SK Foods, L.P.*, No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160, at *1 (E.D. Cal. March 20, 2009). *See also In re California Title Ins. Antitrust Litig.*, No. 08-01341 JSW, 2008 WL 4820752, at *1 (N.D. Cal. Nov. 3, 2008) (White, J.) ("[w]hen appointing interim class counsel, a court must find that the applicant is adequate under [Rule 23(g)(1)(A) and (B)]."). Application of these Rule 23(g) factors strongly supports appointing Hagens Berman and RKR as Interim Co-Lead Class Counsel.

Here, approval of the proposed interim leadership structure will allow for, among other things:  (1) the coordinated preparation and filing of a consolidated amended complaint; (2) the efficient prosecution of this action through a decision on class certification and appointment of permanent class co-counsel; and (3) the facilitation of any potential settlement discussions that may occur in the future. *See* Advisory Committee Notes to former Fed. R. Civ. P. 23(g)(2)(A). Other benefits will also accrue, including providing third parties with assurances that they are dealing with counsel with authority to negotiate document preservation and production issues. Approving the proposed interim leadership structure and granting these firms Interim Co-Lead Class Counsel and Executive Committee member status will provide all concerned with the requisite indicator that these firms are empowered to act on behalf of the proposed class.

**A.     Proposed Interim Co-Lead Class Counsel have Taken Significant Steps to Advance This Litigation, Investigate the Underlying Claims, and are Familiar With the Underlying Law**

Proposed Interim Co-Lead Class Counsel have expended substantial resources investigating this case.  As the Berman and Klein Declarations explain, Hagens Berman and RKR have each has conducted numerous interviews with homeowners who have attempted to obtain mortgage modifications from Bank of America, industry professionals, and other potential witnesses.  These two firms were among the first to investigate the failures in Bank of America's

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1 - 6

compliance with HAMP and to bring cases seeking to redress these failures on a class basis.

Proposed Interim Lead Class Counsel have each expended substantial attorney time developing

appropriate legal theories, opposing motions to dismiss, and are consequently extremely well

versed in the applicable law.  Berman Decl., ¶ 5; Klein Decl., ¶¶ 7-8.  Additionally, proposed

Interim Co-Lead Class Counsel have been working to actively advance this case by coordinating

with both defense counsel and other Plaintiffs' counsel to organize and streamline this litigation.

Berman Decl., ¶ 6; Klein Decl., ¶ 11.  Proposed Co-Lead Class Counsel coordinated numerous

organizational meetings of all Plaintiffs' counsel to discuss future management of this case.

Berman Decl., ¶ 7; Klein Decl., ¶ 12.

**B.      Proposed Interim Co-Lead Class Counsel are Experienced in Efficiently Litigating
          Complex Commercial Litigation Including Class Actions and Multidistrict
          Litigation Proceedings**

Both Hagens Berman and RKR have the experience and knowledge necessary to provide

the putative classes the best representation possible.  As discussed in more detail below, each

firm has extensive experience with class actions and complex litigation generally, and with

actions regarding home mortgages in particular.  *See generally* Berman Decl., Ex. B (Firm

Resume); Klein Decl. Ex. B, C.

**1.      Hagens Berman Sobol Shapiro LLP**

Hagens Berman is one of the nation's preeminent and most experienced plaintiff-side

class action firms and possesses the background, experience, and requisite legal knowledge to

manage and prosecute the litigation and the claims asserted therein.  Hagens Berman has been

repeatedly recognized as one of the nation's leading plaintiffs' law firms by the *National Law

Journal*.  Since its founding, Hagens Berman has represented plaintiffs in class actions and other

complex, large-scale litigation across the country.  To give just a few representative examples:

*New England Carpenters Benefits Fund, et al. v. First DataBank Inc. and McKesson Corp.*, Case No. 05-11148 (D. Mass.).  Hagens Berman was lead counsel representing consumers and third-party payers against healthcare services giant McKesson for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) for conspiring to fraudulently inflate the Average Wholesale Price of most common prescription medicines.  A settlement for $350 million was approved in August 2009.

