*EXHIBIT 2*

*IN RE BANK OF AMERICA HOME AFFORDABLE*
*MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION*

## APPENDIX

| TAB | NAME | CITY/STATE | DATE OF LAST TPP PAYMENT |
|---|---|---|---|
| 1. | Anders, Elizabeth | Nicholasville, Kentucky | 01/01/2011 |
| 2. | Bereholm, Eric | Virginia Beach, Virginia | 11/01/2010 |
| 3. | Brown, Monique | Atlanta, Georgia | 11/01/2010 |
| 4. | Cipowski, Holli Cipowski, Kelly | Spring Grove, Illinois | 05/01/2010 |
| 5. | Comia, Norman | Claremont, California | 03/01/2011 |
| 6. | Conroy, Cristina L | El Cajon, California | 10/01/2010 |
| 7. | Coulter, Monika | Portland, Oregon | 03/01/2011 |
| 8. | Culliton, William | Puyallup, Washington | 10/01/2010 |
| 9. | Dahlmer, Debra | Gloucester, Massachusetts | 07/01/2010 |
| 10. | Davis, Kristall Marie | Champlin, Minnesota | 06/01/2010 |
| 11. | Delira, John | Fair Oaks, California | 10/01/2010 |

| TAB | NAME | CITY/STATE | DATE OF LAST TPP PAYMENT |
|---|---|---|---|
| 12. | Denzer, Melanie | Pensacola, Florida | 02/01/2011 |
| 13. | Dugree, Victor S | Hermansville, Michigan | 07/01/2010 |
| 14. | English, Derrick | Upper Marlboro, Maryland | 10/01/2010 |
| 15. | Gaffey, Deborah L | Juneau, Alaska | 02/01/2011 |
| 16. | George, Richard M | Puyallup, Washington | 03/01/2011 |
| 17. | George, Kimberly | Mobile, Alabama | 02/01/2010 |
| 18. | Greer, Matthew | Santa Rosa, California | 11/01/2011 |
| 19. | Hamilton, Gregory N. | Chesterfield, Virginia | 12/01/2010 |
| 20. | Helberg, Mary Katherine | Laguna Niguel, California | 04/01/2011 |
| 21. | James, Charlotte | Shelby, North Carolina | 02/01/2011 |
| 22. | Kelly, Michael B | Barrington, Illinois | 10/01/2010 |
| 23. | Kline, Renate | Harvest, Alabama | 06/01/2010 |
| 24. | Martin, Cheryl | Brookings, Oregon | 02/01/2010 |
| 25. | Martinez, Angel Martinez, Andrea | Holtville, California | 06/01/2010 |

| TAB | NAME | CITY/STATE | DATE OF LAST TPP PAYMENT |
|-----|------|-----------|--------------------------|
| 26. | Mason, Terry A | Santa Rosa, California | 07/01/2010 |
| 27. | Peeples, Lalainya | Saint Louis, Missouri | 08/01/2010 |
| 28. | Pioli, Angela | Everett, Washington | 07/01/2010 |
| 29. | Rhoda, Naomi | Lake Stevens, Washington | 05/01/2010 |
| 30. | Rivas, Timothy | Concord, California | 01/01/2011 |
| 31. | Rocca, David | Sacramento, California | 04/01/2011 |
| 32. | Serrano, Aurora | Hacienda Heights, California | 11/01/2010 |
| 33. | Smith, Leslie | Bernars, New Jersey | 06/01/2010 |
| 34. | Stanley, David | Cotati, California | 05/01/2010 |
| 35. | Slyman, Douglas E | Ashley, Ohio | 03/01/2011 |
| 36. | Tarin, Fatima | Elk Grove, California | 03/01/2011 |
| 37. | Torrico, Ana Maria | Broomfield, Colorado | 02/01/2011 |

# TAB 1

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

DECLARATION OF ELIZABETH C. ANDERS

I, Elizabeth C. Anders, declare as follows:

1.      I have been the owner of a home located at 2526 Little Hickman Road, Nicholasville, KY since December 8, 1987.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in 2009, I began to experience financial hardship and ultimately fell behind on my mortgage payments.

4.      In June, 2009, I applied for a HAMP loan modification, providing documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning in July, 2009 and ending in October, 2009.

6 I accepted BAC Home Loans Servicing, LP's offer by returning the signed TPP Agreement to BAC Home Loans Servicing, LP before the due date.  A true and correct copy of the a letter from BAC acknowledging that I sent back the TPP is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.



1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

8.      My certifications contained in the TPP Agreement were and continue to be accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.     I made fifteen additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13      On May 7, 2010 I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised. I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.     I am currently facing the prospect of losing my home and seeking to rent a place to live. I understand that finding a rental will be more difficult and more expensive with damaged credit.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on February 22 , 2011.

                                        _Elizabeth C. Anders_ (signature)
                                        ELIZABETH C. ANDERS

_Fayette Co | KY_
_Notary Public_ _401767_
_My commission expires 7/30/13._

DECLARATION OF ELIZABETH C.  ANDERS – 2

010176-16 425076 V1

# EXHIBIT A



**Important information still needed to process your trial loan modification.**



ELIZBETH C ANDERS
2526 LITTLE HICKMAN ROAD
NICHOLASVILLE, KY 40356

**Bank of America** 〰 **Home Loans**

Loan Number: ███1598                                    November 30, 2009

Dear ELIZBETH C ANDERS:

Thank you for sending us your Trial Period Plan agreement and some of the required documentation. The federal government's Home Affordable Modification Program requires certain financial information necessary to verify your eligibility for a loan modification. It is critical that we receive all required documentation to complete your trial modification.

During our review of your information, we noticed that we are missing some required documentation or some of the documents have been sent to us with missing or incorrect information.  We are unable to finalize your Trial Period Plan until we receive the following additional and/or correct and complete information from you:

- Correct or complete borrower signatures
- Copy of the most recently filed federal tax return with all schedules
- Copy of two most recent bank statements

Please complete and fax the remaining documentation to us at 1.866.261.6472. We must receive this information by December 10, 2009.  This will give us sufficient time to review your documents and prepare your Home Affordable Modification Agreement (assuming your documentation confirms your eligibility for the Program). If we do not receive all of the remaining documentation listed above by December 10, 2009, you may not receive a Home Affordable Modification.  Once we receive your remaining documentation and confirm your eligibility, we will then send you the Home Affordable Modification Agreement which you must sign, notarize and return to us before the end of your trial period. If you have any questions about our request for documents, please call us as soon as possible at 1.877.767.0706.

