**TAB 10**

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No. 1:10-md-2193 RWZ

DECLARATION OF KRISTALL MARIE DAVIS

I, Kristall Marie Davis, declare as follows:

1.      I have been the owner of a home located at 11833 Kentucky Ave. N., Champlin, Minnesota since April, 1991.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in late 2008, I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

4.      In 2009, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on November 1, 2009 and ending on January, 2010.

6.      I accepted BAC Home Loans Servicing, LP's offer on October 27, 2009.  I did this by returning the signed TPP Agreement to BAC Home Loans Servicing, LP.  A true and correct copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF KRISTALL MARIE DAVIS– 1

010176-16 436636 V1

8.    My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.    I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.    It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.    Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.    I made at least six additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.    On March 31, 2011, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.    Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.    I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.    I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March **31**, 2011.

Kristall Marie Davis

DECLARATION OF KRISTALL MARIE DAVIS– 2

010176-16 436636 V1

EXHIBIT A

**Section 2a:** Home Affordable Modification Trial Period Plan Customer Copy

Bank of America 🦅 Home Loans

Investor Loan # ▉▉▉1921

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Customer Copy)

Trial Period Plan Effective Date: November 1, 2009
Borrower ("I")[1]: KRISTALL MARIE DAVIS
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): May 31, 2006
Loan Number: ▉▉▉9595
Property Address ("Property"): 11833 KENTUCKY AVENUE, CHAMPLIN, MN 55316

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1.  **My Representations.** I certify, represent to Servicer and agree:

    A   I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B   I live in the Property as my principal residence, and the Property has not been condemned;

    C   There has been no change in the ownership of the Property since I signed the Loan Documents;

    D   I am providing or already have provided documentation for all income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

------

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mae UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

**Section 2c: Home Affordable Modification Trial Period Plan Customer Copy**    **Bank of America** 〰️ Home Loans

    E   Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

    F   If Servicer requires me to obtain credit counseling, I will do so.

2.  **The Trial Period Plan.** On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $1,138.22.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|:---:|:---:|:---:|
| 1 | $1,138.22 | November 01, 2009 |
| 2 | $1,138.22 | December 01, 2009 |
| 3 | $1,138.22 | January 01, 2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

    A   TIME IS OF THE ESSENCE under this Plan;

    B   Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

    C   If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

    D   The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

    E   When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



**Section 2c: Home Affordable Modification Trial Period Plan Customer Copy**                    **Bank of America** Home Loans

Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F   If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G   I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3.  **The Modification.** I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4.  **Additional Agreements.** I agree to the following:

A   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

B   To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

C   That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

D   That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.



8245 10/09

**Section 2c:** Home Affordable Modification Trial Period Plan
**Customer Copy**

Bank of America 🇺🇸 Home Loans

In Witness Whereof, the Servicer and I have executed this Plan.

*Kristall Marie Davis*   Dated: 10-27-2009

KRISTALL MARIE DAVIS

BAC Home Loans Servicing, LP

By: _____

_____
Date

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

# TAB 11

1

HONORABLE RYA W. ZOBEL

2

3

4

5

6

7

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

8

9   IN RE BANK OF AMERICA HOME
    AFFORDABLE MODIFICATION PROGRAM
10  (HAMP) CONTRACT LITIGATION            No.  1:10-md-2193 RWZ

11

12

13

14                    DECLARATION OF JOHN DELIRA

15  I, John Delira, declare as follows:

16  1.      I have been the owner of a home located at 4844 Kenneth Ave., Fair Oaks, CA  95628
    since 2007.

17

18  2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

19  3.      Starting in 2009, I began to experience financial hardship and became worried that I
    would fall behind on my mortgage payments.

20  4.      In late 2009, I applied for a HAMP loan modification and provided documents to BAC
    Home Loans Servicing, LP verifying my financial circumstances.

21

22  5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial
    Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period
    beginning on February 1, 2010 and ending on April 1, 2010.

23

24  6.      I accepted BAC Home Loans Servicing, LP's offer by returning the signed TPP
    Agreement to BAC Home Loans Servicing, LP before the due date.  A true and correct copy of
    the TPP that I sent is attached as Exhibit A.

25

26  7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC
    Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF  JOHN DELIRA– 1

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.      It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.      Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.      I made six additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.      On November 23, 2010, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.      Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.      I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.      I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 23 , 2011.

John F. Delira

DECLARATION OF JOHN DELIRA– 2

# EXHIBIT A



Section 2a: Home Affordable Modification Trial Period Plan
Mortgage Servicer Copy 1                                    Bank of America

Investor Loan # █████9132

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Mortgage Servicer Copy 1)

Trial Period Plan Effective Date: February 1, 2010
Borrower ("I")[1]: KAREN M DELIRA and JOHNNY F DELIRA
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): October 10, 2007
Loan Number: █████6464
Property Address ("Property"): 4844 KENNETH AVENUE, FAIR OAKS, CA 95628

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1.  **My Representations.**  I certify, represent to Servicer and agree:
    A   I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B   I live in the Property as my principal residence, and the Property has not been condemned;
    C   There has been no change in the ownership of the Property since I signed the Loan Documents;
    D   I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8243 10/09

E   Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

F   If Servicer requires me to obtain credit counseling, I will do so.

