UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 2193<br><br>Centralized before the Honorable Rya W. Zobel |
| This Document Relates To:<br><br>All Actions | | |

**STIPULATED PROTECTIVE ORDER**

This Stipulated Protective Order ("Protective Order") is entered into by the parties to the above-captioned action. It extends to all actions that have been consolidated into the above-captioned multi-district litigation or that are consolidated after the date of this Order (collectively, the "Action").

The Protective Order is intended to protect from disclosure documents and information the parties deem to be confidential. Documents and information so designated may only be disclosed or used as further provided herein. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between all parties to this action, through their respective counsel and subject to the approval of this Court, that this Protective Order be entered in this action.

STIPULATED, AGREED, AND ORDERED:

1.  Any party in this Action or any third party to whom a subpoena is issued in this Action ("Producing Party") shall have the right to designate any material (including, but not limited to, exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, responses to requests for production, declarations, affidavits, and deposition testimony or transcripts, including the information

contained therein whether in note or summary form) as confidential if the material contains information that is proprietary or sensitive to the Producing Party and is not otherwise in the public domain. As used herein, documents and other information so designated, including without limitation any extracts or summaries of such documents and other information, shall be referred to as "Confidential Information." Any use of any such Confidential Information shall be covered by the provisions of this Protective Order.

2. A Producing Party may designate documents containing information deemed confidential by that party as Confidential Information by stamping or otherwise clearly marking the same "CONFIDENTIAL," or by otherwise notifying the parties to the Action that materials are to be treated as Confidential Information. "Confidential Information" shall be those items designated under paragraph 1 and any notes, work papers or other documents containing confidential information from such items. By designating information as Confidential, the parties and their counsel represent that they have a good faith belief that the information contains confidential commercial or financial information, trade secrets, personal information, or other confidential information entitled to a protective order under Federal Rule of Civil Procedure 26(c).

3. A Producing Party may designate all or part of a deposition as containing Confidential Information by so indicating on the record during such deposition, in which case the court reporter shall be directed to separately bind the portion of the transcript and to clearly mark the front of the separately bound volume with the designation "CONFIDENTIAL." During any deposition that includes testimony concerning Confidential Information, any and all individuals who are not entitled access to said information under the terms of the Protective Order may be excluded from that portion of the deposition. In any event, all deposition transcripts shall be treated as Confidential Information for up to and including thirty (30) days after receipt of the

transcript, within which time counsel for any party may designate a portion or all of the transcript as Confidential Information in writing to all counsel.

4. Any person receiving Confidential Information ("Receiving Party") shall use such Confidential Information only for the purposes of this Action and any action transferred to or consolidated with the above-captioned action, including but not limited to actions subsequently transferred to or consolidated with the above-captioned action. A Receiving Party shall not use Confidential Information for any other litigation, or for any business or other purpose whatsoever. Notwithstanding this provision, the Producing Party may make use of its own Confidential Information in any way it deems fit.

5. Confidential Information shall not be disclosed to any person except:

 (i) the parties and their current and former officers, directors, in-house counsel and employees deemed necessary to aid counsel in the conduct of the above-captioned action;

 (ii) outside counsel of record for the parties to this action, and employees of their respective firms;

 (iii) the Court and its support personnel, subject to a Motion for Impoundment filed pursuant to paragraph 7 of this Protective Order;

 (iv) a deponent or witness who is a party, or an officer, director, partner, attorney, employee or agent of the Producing Party;

 (v) copying or imaging services or court reporters associated with or retained by a party in connection with this action;

 (vi) any experts or professional consultants and their staff with whom counsel may deem it necessary to consult for the preparation for trial of this action, and who are retained solely for the purpose of assisting in the prosecution of this action ("Outside Experts"); and

 (vii) any other person agreed to by the parties.

6. Before an Outside Expert may receive any Confidential Information, he or she must have read a copy of this Protective Order and signed an undertaking in the form attached as

Exhibit A hereto. The original of each such signed undertaking shall be maintained by the party retaining the outside expert.

7.	In the event that any Confidential Information is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper filed with the Clerk of this Court, the filing party shall move to have such pleading, motion, or other paper impounded by the Clerk pursuant to the terms and requirements of Local Rule 7.2. Any Confidential Information contained in documents thereby impounded shall be held *in camera* unless the Court orders otherwise, upon good cause shown.

8.	A Receiving Party may not reveal or discuss Confidential Information to or with any person not entitled to receive such information under paragraph 5 of this Protective Order.

9.	A Receiving Party shall maintain all Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information.

10.	In the event that a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the Receiving Party must notify the Producing Party in writing within five (5) calendar days of receipt of such subpoena, court order, or request. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Protective Order, and shall cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate protective order in the action in which the subpoena was issued.