*In re Neurontin Marketing, Sales Practices and Products Liability Litig.*, MDL 1629 (D. Mass).  Hagens Berman is co-lead counsel in the MDL, and co-lead trial counsel in the related *Kaiser v. Pfizer* trial conducted over 5 weeks in the winter of 2010.   In the satellite claims of Kaiser in the MDL, the trial involved the question whether Pfizer had engaged in a decade-long racketeering in the marketing of Neurontin for unproven medical uses, and whether that marketing had a sweeping influence over prescribing the drug.  The jury returned a $147 million verdict (after trebling).

*In re Bextra Marketing Sales Practices & Product Liability Litig.*, MDL. 1699 (N.D. Cal.).  Hagens Berman filed suit against Pfizer claiming that the pharmaceutical giant launched a misleading marketing campaigns for its drugs Bextra and Celebrex.  An $89 million settlement has received preliminary approval.

*In re Pharmaceutical Industry Average Wholesale Price Litig.*, MDL 1456 (D. Mass.). Since 2001 Hagens Berman has led this litigation against 20 pharmaceutical companies.  Serving as lead counsel, Hagens Berman has participated in all phases of the case, including a successful eight week trial with Steve Berman serving as lead trial lawyer.  To date, approximately $210 million has been recovered and the remainder of the case is still pending.  The case is considered at the top of the scale in terms of complexity of discovery and motion practice.

*In re Visa Check/MasterMoney Antitrust Litig*, No. CV-96-5238 (E.D.N.Y.)  Hagens Berman was appointed co-lead counsel by the court in this case, in which a number of large and small merchants and three trade associations sued Visa and MasterCard, alleging that defendants have created a tying arrangement in violation of § 1 of the Sherman Antitrust Act by means of their 'honor all cards' policy, which requires stores that accept defendants' credit cards to accept their debit cards as well.  Plaintiffs also alleged that defendants attempted and conspired to monopolize the debit card market in violation of § 2 of the Sherman Act.  *In re Visa*

*Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 129-30 (2d Cir. 2001).  Following affirmation of class certification by the Second Circuit, the parties ultimately settled the case on the eve of trial in a settlement valued at $3 billion.

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486 (N.D. Cal.).  Hagens Berman recently served as co-lead counsel in this matter, recovering settlements in excess of $325 million for the direct purchaser class and winning praise from the Honorable Judge Phyllis Hamilton for its skill, efficiency, and cooperation with other parties and the Court.

In addition, Hagens Berman also played a major role in litigation by State Attorneys General against the tobacco industry, representing 13 states and resulting in the largest state settlement in history.  Only two States took their cases against that industry to trial:  Washington and Minnesota.  As a result, only two private firms tried cases on behalf of the States against the industry.  Hagens Berman is one of those firms.

Hagens Berman attorneys who will staff this matter include (but are not limited to) the following experienced class action attorneys:

**Steve Berman** is Hagens Berman's managing partner and is regarded as one of the country's top civil litigators.  Recognized as one of the "Top 100 Influential Lawyers in America" by the *National Law Journal*, Mr. Berman served as a special assistant attorney general for 13 states in the tobacco litigation which resulted in the largest settlement in history. He is an experienced trial lawyer in large scale cases.  He was in the eighth week of trial of the Washington tobacco trial when that litigation settled on a global basis.  He has experience in multidistrict litigation trials.  He was part of the trial team in the WPPS Litigation (a four-month trial) and is the lead trial lawyer for several classes in claims against twenty-two pharmaceutical companies in *In re Average Wholesale Price Litigation*, MDL 1456 (D. Mass).  In recognition of his prominence, Mr. Berman was also retained by Microsoft to be part of the core national team

representing the company in antitrust class actions resulting from Judge Jackson's Findings of Fact in the U.S. Department of Justice's antitrust case against the company.