You may also seek assistance at no charge from a HUD-approved housing counselor by calling the HOPE Hotline Number at 1.888.995.HOPE and asking for MHA HELP.

If you have any questions or need additional information, or want to confirm that we have indeed received the missing information we needed from you, please contact us at 1.877.767.0706. We appreciate your prompt attention to this request.

Sincerely,

Ken Scheller
Senior Vice President
Home Retention Division
BAC Home Loans Servicing, LP

Mortgages funded and administered by an 🏠 Equal Housing Lender.
🔄 Protect your personal information before recycling this document.



**HELPING YOU STAY IN YOUR HOME.**



MAKING
HOME
AFFORDABLE

# TAB 2

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

DECLARATION OF ERIC BEREHOLM

I, Eric Bereholm, declare as follows:

1.      I have been the owner of a home located at 2120 Spring Meadows Ct., Virginia Beach, Virginia  23456 since July, 2007.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in March, 2009, I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

4.      In June, 2009, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on April, 2010 and ending on June, 2010.

6.      I accepted BAC Home Loans Servicing, LP's offer on March, 2010.  I did this by returning the signed TPP Agreement to BAC Home Loans Servicing, LP.  A true and correct copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF ERIC BEREHOLM – 1

010176-16  437028 V1

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.      It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.      Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.      I made 5 additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.      On November, 2010, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.      Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.      I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.      I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March _____, 2011.


_____

DECLARATION OF ERIC BEREHOLM – 2

010176-16  437028 V1

accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.     I made ▓▓ additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.     On ▓November 2010▓, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2011.

MEMPHIS DENISE BROWN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES APRIL 30, 2014
COMMISSION # 7370931

March 24, 2011

DECLARATION OF – 2

# TAB 3

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

DECLARATION OF MONIQUE BROWN

I, Monique Brown, declare as follows:

1.      I have been the owner of a home located at 5369 Stone Cove Drive, Atlanta, GA, since August 31, 2007.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in April, 2010, I began to experience financial hardship and ultimately fell behind on my mortgage payments.

4.      In May, 2010, I applied for a HAMP loan modification, providing documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a five month trial period beginning in May, 2010 and ending in October, 2010.

6.      I accepted BAC Home Loans Servicing, LP's offer on May 24, 2010.  I did this by returning the signed TPP Agreement to BAC Home Loans Servicing, LP.  A true and correct copy of a payment coupon for the payments under the TPP is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.



DECLARATION OF MONIQUE BROWN – 1

010176-16  424956 V1

1918 Eighth Avenue, Suite 3300 • Seattle, WA  98101
(206) 623-7292 • FAX (206) 623-0594

8.    My certifications contained in the TPP Agreement were and continue to be accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.    I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.    It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.    Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.    I made one additional payment beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.    On January 4, 2011, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification. On that day I came home from Christmas vacation to find a FedEx package on my door step which contained a Notice of Acceleration.

14.    Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings.

15.    I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised. I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.    I am currently facing the prospect of losing my home and seeking to rent a place [for my family] to live. I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February _21_, 2011.

_Monique Brown_
Monique Brown

DECLARATION OF MONIQUE BROWN – 2

010176-16  424956 V1

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

# EXHIBIT A



**Bank of America**

**Home Loans**

**Account Number** ▮▮6001

Property address
5369 Stonecove Drive

Statement date
10/28/2010

## Important message about your Home Affordable Modification Trial Period Plan

You are currently participating in a Home Affordable Modification Trial Period Plan.  During this Trial Period, you may make your monthly payments at the Trial Period monthly payment amount, which is **$1,686.33** instead of the amount shown on this statement

You will continue to receive monthly statements during your Trial Period Plan that will show the payment amount based on your original home loan agreement as your original loan remains in effect and unchanged during the trial period.  You will be notified once we have determined your eligibility for a permanent loan modification.

# TAB 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No. 1:10-md-2193 RWZ

DECLARATION OF HOLLI CIPOWSKI

I, Holli Cipowski, declare as follows:

1.      I have been the owner of a home located at 10906 West Riviera Drive, Spring Grove,
Illinois, 60081, since May 2005.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in 2009, I began to experience financial hardship and became worried that I
would fall behind on my mortgage payments.

4.      In August 2009, I applied for a HAMP loan modification and provided documents to
BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial
Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period
beginning on beginning on September 1, 2009 and ending on November 1, 2009.

6.      I accepted BAC Home Loans Servicing, LP's offer on August 25, 2009.  I did this by
returning the signed TPP Agreement to BAC Home Loans Servicing, LP.  Although I did not
retain a signed copy of the TPP Agreement, a true and correct copy of the TPP that I signed and
sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC
Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF HOLLI CIPOWSKI – 1

010176-16  424058 V1

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.     I made six additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.     On June 3, 2010, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2011.

Holli Cipowski

DECLARATION OF HOLLI CIPOWSKI – 2

010176-16 424058 V1

# EXHIBIT A

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Step One of Two-Step Documentation Process)

Trial Period Plan Effective Date: September 1, 2009
Borrower ("I")[1]: KELLY  CIPOWSKI and HOLLI  CIPOWSKI
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): October 18, 2006
Loan Number:     3829
Property Address ("Property"): 10906 WEST RIVIERA DRIVE , SPRING GROVE, IL 60081

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1. **My Representations**.  I certify, represent to Servicer and agree:

    A   I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B   I live in the Property as my principal residence, and the Property has not been  condemned;

    C   There has been no change in the ownership of the Property since I signed the Loan Documents;

    D   I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

    E   Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

    F   If Servicer requires me to obtain credit counseling, I will do so.