2.  **The Trial Period Plan.**  On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $1,538.27.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $1,538.27 | February 01, 2010 |
| 2 | $1,538.27 | March 01, 2010 |
| 3 | $1,538.27 | April 01, 2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A   TIME IS OF THE ESSENCE under this Plan;

B   Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

C   If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale.  If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D   The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full.  If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E   When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8243 10/09

**Section 2a: Home Affordable Modification Trial Period Plan — Mortgage Servicer Copy 1**                    Bank of America

F    If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G    I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3.    **The Modification.** I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4.    **Additional Agreements.** I agree to the following:

A    That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

B    To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

C    That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

D    That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8243 10/09

**TAB 12**

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No. 1:10-md-2193 RWZ

DECLARATION OF MELANIE DENZER

I, Melanie Denzer, declare as follows:

1.      I have been the owner of a home located at 10461 Millbrook Dr., Pensacola, FL since May 21, 2007.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in 2009, I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

4.      In December, 2009, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on February 1, 2010 and ending on April 1, 2010.

6.      I accepted BAC Home Loans Servicing, LP's offer by returning the signed TPP Agreement to BAC Home Loans Servicing, LP before the due date of February 1, 2010.  A true and correct copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.      It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.      Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.      I made ___10___ additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.      On [date], I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification. [describe method of notice and reason given].

14.      Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home. [Add in any details on Foreclosure – sale date, etc.].

15.      I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised. I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.      I am currently facing the prospect of losing my home and seeking to rent a place [for my family] to live. I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March _23_, 2011.

Melanie Denzer

# EXHIBIT A



Bank of America 🇺🇸 Home Loans

Investor Loan # ■■■2267

# HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN Part 1
## (Mortgage Servicer Copy 2)

Trial Period Plan Effective Date: 2/1/2010
Borrower ("I")[1]: MELANIE DENZER and JOHN DENZER
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 5/21/2007
Loan Number: ■■■7969
Property Address ("Property"): 10461 MILLBROOK DR, PENSACOLA, FL 32534

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1.  **My Representations.**  I certify, represent to Servicer and agree:
    A.  I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B.  I live in the Property as my principal residence, and the Property has not been condemned;
    C.  There has been no change in the ownership of the Property since I signed the Loan Documents;
    D.  I am providing or already have provided documentation for all income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Section 23: Home Affordable Modification Trial Period Plan
Step 2 - Mortgage Servicer Copy 2.

Bank of America 🏠 Home Loans

E.    Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

F.    If Servicer requires me to obtain credit counseling, I will do so.

2.    **The Trial Period Plan.** On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $1,046.25.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $1,046.25 | 2/1/2010 |
| 2 | $1,046.25 | 3/1/2010 |
| 3 | $1,046.25 | 4/1/2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A.    TIME IS OF THE ESSENCE under this Plan;

B.    Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

C.    If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D.    The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E.    When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F.    If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and



Bank of America 🏠 Home Loans

G.  I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3.    **The Modification.** I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges associated with overdue loan payments remaining unpaid as of the date immediately before the modification. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4.    **Additional Agreements.** I agree to the following:

A.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

B.  To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

C.  That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

D.  That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

The Servicer and I have executed this Plan.

| | |
|---|---|
| BAC Home Loans Servicing, LP | MELANIE DENZER |
| | Date |
| By: | JOHN DENZER |
| Date | Date |

HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3156  3/09 (rev. 5/09) (page 3 of 3 pages)

# TAB 13

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No. 1:10-md-2193 RWZ

DECLARATION OF VICTOR S. DUGREE

I, Victor S. Dugree, declare as follows:

1.      I have been the owner of a home located at N17131 County Road 579, Hermansville, MI 49847 since January 22, 2007.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in 2009, I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

4.      In August, 2009, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement. The TPP Agreement contemplated a three month trial period beginning on February 1, 2010 and ending on April 1, 2010

6.      I accepted BAC Home Loans Servicing, LP's offer before February 1, 2010. I did this by returning the signed TPP Agreement to BAC Home Loans Servicing, LP. A true and correct copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time. BAC Home Loans Servicing, LP accepted each of my payments.

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.     I made three additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.     On June 9, 2010, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification because of a negative NPV on my home. That notice came by way of a letter from BAC Home Loans Servicing, LP.

14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised. I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live. I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2011.