11. In the event Confidential Information is inadvertently disclosed to a third party other than those identified in paragraph 5 of this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the discovery of such disclosure. Counsel for the party who made the disclosure must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

12. Within sixty (60) business days after conclusion of this action and any appeal thereof, any Confidential Information or documents containing Confidential Information shall be returned to the Producing Party or destroyed, at the option of the Producing Party. If such documents and information are destroyed rather than returned, counsel for any Receiving Party must confirm destruction of the documents and information in writing to the Producing Party. As far as the provisions of this or any other Protective Orders entered in this action restrict the use of Confidential Information, such Protective Orders shall continue to be binding after the conclusion of this action.

13. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to thereafter designate such information as confidential prior to trial. In the event that the Producing Party designates Confidential Information as "CONFIDENTIAL" after disclosure but before trial, all Receiving Parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as confidential pursuant to the terms of this Protective Order.

14. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for any reason other than confidentiality, or to seek further

limits on disclosure or protection of Confidential Information beyond those provided by the terms of this Protective Order.

15. This Protective Order shall be without prejudice to any party challenging the designation of certain documents and information as Confidential Information. If such a dispute arises, the party challenging the designation shall serve written notice of the challenge upon the Producing Party, specifying the Confidential Information being challenged and the reasons supporting the challenge. The Producing Party will have 7 days to respond in writing. The parties shall attempt to further resolve any such dispute pursuant to the procedure set forth in Local Rule 37.1. If the parties cannot resolve a dispute, the Producing Party will bear the burden of filing any motion with the Court, within 14 days of the conclusion of the Local Rule 37.1 conference(s). Pending resolution by the parties or by the Court regarding a dispute over a confidentiality designation, the Confidential Information will continue to be treated as such. The burden to demonstrate the propriety of any Confidential designation shall be on the party making such designation.

16. If a party inadvertently produces or provides discovery that it believes is protected from discovery by any privilege or immunity, the Producing Party may give written notice to the Receiving Party or Parties that the material is privileged or immune from discovery, stating the grounds for such privilege or immunity, and request that the material be returned to the Producing Party. Immediately upon receiving such notice, the Receiving Party or Parties shall make no further use of the alleged privileged documents, and shall immediately segregate them in a manner that will prevent further disclosure or dissemination or their contents. Within five (5) business days of receiving such notice, the Receiving Party shall return to the Producing Party such material and all copies thereof, provided that the Receiving Party may thereafter move the Court for an order that the material in question is not protected from discovery by the

asserted privilege or immunity. The inadvertent disclosure of any documents or information protected by any privilege or immunity is not and will not be construed as a general or specific waiver of any such privilege or immunity.

17. The parties hereby agree to abide by the terms of this Protective Order until such time as this or other protective order is entered by the Court.

SO ORDERED, on this, the 16R day of May, 2011.

_____
HONORABLE RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

| AGREED AND APPROVED: | AGREED AND APPROVED BY: |
|---|---|
| BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, LP, | |
| Defendants, | Plaintiffs, |
| By their attorneys: | By their attorneys: |
| /s/ James W. McGarry | /s/ Gary Klein |
| James W. McGarry (BBO No. 633726)<br>Mark Tyler Knights (BBO No. 670991)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>53 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 570-1000<br>Facsimile: (617) 523-1231<br>Email: jmcgarry@goodwinprocter.com<br>     mknights@goodwinprocter.com | Gary Klein (BBO No. 560769)<br>Shennan Kavanagh (BBO No. 655174)<br>Kevin Costello (BBO No. 669100)<br>RODDY KLEIN & RYAN<br>727 Atlantic Avenue, 2nd Floor<br>Boston, MA  02111<br>Telephone:  (617) 357-5500<br>Facsimile:  (617) 357-5030<br>Email: klein@roddykleinryan.com<br>     kavanagh@roddykleinryan.com<br>     costello@roddykleinryan.com |
| | /s/ Ari Y. Brown |
| | Steve W. Berman<br>Ari Y. Brown<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 8th Avenue, Suite 3300<br>Seattle, WA  98101<br>Telephone:  (206) 623-7292<br>Facsimile:  (206) 623-0594<br>Email: steve@hbsslaw.com |

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: Bank of America Home Affordable Modification Program (HAMP) Contract Litigation | No. 1:10-md-02193 |

### UNDERTAKING AND CONSENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, do depose and state as follows:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Confidentiality Agreement and [Proposed] Protective Order ("Protective Order") in the above-captioned action, and I have carefully read and understand the provisions of the Protective Order. I will comply with all the provisions of the Protective Order. I will hold any information designated "CONFIDENTIAL" in confidence, I will not disclose such information to anyone not qualified under the Protective Order, and I will use such information for the purposes of this action only.

3. Promptly upon termination of this action, I will return all "CONFIDENTIAL" documents and information to counsel for the party by whom I am employed or retained.

4. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Signed under the pains and penalties of perjury, this ___ day of _____, 20___.

_____         _____
Signature                                        Printed Name