**Ari Brown** has over ten years experience in prosecuting consumer protection cases regarding abuses in the home mortgage industry including numerous class actions. Mr. Brown graduated *magna cum laude* from Seattle University Law School in 1999, and served on the Seattle University Law Review. Mr. Brown has litigated dozens of cases representing individual homeowners against mortgage lenders and finance companies including *Anderson v. Wells Fargo Home Mortgage, Inc*., 259 F.Supp.2d 1143 (W.D. Wash. 2003) and *Brazier v. Sec. Pac. Mortgage Inc*., 245 F.Supp.2d 1136 (W.D. Wash. 2003). He has participated in many consumer class actions focused on conduct by mortgage lenders as lead counsel, including *Pierce et al v. Novastar Mtg. Inc*. 238 F.R.D. 624 (W.D. Wash 2006).

## 2.    Roddy Klein & Ryan

RKR specializes in the representation of consumers in individual and class action cases against mortgage lenders, finance companies, debt collectors, utilities, and others. RKR has obtained several hundred million dollars in restitution and debt forgiveness for consumers by successfully asserting claims under state and federal consumer protection laws on their behalf.

RKR is presently court appointed co-lead counsel in three major Multidistrict Litigation proceedings addressing mortgage lending abuses and mortgage discrimination:

- *In Re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation*, MDL No. 1715 (N.D. Ill.)
- *In re Wells Fargo Mortgage Lending Practices Litigation*, 08-cv-1930 MMC (N.D. Cal.)
- *In re Countrywide Financial Mortgage Lending Practices Litigation*, MDL No. 1974 JGH (W.D. Ky.)

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1 - 10

RKR has also litigated and resolved dozens of groundbreaking consumer protection and civil rights class actions, particularly in the area of mortgage lending. A partial listing of the firm's litigated cases includes the following:

- *Allen v. Decision One Mortgage Co., LLC and HSBC Finance Corp, Inc.,* C.A. NO. 07-11669 GAO (D. Mass.) (class-wide monetary remedies and injunctive relief for mortgage lending discrimination).
- *In re Household Lending Litigation*, Case No. C 02-1240 CW (N.D. Cal.) ($172 million settlement on behalf of nationwide class of home mortgage borrowers injured by predatory mortgage lending practices);
- *Curry v. Fairbanks Capital Corporation*, 03-10875-DPW (D. Mass.) ($55,000,000 settlement of nationwide class action based on predatory loan servicing practices on behalf of class of 750,000 borrowers).

RKR attorneys who will staff this matter include:

**Gary Klein** is a nationally recognized expert on consumer law and consumer education. His practice focuses upon unfair business practice cases, consumer protections for predatory lending, mortgage discrimination, creation of sustainable homeownership opportunities, and consumer bankruptcy. From 1991 to 2000, Mr. Klein was a Senior Attorney at the National Consumer Law Center and Director of the Center's Sustainable Homeownership Initiative.

His litigation has involved groundbreaking issues in consumer protection and civil rights law. Mr. Klein has testified frequently before both houses of Congress on consumer credit issues and his legislative advocacy included successfully lobbying Congress in 1994 for passage of the Homeownership and Equity Protection Act (HOEPA) and organizing opposition to credit industry efforts to revise the nation's bankruptcy laws. He is a past director of the National Association of Consumer Bankruptcy Attorneys and of the American Bankruptcy Institute.

**Shennan Kavanagh** specializes in complex consumer finance litigation including class actions and challenges to unfair mortgage lending practices. A graduate of Suffolk University

Law School (J.D., *cum laude*, 2002) and the University of Vermont (B.A., 1997), she is admitted to the state and federal courts in Massachusetts. In recent years, her practice focuses on challenges to unfair and discriminatory mortgage lending practices and on class actions involving lenders' abuses of the Bankruptcy Code.