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I".  For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $1,378.05 | September 01, 2009 |
| 2 | $1,378.05 | October 01, 2009 |
| 3 | $1,378.05 | November 01, 2009 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A   TIME IS OF THE ESSENCE under this Plan;

B   Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

C   If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D   The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E   When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F   If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts me; and

    G   I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3. **The Modification**. I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4. **Additional Agreements**. I agree to the following:

    A   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

    B   To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

    C   That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

    D   That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



In Witness Whereof, the Servicer and I have executed this Plan.

_____   Dated:_____
KELLY  CIPOWSKI

_____   Dated:_____
HOLLI  CIPOWSKI

**BAC Home Loans Servicing, LP**

By:   _____

_____
Date

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

## DECLARATION OF KELLY CIPOWSKI

I, Kelly Cipowski, declare as follows:

1.      I have been the owner of a home located at 10906 West Riviera Drive, Spring Grove, Illinois, 60081, since May 2005.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in 2009, I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

4.      In August 2009, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on beginning on September 1, 2009 and ending on November 1, 2009.

6.      I accepted BAC Home Loans Servicing, LP's offer on August 25, 2009.  I did this by returning the signed TPP Agreement to BAC Home Loans Servicing, LP.  Although I did not retain a signed copy of the TPP Agreement, a true and correct copy of the TPP that I signed and sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF KELLY CIPOWSKI – 1

010176-16  424058 V1

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.     I made six additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.     On June 3, 2010, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised. I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live. I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2011.

Kelly Cipowski

DECLARATION OF KELLY CIPOWSKI – 2

010176-16  424058 V1

# EXHIBIT A

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Step One of Two-Step Documentation Process)

Trial Period Plan Effective Date: September 1, 2009

Borrower ("I")[1]: KELLY CIPOWSKI and HOLLI CIPOWSKI

Servicer ("Servicer"): BAC Home Loans Servicing, LP

Date of first lien Security Instrument ("Mortgage") and Note ("Note"): October 18, 2006

Loan Number:    3829

Property Address ("Property"): 10906 WEST RIVIERA DRIVE , SPRING GROVE, IL 60081

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1. **My Representations**. I certify, represent to Servicer and agree:

    A   I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B   I live in the Property as my principal residence, and the Property has not been condemned;

    C   There has been no change in the ownership of the Property since I signed the Loan Documents;

    D   I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

    E   Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

    F   If Servicer requires me to obtain credit counseling, I will do so.

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



2. **The Trial Period Plan**. On or before each of the following due dates, I will pay the Servicer the amount set forth below. real estate taxes, insurance premiums and other fees, if any, of U.S. \$1,378.05.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | \$1,378.05 | September 01, 2009 |
| 2 | \$1,378.05 | October 01, 2009 |
| 3 | \$1,378.05 | November 01, 2009 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A  TIME IS OF THE ESSENCE under this Plan;

B  Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

C  If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D  The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E  When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F  If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and as permitted by applicable law; and

G   I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3.  **The Modification**. I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4.  **Additional Agreements**. I agree to the following:

A   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

B   To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

C   That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

D   That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

**BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.**
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



In Witness Whereof, the Servicer and I have executed this Plan.

_____     Dated:_____
KELLY  CIPOWSKI

_____     Dated:_____
HOLLI  CIPOWSKI




_____

**BAC Home Loans Servicing, LP**

By:    _____


_____

Date

**BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.**
**HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN**–Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT **Form 3156 3/09**



# TAB 5

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

DECLARATION OF NORMAN COMIA

I, Norman Comia, declare as follows:

1.      I have been the owner of a home located at 1454 Ashland Avenue, Claremont, CA 91711 since 2005.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in 2008, I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

4.      In May, 2009, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on October 1, 2009 and ending on December 1, 2009.

6.      I accepted BAC Home Loans Servicing, LP's offer by returning the signed TPP Agreement to BAC Home Loans Servicing, LP before the due date.  A true and correct copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF NORMAN COMIA – 1

010176-16  431123 V1

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.      It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.      Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.      I made fifteen additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.      On June 3, 2010, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.      Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.      I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.      I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March _16_, 2011.

Norman Comia
_____
Norman Comia

DECLARATION OF NORMAN COMIA – 2

010176-16 431123 V1

# EXHIBIT A



Bank of America 💠 Home Loans

Loan # ███0312

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Mortgage Servicer Copy 1)

Trial Period Plan Effective Date: October 1, 2009
Borrower ("I")[1]: NORMAN  COMIA and CORRINA  COMIA
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): April 25, 2005
Loan Number: ███0312
Property Address ("Property"): 1454 ASHLAND AVENUE, CLAREMONT, CA 91711

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1. **My Representations.** I certify, represent to Servicer and agree:

    A   I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B   I live in the Property as my principal residence, and the Property has not been  condemned;

    C   There has been no change in the ownership of the Property since I signed the Loan Documents;

    D   I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



 

E   Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

F   If Servicer requires me to obtain credit counseling, I will do so.

2. **The Trial Period Plan**.  On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $2,727.80.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $2,727.80 | October 01, 2009 |
| 2 | $2,727.80 | November 01, 2009 |
| 3 | $2,727.80 | December 01, 2009 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A   TIME IS OF THE ESSENCE under this Plan;

B   Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

C   If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale.  If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D   The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full.  If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E   When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



 

Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F   If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G   I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3.   **The Modification.**  I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4.   **Additional Agreements.**  I agree to the following:

A   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

B   To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

C   That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

D   That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



# TAB 6

1                                        HONORABLE RYA W. ZOBEL

2

3

4

5

6

7                             UNITED STATES DISTRICT COURT,
                              DISTRICT OF MASSACHUSETTS

8

9  IN RE BANK OF AMERICA HOME
     AFFORDABLE MODIFICATION PROGRAM
10 (HAMP) CONTRACT LITIGATION        No. 1:10-md-2193 RWZ

11

12

13                   DECLARATION OF CRISTINA L. CONROY

14

15  I, Christina L. Conroy, declare as follows:

16  1.      I have been the owner of a home located at 749 Granite Hills Circle, El Cajon, CA
    92019 since May 19, 2004.

17

18  2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

19  3.      Starting in 2008, I began to experience financial hardship due to my husband becoming
    disabled and became worried that I would fall behind on my mortgage payments.