Victor S. Dugree

DECLARATION OF VICTOR S. DUGREE – 2

010176-16 428754 V1

# EXHIBIT A

**Section 2c: Home Affordable Modification Trial Period Plan Customer Copy**

**Bank of America** 🏦 Home Loans

Investor Loan # ████ 8405

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Customer Copy)

Trial Period Plan Effective Date: February 1, 2010

Borrower ("I")[1]: VICTOR S DUGREE

Servicer ("Servicer"): BAC Home Loans Servicing, LP

Date of first lien Security Instrument ("Mortgage") and Note ("Note"): January 22, 2007

Loan Number: ████ 8405

Property Address ("Property"): N17131 COUNTY ROAD 579, HERMANSVILLE, MI 49847

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1. **My Representations.** I certify, represent to Servicer and agree:

    A. I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B. I live in the Property as my principal residence, and the Property has not been condemned;

    C. There has been no change in the ownership of the Property since I signed the Loan Documents;

    D. I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09



Bank of America Home Loans

E    Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

F    If Servicer requires me to obtain credit counseling, I will do so.

2.  **The Trial Period Plan.** On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $940.33.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $940.33 | February 01, 2010 |
| 2 | $940.33 | March 01, 2010 |
| 3 | $940.33 | April 01, 2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A    TIME IS OF THE ESSENCE under this Plan;

B    Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

C    If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D    The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E    When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09





F    If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G    I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3.   **The Modification.**  I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4.   **Additional Agreements.**  I agree to the following:

A    That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

B    To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

C    That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

D    That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.



**Section 2c: Home Affordable Modification Trial Period Plan
Customer Copy**

**Bank of America** Home Loans

In Witness Whereof, the Servicer and I have executed this Plan.

_____ Dated:_____
VICTOR S DUGREE


BAC Home Loans Servicing, LP

By: _____

_____
Date

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



5246 10/09

**TAB 14**

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No. 1:10-md-2193 RWZ

DECLARATION OF DERRICK ENGLISH

I, Derrick English, declare as follows:

1.      I have been the owner of a home located at 12234 Open View Lane, Upper Marlboro, MD 20774 since September 13, 2006.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in 2009, I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

4.      In February, 2010, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on April 1, 2010 and ending on June 1, 2010.

6.      I accepted BAC Home Loans Servicing, LP's offer by returning the signed TPP Agreement to BAC Home Loans Servicing, LP before the due date or April 1, 2010..  A true and correct copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF DERRICK ENGLISH – 1

010176-16 434786 V1

8.     My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.     I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.    It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.    Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.    I made four additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.    In November, 2010, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.    Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.    I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised. I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.    I am currently facing the prospect of losing my home and seeking to rent a place for my family to live. I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2011.

_Derrick English_
Derrick English

DECLARATION OF DERRICK ENGLISH – 2
010176-16 434786 V1

EXHIBIT A

 Bank of America 🇺🇸 Home Loans

Investor Loan # ▆6733

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Mortgage Servicer Copy 1)

Trial Period Plan Effective Date: April 1, 2010
Borrower ("I")[1]: DERRICK ENGLISH
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): September 13, 2006
Loan Number: ▆6733
Property Address ("Property"): 12234 OPEN VIEW LANE, UPPER MARLBORO, MD 20774

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1.  **My Representations.** I certify, represent to Servicer and agree:

    A   I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B   I live in the Property as my principal residence, and the Property has not been condemned;

    C   There has been no change in the ownership of the Property since I signed the Loan Documents;

    D   I am providing or already have provided documentation for all income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09





8243 10/09

Section 2a: Home Affordable Modification Trial Period Plan
Mortgage Servicer Copy 1                                    Bank of America 🏠 Home Loans

E   Under penalty of perjury, all documents and information I have provided to Servicer pursuant
to this Plan, including the documents and information regarding my eligibility for the program,
are true and correct; and

F   If Servicer requires me to obtain credit counseling, I will do so.

2.  **The Trial Period Plan.**  On or before each of the following due dates, I will pay the Servicer the
amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including
real estate taxes, insurance premiums and other fees, if any, of U.S. $1,413.67.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $1,413.67 | April 01, 2010 |
| 2 | $1,413.67 | May 01, 2010 |
| 3 | $1,413.67 | June 01, 2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan
terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on
the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is
due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge
that:

A   TIME IS OF THE ESSENCE under this Plan;

B   Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure
sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure
action will not be dismissed and may be immediately resumed from the point at which it was
suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate,
notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all
rights to such notices being hereby waived to the extent permitted by applicable law;

C   If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is
currently scheduled, the foreclosure sale will not be suspended and the Servicer may
foreclose if I have not made each and every Trial Period Payment that is due before the
scheduled foreclosure sale.  If a foreclosure sale occurs pursuant to this Section 2.C., this
agreement shall be deemed terminated;

D   The Servicer will hold the payments received during the Trial Period in a non-interest bearing
account until they total an amount that is enough to pay my oldest delinquent monthly
payment on my loan in full.  If there is any remaining money after such payment is applied,
such remaining funds will be held by the Servicer and not posted to my account until they total
an amount that is enough to pay the next oldest delinquent monthly payment in full;

E   When the Servicer accepts and posts a payment during the Trial Period it will be without
prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure
action and related activities and shall not constitute a cure of my default under the Loan
Documents unless such payments are sufficient to completely cure my entire default under
the Loan Documents;

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09





8243 10/09

 Section 2a: Home Affordable Modification Trial Period Plan   **Bank of America** Home Loans
Mortgage Servicing Copy

F   If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G   I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3. **The Modification.** I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4. **Additional Agreements.** I agree to the following:

A   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

B   To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

C   That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

D   That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.