Currently, Ms. Kavanagh is serving as co-chair of the Boston Bar Association's Class Action Committee and is a member of the National Association of Consumer Advocates. She recently co-authored an article for Northeastern University's Law Journal, *The Causes of the Subprime Foreclosure Crisis and the Availability of Class-Action Responses* 2 N.U.L.J. 137 (2010).

**Kevin Costello** is admitted to practice before the courts of the Commonwealths of Massachusetts and Pennsylvania, as well as the United States District Courts of Massachusetts and the Eastern District of Pennsylvania.  He is a 1996 honors graduate of Boston College, and a 2001 honors graduate of the University of Pennsylvania Law School.

Mr. Costello has an extensive history of using the law to protect vulnerable classes of people. After law school internships with legal aid organizations in New York and San Francisco, Mr. Costello was an Independence Fellow and staff attorney at the Elderly Law Project of Community Legal Services in North Philadelphia, helping seniors navigate the health care system.  Mr. Costello also served as a law clerk to the Honorable Francis X. Spina of the Massachusetts Supreme Judicial Court and to the Honorable Joseph H. Rodriguez of the U.S. District Court for the District of New Jersey in Camden.

1

2

**C.      Establishment of Executive Committee of Counsel**

Proposed Interim Lead Class Counsel requests authority to establish an Executive

Committee of law firms that have filed constituent cases in this proceeding.  If so authorized,

Plaintiffs' counsel have agreed that the Executive Committee will consist of Cotchett, Pitre &

McCarthy, Bolognese & Associates, National Consumer Law Center, Shepherd Finkelman

Miller & Shah LLP, Faruqui & Faruqui LLP, and Langer, Grogan & Diver, PC.  These firms'

extensive experience in representing large plaintiff classes makes them suitable as Executive

Committee Co-Chairs and members in this matter.  Berman Decl., ¶ 13, Exs. C - H.  Executive

Committee counsel, together with proposed Interim Co-Lead Class Counsel, have already taken

significant steps to identify and investigate Plaintiffs' claims and to advance this litigation.

Berman Decl., ¶ 13.  They have performed substantial work in investigating the merits and have

consulted with art industry experts.  *Id*.  Additionally, the Executive Committee law firms are

located throughout the country.  Berman Decl., ¶ 15, Exs. C-H.  The national scope of these

firms will be important because defendants operations are located throughout the country.  The

specific responsibilities of the Executive Committee are outlined in the proposed CMO No. 1.

**D.      Proposed Interim Lead Class Counsel Can Devote Substantial Resources to the
          Prosecution of this Action**

Proposed Interim Lead Class Counsel is familiar with the substantial resources necessary

to litigate a case of this magnitude.  Hagens Berman has eight offices nationwide, including an

office located in Boston, and has numerous experienced staff.  Berman Decl., ¶8, Ex. B. RKR has

offices in Boston and an extensive network of contacts on mortgage lending issues across the

country.

Proposed Interim Co-Lead Class Counsel have achieved excellent results in the past and

are committed to providing the resources required to prosecute this litigation through all phases,

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1  - 13

including rigorous motion practice, discovery, class certification, summary judgment and trial. Hagens Berman has prosecuted and financed some of the largest civil litigation in the United States, including the tobacco litigation, and the average wholesale price litigation against most major companies in the pharmaceutical industry.  Berman Decl., ¶¶ 9-12, Ex. B.  RKR has successfully prosecuted many of the seminal mortgage lending cases of the past decade. Proposed Interim Lead Class Counsel has the experience and resources to deal with large volumes of documents and the substantial amount of discovery, motion practice, and trial work that will be required in this action.

**E.     Proposed Interim Lead Class Counsel Has Unanimous Support of Counsel in All Pending Actions**

"Private ordering," that is, achieving a consensus among the various plaintiffs' attorneys as to who should serve as lead counsel, is the most common method for selecting class counsel. *See* MCL 4TH § 21.272.  Under the "private ordering" approach, lawyers agree amongst themselves on who can best serve as lead counsel and the court reviews the selection to "ensure that counsel selected is adequate to represent the class interests." *Id*.  Courts recognize that where large numbers of experienced counsel agree to be represented by a proposed group of firms, as is the case here, they will serve well in this role.  *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56 (E.D.N.Y. 2006); *see also* MCL 4TH § 10.224 ("the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" is an important factor in selecting counsel).