20  4.      In 2009, I applied for a HAMP loan modification and provided documents to BAC
    Home Loans Servicing, LP verifying my financial circumstances.

21

22  5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial
    Period Plan (TPP) Agreement. The TPP Agreement contemplated a three month trial period
    beginning on March 1, 2010 and ending on May 1, 2010.

23

24  6.      I accepted BAC Home Loans Servicing, LP's offer on February 9, 2010. I did this by
    returning the signed TPP Agreement to BAC Home Loans Servicing, LP. A true and correct
    copy of the TPP that I sent is attached as Exhibit A.

25

26  7.      I made each of the payments called for in the TPP Agreement in full and on time. BAC
    Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF CRISTINA L. CONROY – 1

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.      It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.      Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.      I made five additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.      In November. 2010, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.      Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.      I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.      I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2011.

Cristina L. Conroy

DECLARATION OF CRISTINA L. CONROY – 2

010176-16 434781 V1

# EXHIBIT A

**Section 2a:** Home Affordable Modification Trial Period Plan
Mortgage Servicer Copy 1

**Bank of America**  **Home Loans**

Investor Loan # ████9209

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Mortgage Servicer Copy 1)

Trial Period Plan Effective Date: March 1, 2010
Borrower ("I")[1]: CRISTINA L. CONROY
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): May 19, 2004
Loan Number: ████9209
Property Address ("Property"): 749 GRANITE HILLS CIRCLE, EL CAJON, CA 92019

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue
to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification
Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement
(1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note
together, as they may previously have been amended, are referred to as the "Loan Documents."
Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan
Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage
payment and documents to permit verification of all of my income (except that I understand that I am not
required to disclose any child support or alimony unless I wish to have such income considered) to
determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign
and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I
qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take
effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with
the Servicer's signature.

1. **My Representations.** I certify, represent to Servicer and agree:

   A   I am unable to afford my mortgage payments for the reasons indicated in my Hardship
       Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan
       Documents in the near future, and (ii) I do not have sufficient income or access to sufficient
       liquid assets to make the monthly mortgage payments now or in the near future;

   B   I live in the Property as my principal residence, and the Property has not been condemned;

   C   There has been no change in the ownership of the Property since I signed the Loan
       Documents;

   D   I am providing or already have provided documentation for all income that I receive (and I
       understand that I am not required to disclose any child support or alimony that I receive,
       unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this
document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09

8243 10/09

**Section 2a:** Home Affordable Modification Trial Period Plan
Mortgage Servicer Copy 1

**Bank of America** 📈 **Home Loans**

    E  Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

    F  If Servicer requires me to obtain credit counseling, I will do so.

2.  **The Trial Period Plan.**  On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $1,601.00.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $1,601.00 | March 01, 2010 |
| 2 | $1,601.00 | April 01, 2010 |
| 3 | $1,601.00 | May 01, 2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

    A  TIME IS OF THE ESSENCE under this Plan;

    B  Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

    C  If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale.  If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

    D  The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full.  If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

    E  When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



**Section 2a:** Home Affordable Modification Trial Period Plan
Mortgage Servicer Copy 1

**Bank of America** ⬙ Home Loans

F    If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed
copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period
payments required under Section 2 of this Plan; or (iii) the Servicer determines that my
representations in Section 1 are no longer true and correct, the Loan Documents will not be
modified and this Plan will terminate. In this event, the Servicer will have all of the rights and
remedies provided by the Loan Documents, and any payment I make under this Plan shall be
applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G    I understand that the Plan is not a modification of the Loan Documents and that the Loan
Documents will not be modified unless and until (i) I meet all of the conditions required for
modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the
Modification Effective Date has passed. I further understand and agree that the Servicer will
not be obligated or bound to make any modification of the Loan Documents if I fail to meet
any one of the requirements under this Plan.

3. **The Modification.** I understand that once Servicer is able to determine the final amounts of unpaid
interest and any other delinquent amounts (except late charges) to be added to my loan balance and
after deducting from my loan balance any remaining money held at the end of the Trial Period under
Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the
requirements in Section 2 and my representations in Section 1 continue to be true in all material
respects, the Servicer will send me a Modification Agreement for my signature which will modify my
Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges
accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall
terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the
terms between the Servicer and me for the remaining term of the loan.

4. **Additional Agreements.** I agree to the following:

A    That all persons who signed the Loan Documents or their authorized representative(s) have
signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived
this requirement in writing.

B    To comply, except to the extent that they are modified by this Plan, with all covenants,
agreements, and requirements of Loan Documents, including my agreement to make all
payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all
other payments, the amount of which may change periodically over the term of my loan.

C    That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if
any, has been revoked, and I have been advised of the amount needed to fully fund my
Escrow Account.

D    That all terms and provisions of the Loan Documents remain in full force and effect; nothing
in this Plan shall be understood or construed to be a satisfaction or release in whole or in
part of the obligations contained in the Loan Documents. The Servicer and I will be bound
by, and will comply with, all of the terms and provisions of the Loan Documents.



**Section 2a:** Home Affordable Modification Trial Period Plan
Mortgage Servicer Copy 1

**Bank of America** Home Loans

In Witness Whereof, the Servicer and I have executed this Plan.

Dated: 2/9/10

CRISTINA L. CONROY

BAC Home Loans Servicing, LP

By: _____

Date _____

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8243 10/09

# TAB 7

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

DECLARATION OF MONIKA COULTER

I, Monika Coulter, declare as follows:

1.      I have been the owner of a home located at 6556 North Concord Ave., Portland, OR 97217 since 2001.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in November, 2009,  I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

4.      In March, 2010, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on April 1, 2010 and ending on June 1, 2010.

6.      I accepted BAC Home Loans Servicing, LP's offer on March 25, 2010.  I did this by returning the signed TPP Agreement to BAC Home Loans Servicing, LP.  A true and correct copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF MONIKA COULTER– 1

010176-16 432538 V1

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.     I made nine, additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.     On January 25, 2011, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March ___, 2011.