0243 10/09

**Section 2a: Home Affordable Modification Trial Period Plan**
**Mortgage Servicer Copy 1**

Bank of America 🌀 Home Loans

In Witness Whereof, the Servicer and I have executed this Plan.

Dated: _____

DERRICK ENGLISH

BAC Home Loans Servicing, LP

By: _____

Date

COPY

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8243 10/09

**TAB 15**

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

DECLARATION OF DEBORAH L. GAFFEY

I, Deboray L. Gaffey, declare as follows:

1.      I have been the owner of a home located at 10385 Dock Street, Juneau, AK since September 13, 2000.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in December, 2008, I began to experience financial hardship and it ultimately fell behind on my mortgage payments.

4.      After April, 2009, I applied for a HAMP loan modification, providing documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning in July 29, 2009 and ending on October 1, 2009.

6.      I accepted BAC Home Loans Servicing, LP's offer on June 15, 2009.  I did this by returning the signed TPP Agreement to BAC Home Loans Servicing, LP.  A true and correct copy a letter from BAC regarding my participation in the HAMP program is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.



DECLARATION OF  DEBORAH L. GAFFEY– 1

1918 Eighth Avenue, Suite 3300 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1

2     8.      My certifications contained in the TPP Agreement were and continue to be accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

3

4     9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

5

6     10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

7

8     11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

9

10    12.     I made sixteen additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

11    13.     On September 8, 2010, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.  I received a letter from BAC Home Loans Servicing, LP stating that I was being denied due to excessive forbearance.

12

13    14.     Subsequently, BAC Home Loans Servicing, LP sent me a Notices of Intent to Accelerate on September 14, 2010, September 21, 2010, November 18, 2010 and January 11, 2011.

14

15    15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16

17

18    16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

19

20        I declare under penalty of perjury that the foregoing is true and correct.

      Executed on February 20, 2011.

21

22

23                                    DEBORAH L. GAFFEY

24

25

26

HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 · SEATTLE, WA 98101
(206) 623-7292 · FAX (206) 623-0594

DECLARATION OF  – 2

010176-16 425710 V1

# EXHIBIT A



**Remaining trial period payments
required to process your loan
modification.**



DEBORAH L GAFFEY
10385 DOCK STREET
JUNEAU, AK 99801

**Bank of America** ⤳ Home Loans

**Loan Number:** ███3028                                                January 23, 2010

Dear DEBORAH L GAFFEY:

Thank you your participation in the federal government's Home Affordable Modification Program. In order to receive a permanent Home Affordable Modification and to comply with the terms of your trial modification, you must make trial period payments in the amount of $1,226.74 each month during the trial period, including any extensions. Our records reflect that we have not received all of your trial period mortgage payments. As a result, you are at risk of losing your eligibility for a permanent Home Affordable Modification.

You started your Trial Period Modification on August 1, 2009. A trial period payment was due that month and each month thereafter. To date, we have received five trial period payment(s) out of six, including the trial period payment due on January 1, 2010. It is important that you make your remaining trial period mortgage payment(s) within 30 days of the date of this letter or by January 31, 2010, whichever is later. The program requirements outlined by the federal government include that you must have made all your trial period payments to qualify for a final loan modification. Please use the attached coupon to make your payment.

The federal government has provided for an additional review period during January in order to provide you with one last opportunity to obtain a Home Affordable Modification. **If you do not make your remaining trial period payment(s) within 30 days of the date of this letter or by January 31, 2010, whichever is later, you will not receive a Home Affordable Modification. You will not be eligible for consideration under this program in** the future and we will resume collection activities to bring the account current.

If you feel that you have received this letter in error and can provide proof that you have made these payments, please send us written notification and proof of your payments to:

    Bank of America
    MHA NOI Responses Unit
    P.O. Box 941947
    Simi Valley, CA 93094-1947

We must receive your trial period payment(s) within 30 days of this letter or by January 31, 2010, whichever is later, to ensure that you meet the payment requirements to qualify for a permanent modification.

LMO_146

**TAB 16**

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION                No. 1:10-md-2193 RWZ

DECLARATION OF RICHARD M. GEORGE

I, Richard M. George, declare as follows:

1.      I have been the owner of a home located at 13801 77th Ave. Ct. E., Puyallup, WA 98373 since April 12, 2006.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in 2009, I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

4.      In 2010, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement. The TPP Agreement contemplated a three month trial period beginning on August 1, 2010 and ending on October 1, 2010.

6.      I accepted BAC Home Loans Servicing, LP's offer by returning the signed TPP Agreement to BAC Home Loans Servicing, LP before the due date. A true and correct copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time. BAC Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF RICHARD M. GEORGE– 1

010176-16 431571 V1

8.     My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.     I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.     I made five additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.     On January 30, 2011, I was notified by BAC Home Loans Servicing, LP, during a telephone conversation that I was not going to receive a HAMP permanent modification.