Here, proposed Interim Lead Class Counsel and Executive Committee counsel have met and conferred in several meetings to which all Plaintiffs' counsel were invited and have unanimous support of all counsel in those actions.  Berman Decl., 7.  This fact strongly supports Court approval of the organizational structure proposed herein.

**F.     Proposed Interim Lead Class Counsel Will Continue to Work Cooperatively With All Counsel**

Proposed Interim Co-Lead Class Counsel with the support of the proposed Executive Committee believes that they can provide the most fair and adequate leadership structure for the class. The organizational structure proposed in this CMO No. 1 is supported by all Plaintiffs and their counsel in virtually all known actions. Berman Decl., ¶ 16. Proposed Interim Lead Class Counsel is committed to a cooperative approach among all counsel, and with the permission of the Court, has established an Executive Committee of counsel to ensure that the entire plaintiff class is adequately represented. In carrying out this joint endeavor, proposed Interim Lead Class Counsel will make every effort to avoid waste and duplication. Finally, Proposed Interim Lead Class Counsel has already established and intends to maintain professional working relationships with all counsel for Defendants in this action.

**IV.     THE OTHER RELATED TERMS OF PTO NO. 1 ARE APPROPRIATE AND SHOULD BE INCLUDED IN THE COURT'S ORDER AS PROPOSED**

In addition to Rule 42 consolidation and Rule 23(g) appointment of Co-Lead Interim Class Counsel, proposed PTO No. 1 contains a number of other terms customarily included in such pretrial orders in Multidistrict Litigation proceedings. These include provisions for:

- Efficient Docketing and Filing of Cases;

- Application of the Order to Later Filed Cases;

- Preservation of Evidence;

- Funding Joint Costs of Litigation;

- Service of Papers; and

- Time Recording.

Plaintiffs respectfully submit that these terms should be entered as proposed.

Under PTO No. 1, counsel for all parties are also directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in this action. Each of the other directives included in PTO No.1 are engineered to facilitate the just, efficient and cost-effective prosecution of this litigation. Each provision is consistent with directives that have governed other Multidistrict Litigation proceedings in various district courts across the country.

## V.    CONCLUSION

For the foregoing reasons, the undersigned firms respectfully entry of Case Management Order No. 1 and grant such further relief as the Court deems just.

### Local Rule 7.1(A)(2) Certificate

I, Gary Klein, hereby certify pursuant to Local Rule 7.1(A)(2) that Plaintiffs' counsel consulted with counsel for Defendants before filing the foregoing motion.  Defendants are considering their position on the motion and reserve the right to oppose the motion in whole or in part.

DATED:  November 29, 2010

Respectfully submitted,

| | |
|---|---|
| *On behalf of Plaintiffs, Patricia Johnson, et al.,* | */s/ Gary Klein*<br>Gary Klein (BBO 560769)<br>Shennan Kavanagh (BBO 655174)<br>Kevin Costello (BBO 669100)<br>**RODDY KLEIN & RYAN**<br>727 Atlantic Avenue<br>Boston, MA  02111-2810<br>Tel:  (617) 357-5500 |