_Monika Coulter_

Monika Coulter

DECLARATION OF MONIKA COULTER– 2

010176-16 432538 V1

**EXHIBIT A**

**Section 2e:** Home Affordable Modification Trial Period Plan Customer Copy

Bank of America 🇺🇸 Home Loans

Investor Loan # ▮▮▮▮0314

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Customer Copy)

Trial Period Plan Effective Date: April 1, 2010
Borrower ("I")[1]: MONIKA COULTER
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): April 16, 2007
Loan Number: ▮▮▮▮8636
Property Address ("Property"): 6556 NORTH CONCORD AVENUE, PORTLAND, OR 97217

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1.  **My Representations.** I certify, represent to Servicer and agree:

     A   I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

     B   I live in the Property as my principal residence, and the Property has not been condemned;

     C   There has been no change in the ownership of the Property since I signed the Loan Documents;

     D   I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



   E  Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

   F  If Servicer requires me to obtain credit counseling, I will do so.

2.  **The Trial Period Plan.**  On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $1,181.32:

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $1,181.32 | April 01, 2010 |
| 2 | $1,181.32 | May 01, 2010 |
| 3 | $1,181.32 | June 01, 2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

   A  TIME IS OF THE ESSENCE under this Plan;

   B  Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

   C  If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

   D  The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

   E  When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



**Section 2c:** Home Affordable Modification Trial Period Plan
Customer Copy

**Bank of America** Home Loans

F  If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G  I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3. **The Modification.** I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4. **Additional Agreements.** I agree to the following:

    A  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

    B  To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

    C  That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

    D  That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 1/09



**Section 2c:** Home Affordable Modification Trial Period Plan
Customer Copy

Bank of America 🏠 Home Loans

The Servicer and I have executed this Plan.

*Monika Coulter*   Dated: 3/25 /2010
MONIKA COULTER

**BAC Home Loans Servicing, LP**

By: _____

Date _____

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



# TAB 8

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No. 1:10-md-2193-RWZ

## DECLARATION OF WILLIAM CULLITON

I, William Culliton, declare as follows:

1.      I have been the owner of a home located at 11014 428th St. East, Eatonville, WA, since 1998.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in 2009, I began to experience financial hardship and was concerned that I would fall behind on my mortgage payments.

4.      In October, 2009, I applied for a HAMP loan modification, providing documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on January 1, 2010 and ending on March 1, 2010.

6.      I accepted BAC Home Loans Servicing, LP's offer by making the new payment amount as directed.  I returned the signed TPP agreement to BAC Home Loans Servicing, LP before the January 1, 2010 deadline.  A true and correct copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement.

DECLARATION OF WILLIAM CULLITON – 1

010176-16 424152 V1

8.      My certifications contained in the TPP Agreement were and continue to be accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.     I made seven additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.     On October 5, 2010 I was notified by a letter from BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification. The denied my request for a HAMP permanent modification because of a negative Net Present Value calculation.

14.     Subsequently, BAC Home Loans Servicing, LP has sent me a Notice to Accelerate dated October 13, 2010.

15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 22, 2011.

William Culliton

DECLARATION OF WILLIAM CULLITON - 2

010176-16 424152 V1

# EXHIBIT A



**Bank of America** 🇺🇸 Home Loans

Investor Loan # ▓▓▓2452

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Customer Copy)

Trial Period Plan Effective Date: January 1, 2010
Borrower ("I")[1]: WILLIAM CULLITON and DOROTHY L CULLITON
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): May 26, 2006
Loan Number: ▓▓▓2452
Property Address ("Property"): 11014 428TH STREET EAST, EATONVILLE, WA 98328

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue
to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification
Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement
(1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note
together, as they may previously have been amended, are referred to as the "Loan Documents."
Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan
Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage
payment and documents to permit verification of all of my income (except that I understand that I am not
required to disclose any child support or alimony unless I wish to have such income considered) to
determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign
and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I
qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take
effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with
the Servicer's signature.

1.  **My Representations.** I certify, represent to Servicer and agree:

    A    I am unable to afford my mortgage payments for the reasons indicated in my Hardship
         Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan
         Documents in the near future, and (ii) I do not have sufficient income or access to sufficient
         liquid assets to make the monthly mortgage payments now or in the near future;

    B    I live in the Property as my principal residence, and the Property has not been condemned;

    C    There has been no change in the ownership of the Property since I signed the Loan
         Documents;

    D    I am providing or already have provided documentation for all income that I receive (and I
         understand that I am not required to disclose any child support or alimony that I receive,
         unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this
document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

Section 2c. Home Affordable Modification Trial Period Plan, Customer Copy

**Bank of America**  Home Loans

E    Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

F    If Servicer requires me to obtain credit counseling, I will do so.

2.   **The Trial Period Plan.** On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $1,112.28.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $1,112.28 | January 01, 2010 |
| 2 | $1,112.28 | February 01, 2010 |
| 3 | $1,112.28 | March 01, 2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A    TIME IS OF THE ESSENCE under this Plan;

B    Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

C    If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D    The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E    When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09

**Section 2C. Home Affordable Modification Trial Period Plan — Customer Copy**     **Bank of America ⟢ Home Loans**

 F If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

 G I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3. **The Modification.** I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4. **Additional Agreements.** I agree to the following:

  A That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

  B To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

  C That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

  D That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

**Section 2c: Home Affordable Modification Trial Period Plan**
**S... Remit Copy**

**Bankof America** 〈〉 Home Loans

In Witness Whereof, the Servicer and I have executed this Plan.

_William Culliton_      Dated: _____

**WILLIAM CULLITON**

Dated: _____

**DOROTHY L CULLITON**

_____

**BAC Home Loans Servicing, LP**

By: _____

Date

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

**TAB 9**

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

## DECLARATION OF DEBRA DAHLMER

I, Debra Dahlmer, declare as follows:

1.      I have been the owner of a 3-family home located at 34 Millett Street, Gloucester, Massachusetts 01930 since around 1993.

2.      I am a 56 year old widow.  My husband died in 2008.  I am legally blind in my left eye and have no peripheral vision in my right eye.  I am disabled and have diabetes.

3.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

4.      Starting in 2008 I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

5.      In 2009 I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

6.      In response to this application, BAC Home Loans Servicing, LP verbally offered me a HAMP Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on March 1, 2010 and ending on May 31, 2010.