14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised. I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live. I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 25th, 2011.

Richard M. George

DECLARATION OF RICHARD M. GEORGE– 2

010176-16 431571 V1

# EXHIBIT A

Section 2c: Home Affordable Modification Trial Period Plan
Step 1 – Customer Copy

**Bank of America** ❯❯ Home Loans

Investor Loan #█████4543

## FHA HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN

Trial Period Plan Effective Date: July 1, 2010
Borrower ("I")[1]: RICHARD M GEORGE
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): June 19, 2007
Loan Number: █████4543
Property Address ("Property"): 13801 77TH AVE CT E, PUYALLUP, WA 98373

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true and correct in all material respects, then the Servicer will provide me with a Partial Claim and FHA-Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would bring my loan current and amend and supplement **(1)** the Mortgage or Deed of Trust on the Property, and (2) the Note secured by the Mortgage or Deed of Trust.  The Mortgage (or Deed of Trust) and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1.  **My Representations**.  I certify, represent to Servicer and agree:
A.  I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or, (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments;
B.  I live in the Property as my principal residence, and the Property has not been  condemned;
C.  There has been no change in the ownership of the Property since I signed the Loan Documents;

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I".  For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
FHA HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family


161584543+USC+FHAHMP+82241

8243 10/09

Section 2c: Home Affordable Modification Trial Period Plan
Step 1 – Customer Copy

**Bank of America** Home Loans

D.  I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Plan);

E.  Under penalty of perjury, all documents and information I provide to Servicer in connection with this Plan, including the documents and information regarding my eligibility for the FHA-HAMP program, are true and correct.

2.  **The Trial Period Plan.** On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $2,182.40.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $2,182.40 | August 01, 2010 |
| 2 | $2,182.40 | September 01, 2010 |
| 3 | $2,182.40 | October 01, 2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the three month period of the Plan (the "Trial Period") I understand and acknowledge that:

A.  TIME IS OF THE ESSENCE under this Plan. This means I must make all payments on or before the days that they are due;

B.  If I fail to meet my obligations under this Plan and I am not eligible for any other loss mitigation option, the Servicer may proceed with the foreclosure action or sale, or begin the foreclosure or sale process;

C.  The payments received by Servicer under this Plan shall be held by Servicer in a suspense account until I successfully make the three payments required under the Plan. If I successfully complete the Plan, the payments I have sent to Servicer pursuant to this Plan will be applied, at Servicer's option, first to the oldest payments due, or to any advances or fees due, unless applicable law requires a different application method. If this Plan is canceled and/or terminated for any reason, any funds in this suspense account shall be credited to my loan pursuant to the terms of my Loan Documents and shall not be refunded to me.

D.  When the Servicer accepts and posts a Trial Period Payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

E.  If I have not made the Trial Period Payments required under Section 2 of this Plan; or the Servicer determines that I have submitted any false or misleading information or my representations in Section 1 were not, or are no longer, true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

F.  The Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until I meet all of the conditions required for modification, including signing the Modification Agreement and Partial Claim documents.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
FHA HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family



161584543+USC+FHAHMP+82241

8243 10/09

Section 2c Home Affordable Modification Trial Period Plan
Step 1 - Customer Copy

**Bank of America** 〈logo〉 Home Loans

G.  The Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

**3.   The Partial Claim and Modification Agreement.**  I understand that at the conclusion of the Trial Period, the allowable (i) arrearages, (ii) legal fees and foreclosure costs related to a canceled foreclosure action, and (iii) principal reduction, as applicable, will be placed into a Partial Claim, in accordance with FHA requirements. To process a Partial Claim, a Promissory Note and Subordinate Mortgage or Deed of Trust must be signed by me and Servicer in the name of the Secretary of Housing and Urban Development. The Partial Claim will not carry any interest and will become due upon satisfaction of the first mortgage lien or when I no longer own or occupy the Property as my principal residence. Once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be placed into a Partial Claim and after deducting from my loan balance any remaining money held at the end of the Trial Period, the Servicer will determine the new payment amount.   If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true and correct and fulfill all my obligations in Section 4, the Servicer will send me a Partial Claim, which will cure my default, and Modification Agreement for my signature, which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date.   Upon execution of the Partial Claim and Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

**4.   Additional Agreements.**  I agree to the following:

A.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing, after receiving legal documentation from me.

B.  I agree to forward to Servicer the amounts (in addition to those being made in connection with the Trial Payment Payments) required to permit the escrow account to contain a sufficient balance so that payments for property taxes and insurance may be paid timely. The failure to timely pay property taxes or insurance or to forward Servicer sufficient funds to maintain my escrow account shall constitute an event of default, and at Servicer's option, this Plan may be terminated immediately without notice to me.

C.  If I am using Servicer's automatic payment service I will terminate this service an issue all payments directly to Servicer until my account is brought current or modified at the conclusion of this Plan.