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1 - 16

| | |
|---|---|
| | Fax:  (617) 357-5030<br><br>Stuart Rossman (BBO 430640)<br>Charles Delbaum (BBO 543225)<br>**NATIONAL CONSUMER LAW CENTER**<br>7 Winthrop Square, 4th floor<br>Boston, MA 02110<br>Tel:  (617) 542-8010<br>Fax: (617) 542-8028<br><br>Michael Raabe<br>**NEIGHBORHOOD LEGAL SERVICES**<br>170 Common Street<br>Suite 300<br>Lawrence, MA 01840-1507<br>Tel:  (978) 686-6900<br>Fax: (978) 685-2933 |
| *On behalf of Plaintiffs, Teresa Follmer, et al.,* | <u>/s/ Steve W. Berman</u><br>Steve W. Berman<br>Ari Y. Brown<br>**HAGENS BERMAN SOBOL SHAPIRO LLP** 1918 8th Avenue<br>Suite 3300<br>Seattle, WA 98101<br>Tel:  (206) 623-7292<br>Fax: (206) 623-0594<br><br>Robert B. Carey<br>Donald St. John<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>11 West Jefferson Street<br>Suite 1000<br>Phoenix, AZ 85003<br>Tel:  (602) 840-5900<br>Fax: (602) 840-3012 |
| *On behalf of Plaintiffs, Joseph Haber, et al.,* | Irv Ackelsberg<br>**LANGER, GROGAN  & DIVER, PC**<br>1600 Market Street<br>Suite 2020<br>Philadelphia, PA 19103<br>Tel:  (215) 419-6549<br>Fax:  (215) 419-6546 |

| | |
|---|---|
| | Noah I. Axler<br>**THE LAW OFFICE OF NOAH AXLER, LLC**<br>Two Penn Center Plaza<br>1500 JFK Boulevard<br>Suite 1110<br>Philadelphia, PA 19102<br>Tel:  (215) 963-1411<br>Fax:  (215) 525-9770 |
| *On behalf of Plaintiffs,*<br>*Isaac Mikhail, et al.,* | Lisa J. Rodriguez<br>Nicole M. Acchione<br>**TRUJILLIO RODRIGUEZ & RICHARDS, LLC**<br>258 Kings Highway East<br>Haddonfield, NJ 08033<br>Tel:  (856) 795-9002<br>Fax: (856) 795-9887<br><br>Joshua H. Grabar<br>**BOLOGNESE & ASSOCIATES LLC**<br>Two Penn Center<br>1500 JFK Boulevard<br>Suite 320<br>Philadelphia, PA 19102<br>Tel:   (215) 814-6750<br>Fax:  (215) 814-6764 |
| *On behalf of Plaintiffs,*<br>*Debra Matthews, et al.,* | Niall P McCarthy<br>Justin T. Berger<br>**COTCHETT PITRE & MCCARTHY**<br>840 Malcolm Road Suite 200<br>Burlingame, CA 94010<br>Tel:  (650) 697-6000<br>Fax: (650) 692-3606<br><br>Elizabeth S Letcher<br>Maeve Elise Brown<br>Noah Zinner<br>**HOUSING AND ECONOMIC RIGHTS ADVOCATES**<br>1814 Franklin Street<br>Suite 1040<br>P.O. Box 29435<br>Oakland, CA 94612<br>Tel:  (510) 271-8443<br>Fax:  (510) 868-4521 |
| | |

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1 - 18

| | | |
|---|---|---|
| | *On behalf of Plaintiffs, Britta Brewer, et al.,* | Steve W. Berman<br>Ari Y. Brown<br>**HAGENS BERMAN SOBOL SHAPIRO LLP** 1918 8th Avenue<br>Suite 3300<br>Seattle, WA 98101<br>Tel:  (206) 623-7292<br>Fax: (206) 623-0594<br><br>Jeffrey D. Friedman<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>715 Hearst Avenue<br>Suite 202<br>Berkeley, CA 94710<br>Tel:  (510) 725-3000<br>Fax: (510) 725-3001 |
| | *On behalf of Plaintiffs, James Langen, et al.,* | Phil Goldsmith<br>Nanina D. Takla<br>**LAW OFFICE OF PHIL GOLDSMITH**<br>1618 SW 1st Avenue<br>Suite 350<br>Portland, OR 97201<br>Tel: (503) 224-2301<br>Fax: (503) 222-7288<br><br>Steve W. Berman<br>Ari Y. Brown<br>**HAGENS BERMAN SOBOL SHAPIRO LLP** 1918 8th Avenue<br>Suite 3300<br>Seattle, WA 98101<br>Tel:  (206) 623-7292<br>Fax: (206) 623-0594 |
| | *On behalf of Plaintiffs, Gretha Wilkerson, et al.,* | Donald Amamgbo<br>**AMAMGBO & ASSOCIATES**<br>P. O BOX 13315, PMB # 148<br>Oakland, CA 94661<br>Tel:  (510) 615 6000<br>Fax: (510) 615 6025<br><br>Reginald Terrell<br>**THE TERRELL LAW GROUP**<br>P. O BOX 13315, PMB # 148<br>Oakland, CA 94661<br>Tel:  (510) 237 9700<br>Fax: (510) 237 4616 |