7.      I accepted BAC Home Loans Servicing, LP's offer on March 2, 2010 when I learned of it during a telephone conversation with BAC.  I did this verbally.  I was told by BAC that BAC would send me a written HAMP TPP Agreement reflecting the HAMP TPP offer they made and that I verbally accepted.  They instructed me to begin making my HAMP TPP payments under that agreement immediately.

DECLARATION OF  DEBRA DAHLMER

010176-16 424058 V1

8.     I was current on my mortgage payments through and including my regular mortgage payment due 3/1/10.

9.     I made each of the reduced payments called for in the verbal TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.

10.     Despite having been current on my mortgage when I entered the trial period and despite making all of my TPP payments in full and on-time, BAC began making negative reports to credit reporting agencies claiming I was "past due" or "delinquent".  BAC continued to do this despite my protests to BAC and my protests to the credit reporting agencies.  BAC has refused to immediately correct the erroneous negative information it reported.  My credit has been harmed by BAC.

11.     I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

12.     I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

13.     It was my understanding that if I complied with the verbal HAMP TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

14.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

15.     I made additional payments every month beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

16.     By letter dated January 15, 2011 BAC sent me a written HAMP Trial Period Plan rather than the permanent HAMP loan modification I was promised.  This second Trial Period Plan was effective February 1, 2011 and changed my TPP payment amount from $1,122.19 to $1,114.76/month.  The second TPP period was for the months February, March and April, 2011.  A true and correct copy of the TPP that I received is attached as Exhibit A.

17.     I accepted BAC Home Loans Servicing, LP's offer in January, 2011 and have timely made all three (3) payments called for under that second TPP agreement.

18.     BAC required me to do credit counseling which I did.

19.     BAC has not notified me in writing that am being denied a permanent HAMP loan modification following my entry into the second HAMP TPP.

20.     BAC Home Loans Servicing, LP sent me a February 28, 2011 *Notice of Intention to Foreclose* despite me being in a HAMP TPP and not having been denied a HAMP permanent loan modification.

21.     I have been informed that my account has been assessed hundreds of dollars in fees and charges that are more than I would have been charged if I had been given a permanent

DECLARATION OF  DEBRA DAHLMER

1   modification complying with HAMP rules as promised.  I also believe that my credit score has
2   been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has
    made.

3   22.     I am currently facing the prospect of losing my home and seeking to rent a place for my
    family to live.  I understand that finding a rental will be more difficult and more expensive with
4   damaged credit.

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed on April __4__, 2011.

                                                    _Debra Dahlmer_____
                                                    Debra Dahlmer

DECLARATION OF  DEBRA DAHLMER

010176-16  424058 V1

# EXHIBIT A



**You're on your way toward
an affordable mortgage payment.**

**To accept our offer,
make your first payment today.**



DEBRA M DAHLMER
34 Millett St
Gloucester, MA 01930

**Loan Number:** ___0442                                                                                             January 15, 2011

Dear DEBRA M DAHLMER:

We are pleased to tell you that **you are approved to enter into a trial period plan under the Home Affordable Modification Program.** This is the next step toward qualifying for more affordable and sustainable mortgage payments. Please read this letter so that you understand all the steps you need to take to permanently modify your mortgage, starting with your first trial payment. **Remember, there are no fees associated with this program.**

**What you need to do**
To accept this offer you must make new monthly "trial period payments" in place of your normal monthly mortgage payment. Send in your monthly trial period payments---**instead of your normal monthly mortgage payments**—as follows:

|                | |            |
|----------------|-----------|------------|
| 1st payment:   | $1,114.76 | by 02/01/11 |
| 2nd payment:   | $1,114.76 | by 03/01/11 |
| 3rd payment:   | $1,114.76 | by 04/01/11 |

Payment coupons are included in this package if you wish to send your payment in the mail, or you can call us at 1.800.669.6650 and we can deduct your payment directly from your checking account. There are no fees to make your payment by phone.

If you do not make each trial payment in the month in which it is due, your loan will not be modified under the Home Affordable Modification Program. Please also note that your existing loan requirements remain in effect and unchanged during the trial period.

If you successfully make all of your Trial Period Plan payments, complete housing counseling (as explained on the enclosed page entitled "Housing Counseling") and return any additional documents that may be required, you may receive a Modification Agreement defining your loan modification terms that must be signed, notarized and returned to us. At that time, your modification will be officially permanent.

If you have any questions, if you cannot afford the trial period payments shown above but want to remain in your home, or if you have decided to leave your home but still want to avoid foreclosure, please call us at **1.800.669.6650:**
Monday – Thursday 8 a.m. – 12 midnight Eastern
Friday 8 a.m. – 10 p.m. Eastern
Saturday 8 a.m. – 6 p.m. Eastern
Sunday 3 p.m. – midnight Eastern

We are glad you have been accepted into a trial period plan with the Home Affordable Modification Program. Start it today by making your first payment.

Home Loan Team
BAC Home Loans Servicing, LP                                         **Bank of America** 〰 **Home Loans**

**Trial Period Mortgage Payment Coupons:**

Your trial period payments in the amount of $1,114.76 will be due no later than 02/01/11, 03/01/11 and 04/01/11.   Please note that these payments should be sent instead of - not in addition to - your regular monthly mortgage payment.

---

Please detach and include with your third month's trial period mortgage payment:     **Bank of America** 〰〰 Home Loans

DEBRA M DAHLMER
34 MILLETT ST
GLOUCESTER, MA 01930

Loan # ███ 0442
Enclosed is my trial period mortgage payment amount of $1,114.76.

Send your payment to:     BAC Home Loans Servicing, LP
Payment Processing
PO Box 660833
Dallas, TX 75266-0833

---

Please detach and include with your second month's trial period mortgage payment:     **Bank of America** 〰〰 Home Loans

DEBRA M DAHLMER
34 MILLETT ST
GLOUCESTER, MA 01930

Loan # ███ 0442
Enclosed is my trial period mortgage payment amount of $1,114.76.