D.  The invalidity of any portion of this Plan shall not affect the remaining balance of this Plan.

E.  That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a modification, satisfaction or release in whole or in part of the obligations contained in the Loan Documents.  The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

---

The Servicer and I have executed this Plan.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
FHA HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN-Single Family



1 6 1 5 8 4 5 4 3 + U S C + F H A H M P + 8 2 2 4 1

B243 10/09

Section 2c: Home Affordable Modification Trial Period Plan
Step 1 – Customer Copy

**Bank of America** Home Loans

_____
(Servicer)

By: _____

_____
Date

Borrower _____

_____
Date

Borrower _____

_____
Date

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
FHA HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family



161584543+USC+FHAHMP+82241

# TAB 17

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

DECLARATION OF KIMBERLY GEORGE

I declare as follows:

1.      I have been the owner of a home located at 7 Westwood Street, Mobile AL
36606 since April 24, 2004.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in January 2009, I began to experience financial hardship and became worried
that I would fall behind on my mortgage payments.

4.      In August 2009 I applied for a HAMP loan modification and provided documents to
BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial
Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period
beginning on September 2009 and ending on November 2009

6.      I accepted BAC Home Loans Servicing, LP's offer on August 23, 2009 I did this by
returning the signed TPP Agreement to BAC Home Loans Servicing, LP.  A true and correct
copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC
Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF –KIMBERLY GEORGE

010176-16  424058 V1

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.     I made <u>one</u> additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.     On <u>June 28, 2010</u>, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with damaged credit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March <u>29</u> 2011.

DECLARATION OF –KIMBERLY GEORGE

010176-16  424058 V1

# EXHIBIT A

Investor Loan #[                ]7312

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Step One of Two-Step Documentation Process)

Trial Period Plan Effective Date: September 1, 2009
Borrower ("I")[1]: KIMBERLEY J GEORGE
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): April 29, 2004
Loan Number: [        ]8700
Property Address ("Property"): 7 WESTWOOD STREET , MOBILE, AL 36606

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1. **My Representations.** I certify, represent to Servicer and agree:

    A   I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B   I live in the Property as my principal residence, and the Property has not been condemned;

    C   There has been no change in the ownership of the Property since I signed the Loan Documents;

    D   I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

    E   Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

    F   If Servicer requires me to obtain credit counseling, I will do so.

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.



2.    **The Trial Period Plan.** On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $648.52.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $648.52 | September 01, 2009 |
| 2 | $648.52 | October 01, 2009 |
| 3 | $648.52 | November 01, 2009 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A   TIME IS OF THE ESSENCE under this Plan;

B   Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

C   If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale.  If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D   The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full.  If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E   When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F   If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate.  In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G   I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed.  I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3.    **The Modification.**  I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the



Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4.   **Additional Agreements**. I agree to the following:

A   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

B   To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

C   That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

D   That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

E   Notwithstanding anything herein to the contrary, if my final two Trial Period Payments are received by Servicer after the close of business on the 15th calendar day of the last month of the Trial Period but before the end of the Trial Period, I agree that the Trial Period shall be extended by one calendar month (the 'Additional Trial Period'). I agree to abide by all terms and provisions of this Loan Workout Plan during the Additional Trial Period. In addition, I agree to make a Trial Period Payment in the amount of $648.52 no more than 30 days after the last due date listed in the chart in Section 2 above.

The Servicer and I have executed this Plan.



_____
BAC Home Loans Servicing, LP

By: _____


_____
Date

KIMBERLEY J GEORGE

Date  8/23/09

_____
Date

**TAB 18**

HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No.  1:10-md-2193 RWZ

DECLARATION OF MATTHEW GREER

I, Matthew Greer, declare as follows:

1.      I have been the owner of a home located at 1421 Velma Avenue, Santa Rosa, CA 95403 since February, 2007.

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

3.      Starting in 2009, I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

4.      In 2009, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on April 1, 2010 and ending on June 1, 2010.

6.      I accepted BAC Home Loans Servicing, LP's offer on March 22, 2010.  I did this by returning the signed TPP Agreement to BAC Home Loans Servicing, LP.  A true and correct copy of the TPP that I sent is attached as Exhibit A.

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.

DECLARATION OF MATTHEW GREER – 1

1    8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to
2    BAC Home Loans Servicing, LP throughout this entire process.

3    9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in
4    response to demands from BAC.

5    10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the
6    trial period.

7    11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period,
8    nor did they give me any answer within this time frame.

9    12.     I made five additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.
10

11    13.     On, October 6, 2010 I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.  I was denied because of excessive forbearance.
12

13    14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

14    15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with
15    HAMP rules as promised.  I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.
16

17    16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live.  I understand that finding a rental will be more difficult and more expensive with
18    damaged credit.