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1  - 19

| | |
|---|---|
| | Walter Harper<br>**ATTORNEY AT LAW**<br>492 Staten Avenue, #702<br>Oakland, CA 94611<br>Tel:  (510) 832-1561 |
| *On behalf of Plaintiffs,*<br>*Melissa Wood, et al.,* | Nathan T. Williams<br>**CLARK & WILLIAMS, P.C.**<br>#5 St. Andrews Court<br>Brunswick, GA 31520<br>Tel:  (912) 264-0848<br>Fax: (912) 264-6299<br><br>R. Bartley Turner<br>C. Dorian Britt<br>**SAVAGE, TURNER, KRAEUTER,**<br>**PINCKNEY, BRITT & MADISON**<br>P.O. Box 10600<br>Savannah, GA 31412<br>Tel:  (912) 231-1140<br>Fax: (912) 232-4212 |
| *On behalf of Plaintiffs,*<br>*Mitchell Lightman, et al.,* | Jacob A. Goldberg<br>Sandra G. Smith<br>**FARUQI & FARUQI, L.L.P.**<br>101 Greenwood Avenue<br>Suite 600<br>Jenkintown, PA 19046<br>Tel:  (215) 277-5770<br><br>Gary P. Lightman<br>**LIGHTMAN & MANOCHI**<br>1520 Locust Street, 12th Floor<br>Philadelphia, PA 19102<br>Tel:  (215) 545-3000 |
| *On behalf of Plaintiffs,*<br>*Kamie Kahlo, et al.,* | Ari Y. Brown<br>Steve W. Berman<br>**HAGENS BERMAN SOBOL SHAPIRO**<br>**LLP** 1918 8th Avenue<br>Suite 3300<br>Seattle, WA 98101<br>Tel:  (206) 623-7292<br>Fax: (206) 623-0594 |
| *On behalf of Plaintiffs,*<br>*Anthony Soper, et al.,* | Ari Y. Brown<br>Steve W. Berman<br>**HAGENS BERMAN SOBOL SHAPIRO**<br>**LLP** 1918 8th Avenue<br>Suite 3300<br>Seattle, WA 98101 |

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1 - 20

| | |
|---|---|
| | Tel:  (206) 623-7292<br>Fax: (206) 623-0594 |
| *On behalf of Plaintiffs,<br>Shari Goldman, et al.,* | Jayne A. Goldstein<br>Nathan C. Zipperian<br>**SHEPHERD, FINKELMAN, MILLER<br>& SHAH, LLP**<br>1640 Town Center Circle<br>Suite 216<br>Weston, FL 33326<br>Tel:  (954) 515-0123<br>Fax:  (954) 515-0124 |

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1  - 21

1

2

## **CERTIFICATE OF SERVICE**

3

4

I, Gary Klein, hereby certify that the foregoing document was electronically filed using the Court's ECF system on November 29, 2010.   In addition, on November 29, 2010, I served a copy of the foregoing document by electronic mail to all counsel of record listed on the JPML Panel Service List.

5

6

7
*/s/ Gary Klein*
Gary Klein

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION BY ALL PLAINTIFFS
FOR ENTRY OF CASE MGMT. ORDER NO. 1  - 22