Send your payment to:     BAC Home Loans Servicing, LP
Payment Processing
PO Box 660833
Dallas, TX 75266-0833

---

Please detach and include with your first month's trial period mortgage payment:     **Bank of America** 〰〰 Home Loans
(If you have already made your first month's trial period mortgage payment, please disregard this coupon.)

DEBRA M DAHLMER
34 MILLETT ST
GLOUCESTER, MA 01930

Loan # ███ 0442
Enclosed is my trial period mortgage payment amount of $1,114.76.

Send your payment to:     BAC Home Loans Servicing, LP
Payment Processing
PO Box 660833
Dallas, TX 75266-0833

**FREQUENTLY ASKED QUESTIONS**   Get the answers you need to some of the most common questions.

**Q.** **What else should I know about this offer?**
- If you make your new payments on time each month, **we will not conduct a foreclosure sale.**
- You will not be charged any fees for this Trial Period Plan or final modification.
- If your mortgage is modified under this program, we will waive all unpaid late charges.
- Staying current on your payments is the best way to maintain your credit score. However, by entering into a modification, your credit score may be negatively impacted. Your loan will be reported as paying under a partial payment plan during the trial plan, and as modified if you enter into a final modification agreement. Credit scores are determined by the credit bureaus and are not controlled directly by Bank of America beyond our commitment to accurately report the status of all our customers. Visit ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm for more information about your credit score.
- You may be required to attend credit counseling.

**Q.** **Why is there a trial period?**
The trial period offers you immediate payment relief. Making all of your payments during this trial period will demonstrate that you can afford the modified payments and that they work within your budget. Note: This is only a temporary Trial Period Plan. Your existing loan requirements remain in effect and unchanged during the trial period and you will continue to receive monthly statements that will show the payment amount based on your original home loan agreement. However, please pay the new trial period payment amount instead of your original payment amount.

**Q.** **How was my new payment in the trial period determined?**
Your trial period payment is approximately 31% of your total gross monthly income, which your financial documents indicate is $3,596.00. The new payment includes principal and interest and an escrow amount of $443.54 to pay property taxes, insurance and other permissible escrow fees. If we were able to modify your loan today, based on the information you gave us, we estimate your modified interest rate would be 2.000%. If we modify your loan permanently after the trial period, the interest rate may be different due to a variety of factors that affect the terms of your final modification.

If you did not have an escrow account before, the timing of your tax and insurance bills may require that you make a payment to cover any such bills when they come due. This is known as an escrow shortage. Your loan has an escrow shortage of $1,240.99; this can either be paid in a lump sum when the loan is modified or over the next 5 years (or 60 months). If you wish to pay the total shortage as a lump sum, please contact us.

**Q.** **When will I know if my loan can be modified permanently and how will the modified loan balance be determined?**
If you make all of your Trial Period Plan payments on time, return any additional documents that we may require, and agree to participate in housing counseling as described on the enclosed page entitled "Housing Counseling", you may receive a modification agreement detailing the terms of the modified loan. Any difference between the amount of the Trial Period Plan payments and your regular home loan payments will be added to the balance of your loan along with any other past due amounts as permitted by your loan documents. While this will increase the total amount that you owe, it should not significantly change the amount of your modified mortgage payment as that is determined based on your total monthly gross income, not your loan balance.

**Q.** **What happens to my trial period payments if I do not comply with the terms of the Trial Period Plan?**
Your trial period payments will be applied to your existing loan according to the terms of your loan documents.

**Q.**   **Are there incentives that I may qualify for if I am current with my new payments?**
If your loan is modified, you can earn a pay-for-success incentive for every month that you make on-time payments beginning with the trial period payments. Depending on your modified monthly payment, you may accrue up to $1,000 each year for five years for a total of $5,000. This important benefit, *which will be applied to your principal balance each year after the anniversary date of your first trial period payment due date,* will help you earn equity in your home by reducing the amount that you owe. However, you must remain current on your loan. You will lose this benefit if your modified loan becomes 90 days past due at any time during this five year period. If you lose this benefit, you will lose all accrued, unapplied incentive payments.

**Q.**   **Will my interest rate and principal and interest payment be fixed after my loan is permanently modified?**
If your loan is modified, your interest rate and monthly principal and interest payment will be fixed for the life of your loan <u>**unless**</u> your initial modified interest rate is below current market interest rates. In that case, the below market interest rate will be fixed for five years. At the end of the fifth year, your interest rate may increase by 1% per year until it reaches a cap. The cap will equal the market rate of interest being charged by mortgage lenders on the day your modification agreement is prepared (the Freddie Mac Primary Mortgage Market Survey Rate for 30-year, fixed-rate conforming mortgages). Once your interest rate reaches the cap it will be fixed for the remaining life of your loan. Like your trial period payment, your new monthly payment will also include an escrow for property taxes, hazard insurance and other escrowed expenses. If the cost of your homeowners insurance, property tax assessment or other escrowed expenses changes, your monthly payment will change as well.

**Q.**   **How low can my interest rate go?**
Your interest rate may be reduced to as low as 2%, if necessary, to achieve a payment that you can afford.  It will only be reduced to a point sufficient to reach a modified payment equal to 31% of your gross monthly income (your income before taxes). Not all borrowers will need a rate reduction to 2% to achieve a monthly mortgage payment that is affordable.

**Q.**   **What happens if that is not enough to get to an affordable payment?**
If a 2% interest rate does not result in a payment that is affordable (no more than 31% of your gross monthly income), we may:
- Extend the payment term or maturity date of your loan up to 40 years from the effective date of your permanent modification. If your loan is not eligible for an extension of the payment term, your payment may be calculated over a longer period of time, but your maturity date will remain the same. This may result in a balloon -- or lump sum -- payment which is due when you pay off your loan, refinance, or sell your home.
- Defer a portion of the principal amount you owe until the maturity of the loan. This is called principal forbearance. This deferred amount will not accrue interest and must be repaid when you pay off your loan, refinance, or sell your home.
- Forgive a portion of the principal amount you owe before and/or after we take any of the other steps mentioned above.