19    I declare under penalty of perjury that the foregoing is true and correct.

20    Executed on March _15_, 2011.

21

22    Mathew Greer

23

24

25

26

DECLARATION OF MATTHEW GREER – 2

010176-16 430733 V1

# EXHIBIT A

**Section 2c:** Home Affordable Modification Trial Period Plan
**Customer Copy**

Bank of America 🏠 Home Loans

Investor Loan # ▮▮3674

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Customer Copy)

Trial Period Plan Effective Date: April 1, 2010
Borrower ("I")[1]: MATTHEW GREER
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): February 20, 2007
Loan Number: ▮▮9033
Property Address ("Property"): 1421 VELMA AVENUE, SANTA ROSA, CA 95403

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1. **My Representations**. I certify, represent to Servicer and agree:

    A   I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B   I live in the Property as my principal residence, and the Property has not been condemned;

    C   There has been no change in the ownership of the Property since I signed the Loan Documents;

    D   I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

**Section 2c:** Home Affordable Modification Trial Period Plan
Customer Copy

 Bank of America Home Loans

    E  Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

    F  If Servicer requires me to obtain credit counseling, I will do so.

2.  **The Trial Period Plan.** On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $1,586.78.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $1,586.78 | April 01, 2010 |
| 2 | $1,586.78 | May 01, 2010 |
| 3 | $1,586.78 | June 01, 2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

    A  TIME IS OF THE ESSENCE under this Plan;

    B  Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

    C  If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

    D  The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

    E  When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09


F   If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate.  In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G   I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed.  I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3.  **The Modification**.  I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount.  If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date.  Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4.  **Additional Agreements**.  I agree to the following:

A   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

B   To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

C   That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

D   That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.  The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

**Section 2c:** Home Affordable Modification Trial Period Plan
Customer Copy

Bank of America 📉 Home Loans

In Witness Whereof, the Servicer and I have executed this Plan.

_Matthew Greer_    Dated: 3 – 22 – 10
MATTHEW  GREER

_____

**BAC Home Loans Servicing, LP**

By: _____

_____
Date

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

**TAB 19**

1       HONORABLE RYA W. ZOBEL

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT,
                              DISTRICT OF MASSACHUSETTS
8

9    IN RE BANK OF AMERICA HOME
     AFFORDABLE MODIFICATION PROGRAM
10   (HAMP) CONTRACT LITIGATION                    No. 1:10-md-2193 RWZ

11

12

13
                            DECLARATION OF Gregory N. Hamilton
14

15   I,Gregory N. Hamilton, declare as follows:

16   1.      I have been the owner of a home located at 11406 Shagreen Lane, Chesterfield, VA
     23838 since November, 2000.
17
     2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.
18
     3.      Starting in February 2009, I began to experience financial hardship and became
19   worried that I would fall behind on my mortgage payments.

20   4.      In August 2009 I applied for a HAMP loan modification and provided documents to
     BAC Home Loans Servicing, LP verifying my financial circumstances.
21
     5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial
22   Period Plan (TPP) Agreement. The TPP Agreement contemplated a three month trial period
     beginning on Jan 14, 2010 and ending on March 14, 2010
23
     6.      I accepted BAC Home Loans Servicing, LP's offer on January 11, 2010. I did this by
24   returning the TPP payment amount that was provided to me by BAC Home Loans Servicing, LP.

25   7.      I made each of the payments called for in the TPP Agreement in full and on time. BAC
     Home Loans Servicing, LP accepted each of my payments.
26
     8.      My certifications contained in the TPP Agreement were true and accurate, including my

DECLARATION OF Gregory N. Hamilton– 1

010176-16 424058 V1

1  certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

2

3  9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

4

5  10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

6

7  11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

8

9  12.     I made nine additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

10  13.     On December 21, 2010 I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification.

11

12  14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

13  15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with

14  HAMP rules as promised. I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP has made.

15

16  16.     I am currently facing the prospect of losing my home and seeking to rent a place for my family to live. I understand that finding a rental will be more difficult and more expensive with damaged credit.

17

18       I declare under penalty of perjury that the foregoing is true and correct.

19       Executed on March 25, 2011.

20

21

22

23

24

25

26

DECLARATION OF Gregory N. Hamilton– 2

**TAB 20**

1
2
3
4
5
6

HONORABLE RYA W. ZOBEL

7
8

UNITED STATES DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

9
10
11
12

IN RE BANK OF AMERICA HOME
AFFORDABLE MODIFICATION PROGRAM
(HAMP) CONTRACT LITIGATION

No. 1:10-md-2193 RWZ

13
14

DECLARATION OF MARY KATHERINE HELBERG

15

I, Mary Katherine Helberg, declare as follows:

16
17

1.      I have been the owner of a home located at 24951 Mansilla Street, Laguna Niguel, CA 92667 since 1999.

18

2.      My mortgage loan is currently being serviced by BAC Home Loans Servicing, LP.

19

3.      Starting in April, 2009, I began to experience financial hardship and became worried that I would fall behind on my mortgage payments.

20
21

4.      In April, 2009, I applied for a HAMP loan modification and provided documents to BAC Home Loans Servicing, LP verifying my financial circumstances.