**Q.**   **Could I end up with a balloon payment?**
Yes. If principal forbearance (see definition above) is required to achieve an affordable monthly mortgage payment, the principal forbearance amount would not be part of the interest-bearing, unpaid principal balance on your loan, but you would still be responsible for the balance. That amount would constitute a balloon payment that does not accrue interest and is not due until you pay off your loan, refinance or sell your home. In addition, if your loan term cannot be extended, but your payment is calculated over a longer term, there will be additional principal owed when you pay off your loan, refinance, or sell your home.

**Q.**   **What happens if I am unable to make payments during the trial period?**
If you are unable to make each payment in the month in which it is due, you will not be eligible for a modification under the Home Affordable Modification Program. However, you may be eligible for other foreclosure-prevention options.

**Q.**   **Is housing counseling required for a modification under the Home Affordable Modification Program?**
Borrowers whose payments are past due are strongly encouraged to contact a housing counselor approved by the U.S. Department of Housing and Urban Development (HUD) to help them understand all of their options and to create a workable budget plan. These services offered by HUD-approved housing counselors are free. Housing counseling is required for borrowers whose total monthly debts are very high in relation to their income (equal to or more than 55% of their gross monthly income). If counseling is required for you, a page entitled "Housing Counseling" will be included in this package. If this page is not included, counseling is not required.

**Q.**   **How will a modification of my loan affect the Mortgage Insurance on my loan?**
Mortgage Insurance (MI) is typically required on loans for which the original loan amount is greater than 80% of the original value of the property. MI coverage protects lenders and investors against a financial loss when borrowers default.

If you did not already have MI on your loan before the modification, you will not be required to obtain it as a result of the modification. If you currently have MI and the modified principal balance of your loan exceeds the original principal balance, your MI premiums may increase, causing your payment to increase. Furthermore, the date that you may request cancellation of the MI may change. For loans on single-family primary residences, federal law allows you to request that MI be canceled on either:
- the date the principal balance on your loan is scheduled to reach 80% of the original value of the property, or
- the date the principal balance is reduced to 80% of the original value of the property based on actual payments.

**Q.**   **Are there additional resources where I can find information about the Home Affordable Modification Program?**
Call the Homeowner's HOPE™ Hotline at **1.888.995.HOPE (4673)**. This Hotline can help with questions about the program and offers access to free HUD-certified counseling services in English and Spanish.

888-995-HOPE™
Homeowner's HOPE™ Hotline

**Q.**   **What if I am aware of fraud, waste, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program?**

You may contact SIGTARP online at sigtarp.gov, via email at Sigtarp.hotline@do.treas.gov, or toll free at 1.877.SIG.2009. Mail can be sent to: Office of the Special Inspector General for Troubled Asset Relief Program Hotline at 1500 Pennsylvania Avenue NW, Suite 1064, Washington, DC 20220.

### Additional Trial Period Plan Information and Legal Notices

The terms of your trial period plan below are effective on the day you make your first trial period payment, provided you have paid it on or before February 1, 2011. You and we agree that:

**We will not proceed to foreclosure sale during the trial period, provided you are complying with the terms of the trial period plan, except as detailed below:**

- During the trial period, any pending foreclosure action or proceeding will not be dismissed and may be immediately resumed if you fail to comply with the terms of the trial period plan. A new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will not be necessary to continue the foreclosure action (foreclosure notices). You waive any and all rights to receive such foreclosure notices to the extent permitted by applicable law. However, if your property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and foreclosure may proceed if you do not make each and every trial period payment that is due through the end of the month preceding the month in which the foreclosure sale is scheduled to occur. For example, if a foreclosure sale is scheduled in February and you do not make your January and any earlier required trial period payment by the end of January, the foreclosure sale may proceed in these four states. If a foreclosure sale occurs pursuant to this provision, the trial period plan will be deemed to have terminated.

**During the trial period, we may accept and post your trial period payments to your account and it will not affect foreclosure proceedings that have already been started.**

- The servicer's acceptance and posting of your new payment during the trial period will not be deemed a waiver of the acceleration of your loan or foreclosure action and related activities, and shall not constitute a cure of your default under your loan unless such payments are sufficient to completely cure your entire default under your loan.

**If your previous monthly payment did not include escrows for taxes and insurance, your new trial period plan now requires an escrow account.**

- You agree that any prior waiver that allowed you to pay directly for taxes and insurance is revoked. You agree to establish an escrow account and to pay required escrows into that account.

**Your current loan documents remain in effect; however, you may make the trial period payment instead of the payment required under your loan documents:**

- You agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect and you will comply with those terms; and that nothing in the trial period plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents.

**IMPORTANT PROGRAM INFO**   Here's what you need to know about the Home Affordable Modification program.

### Housing Counseling

When you applied for a loan modification under the Housing Affordable Modification Program, we analyzed your monthly debts, including the amount you will owe on the new mortgage payment after it is modified, as well as payments on a second mortgage, car loans, credit cards or child support. Since the sum of all of these recurring monthly expenses is equal to or more than 55% of your gross monthly income, you must agree to participate in housing counseling provided by a housing counselor approved by the U.S. Department of Housing and Urban Development (HUD) as a condition of receiving a modification under the Home Affordable Modification Program. **This counseling is provided at no cost to you.**

Counselors will work with you to create a household budget and develop an action plan to reduce your household debts. Your housing counselor will also provide you support during the loan modification process.

**Your may choose from the two available housing counseling options:**

- Select a HUD-approved housing counseling agency by going to: http://www.hud.gov/offices/hsg/sfh/hcc/fc/. The available agencies are listed by state and can provide you with in-person counseling or counseling by phone.

- Or, select counseling by phone through the HOPE Hotline by calling 1.888.995.HOPE. This is an on-demand counseling service that is available 24 hours a day/7 days a week. The HOPE Hotline is available in English or Spanish (other languages are available on request).

Whichever option you select, the housing counseling services will be **FREE** to you. It is **your responsibility** to contact one of these counseling agencies. Also, it is a requirement in order to receive your loan modification.

# Unique Loan # ████████ 4507

**Shipping :**

DEBRA M DAHLMER

34 Millett St

Gloucester, MA 01930



**Important Information for
Bank of America
and Countrywide
Home Loans Customers**

Bank of America ◢◢◢ Home Loans

**Shipping Label**



████████ 4507

Letter Pages: 8

Legal Pages: 0