22

5.      In response to this application, BAC Home Loans Servicing, LP offered me a Trial Period Plan (TPP) Agreement.  The TPP Agreement contemplated a three month trial period beginning on May 1, 2010 and ending on July 1, 2010.

23
24
25

6.      I accepted BAC Home Loans Servicing, LP's offer by returning the signed TPP Agreement to BAC Home Loans Servicing, LP before the due date.  A true and correct copy of the TPP that I sent is attached as Exhibit A.

26

7.      I made each of the payments called for in the TPP Agreement in full and on time.  BAC Home Loans Servicing, LP accepted each of my payments.

8.      My certifications contained in the TPP Agreement were, and continue to be, true and accurate, including my certification that I have provided truthful and accurate information to BAC Home Loans Servicing, LP throughout this entire process.

9.      I have provided BAC Home Loans Servicing, LP with all of the documents and information it requested and have, in fact, sent the same documents on multiple occasions in response to demands from BAC.

10.     It was my understanding that if I complied with the TPP Agreement, I would be offered a HAMP permanent modification by BAC Home Loans Servicing, LP at the end of the trial period.

11.     Despite my fully complying with the terms of the TPP Agreement, BAC Home Loans Servicing, LP did not offer me a HAMP permanent modification at the close of the trial period, nor did they give me any answer within this time frame.

12.     I made eight additional payments beyond the end of the trial period because I continued to believe that I should be given a permanent HAMP modification.

13.     On January 10, 2011, I was notified by BAC Home Loans Servicing, LP that I was not going to receive a HAMP permanent modification. That notice was in the form of a Notice of Intent to Accelerate.

14.     Subsequently, BAC Home Loans Servicing, LP accelerated my note and authorized foreclosure proceedings to begin against my home.

15.     I have been informed that my account has been assessed fees and charges that are more than I would have been charged if I had been given a permanent modification complying with HAMP rules as promised. I also believe that my credit score has been adversely affected because of negative reporting BAC Home Loans Servicing, LP's has made.

16.     I am currently facing the prospect of losing my home and seeking to rent a place [for my family] to live. I understand that finding a rental will be more difficult and more expensive with damaged credit.

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed on March 22, 2011.

                                        Mary Katherine Helberg

DECLARATION OF MARY KATHERINE HELBERG -- 2

# EXHIBIT A

**Section 2c: Home Affordable Modification Trial Period Plan Customer Copy**

Bank of America Home Loans

Investor Loan # ▓▓3985

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Customer Copy)

Trial Period Plan Effective Date: May 1, 2010

Borrower ("I")[1]: CRAIG PETER HELBERG and MARY KATHERINE HELBERG
Servicer ("Servicer"): BAC Home Loans Servicing, LP
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): March 16, 2007
Loan Number: ▓▓3985
Property Address ("Property"): 24951 MANSILLA STREET, LAGUNA NIGUEL, CA 92677

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.

1.  **My Representations.** I certify, represent to Servicer and agree:

    A   I am unable to afford my mortgage payments for the reasons indicated in my Request for Modification and Affidavit (RMA) and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B   I live in the Property as my principal residence, and the Property has not been condemned;

    C   There has been no change in the ownership of the Property since I signed the Loan Documents;

    D   I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

**Section 2c:** Home Affordable Modification Trial Period Plan
Customer Copy

**Bank of America** Home Loans

    E   Under penalty of perjury, all documents and information I have provided to Servicer pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

    F   If Servicer requires me to obtain credit counseling, I will do so.

2. **The Trial Period Plan.** On or before each of the following due dates, I will pay the Servicer the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $1,860.00.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $1,860.00 | May 01, 2010 |
| 2 | $1,860.00 | June 01, 2010 |
| 3 | $1,860.00 | July 01, 2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

    A   TIME IS OF THE ESSENCE under this Plan;

    B   Except as set forth in Section 2.C. below, the Servicer will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

    C   If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the Servicer may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

    D   The Servicer will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Servicer and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

    E   When the Servicer accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

Bank of America 💸 Home Loans

F   If prior to the Modification Effective Date, (i) the Servicer does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Servicer determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Servicer will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G   I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3.  **The Modification.** I understand that once Servicer is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Servicer will determine the new payment amount. If I comply with the requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Servicer will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. Upon execution of a Modification Agreement by the Servicer and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me for the remaining term of the loan.

4.  **Additional Agreements.** I agree to the following:

    A   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless a borrower or co-borrower is deceased or the Servicer has waived this requirement in writing.

    B   To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

    C   That this Plan constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

    D   That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Servicer and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.  
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09

**Section 2c:** Home Affordable Modification Trial Period Plan
Customer Copy

**Bank of America** Home Loans

In Witness Whereof, the Servicer and I have executed this Plan.

CRAIG PETER HELBERG                                    Dated: 7/10/10

MARY KATHERINE HELBERG                                 Dated:

BAC Home Loans Servicing, LP

By: _____

_____
Date

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.
HOME AFFORDABLE MODIFICATION PROGRAM TRIAL PERIOD PLAN–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3156 3/09



8245 10/09