UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION | No. 1:10-md-2193 RWZ<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**<br><br>HONORABLE RYA W. ZOBEL<br><br>**Leave to file granted May 16, 2011** |

Bank of America ("BOA") confirms, in its Opposition to Plaintiffs' Motion for Preliminary Injunctive Relief ("Opposition"), that it does not intend imminently to foreclose on any of the Plaintiffs or on the 36 preliminary injunction Declarants. Had it stopped there, no reply brief would be necessary. Plaintiffs' goal in bringing the motion – to stop imminent foreclosures on class representatives and similarly situated Declarants – is met.

Despite this positive outcome and the glimmer of hope it provides to the affected families, BOA felt compelled to use its Opposition to misstate applicable law and to mislead the Court with an extensive, but nevertheless incomplete and deceptive presentation of facts. Ultimately, BOA uses its opposition to characterize its agreement to stop foreclosures as a magnanimous gesture that is untethered to its contractual obligations. Plaintiffs feel compelled to respond, at least summarily, so that the record is complete.

1

1. **BOA's Factual Presentation Is Misleading And Disingenuous In Light Of The Contractual Agreement At Issue.**

The relevant TPP agreements contain the following promise:

> If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Servicer will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage.

*See* Docket No. 14-7, Antonelli TPP, at p. 2.

Provided the borrowers keep their end of the bargain, the effective date of the promised Modification Agreement is the first day of the month following the month in which the last Trial Period payment is due. *Id.* at p. 3. This date is known as the "Modification Effective Date." Importantly, "Time is of the Essence" under the TPP Agreement. *Id.* Also importantly, in section 2.F. of the agreement, BOA gives itself until the Modification Effective Date to make a determination of the borrowers' qualifications for a Modification Agreement. *Id* at pp. 3-4. Under the express language of the contract, the time period for BOA's performance is not open-ended.

Nevertheless, BOA presents selected facts in the Declaration of Tawnya Schoolitz filed with the motion [Doc. No. 48] that are not only wrong and in dispute, but also legally irrelevant because they concern events and determinations made long after BOA's performance was due under the TPP.[1] This is nothing but a *post hac* effort by BOA to

---

[1] *See, e.g,* Schoolitz Dec. at ¶ 14.a (BOA's determination of Mr. Rocca's purported ineligibility was made more than two and a half months after BOA was required to tender a loan modification agreement.) To make matters worse, Declarant Schoolitz selectively provides dates of various events to the Court. *See, e.g,* ¶¶ 14(b)-(e) (failing to inform the Court of dates on which BOA's claimed denials took place). The omitted dates are almost certainly an effort to hide highly relevant information that undermines BOA's

justify its failure to perform timely by providing timely permanent Modification Agreements.[2]

Another problem with BOA's position is that it ignores the motion as the catalyst for cancellation of the relevant sales. In fact, BOA only cancelled those sales, many of which were scheduled for April and May, when the issues were brought to its intention, one by one, as part of the Plaintiffs' counsel's factual investigation of this motion.  See Declaration of Ari Brown (filed herewith) ("Brown Dec.")  at ¶¶5-14. Indeed, even after BOA responded to this motion by announcing that no foreclosure sales are scheduled, Declarant Kline received notice of further foreclosure proceedings. Brown Dec. ¶ 12. Only after that notice was raised with defense counsel, did BOA confirm that the sale was cancelled. *Id.*

Of course, the cancelled foreclosure sales are only the tip of the iceberg.  BOA continues to foreclose on a daily basis across the country on putative class members who were promised loan modifications and who met their TPP obligations.  Whether or not a foreclosure sale is cancelled ultimately should not turn on a homeowner's luck in finding one of class counsel in this matter. Plaintiffs therefore reserve the right to seek injunctive relief as discovery in this matter progresses.

> **2.    BOA's Legal Position On The Court's Lack Of Authority To Grant Injunctive Relief Is Wrong.**

Because injunctive relief is no longer necessary for named Plaintiffs or the Declarants in light of BOA's agreement to delay or cancel the relevant foreclosures, it is

---

position because BOA's faulty analysis of homeowner applications was not just incorrect, but also untimely.
[2] *See Rollins v. McDonald*, 7 F.2d 422 (1st Cir. 1925) (failing timely to insist on contractual prerequisite to performance constitutes waiver of that prerequisite).

puzzling that BOA would go to great lengths to attack Plaintiffs' case for injunctive relief. BOA appears to use its opposition, for the most part, to mislead the Court about its authority to grant a motion that the Plaintiffs have not filed here – a motion for preliminary injunctive relief to preserve the status quo that prevents foreclosures on unidentified homeowners in the putative class.[3]. Defendants are wrong on the law.

      First, the law is clear that voluntary cessation of a challenged activity is not grounds to refuse to award Plaintiffs injunctive relief. "It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Friends of the Earth, Inc.,* 528 U.S. at 189, *quoting City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289 (1982). "[I]f it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways.'" *Id. See Metro-Goldwyn Mayer, Inc. v. 007 Safety Products, Inc.*, 183 F.3d 10, 15 (1st Cir. 1999) ("*MGM*") ("'The burden of demonstrating mootness is a 'heavy one,'' and it fell to [defendant] to demonstrate that its past attempts to [repeat the disputed conduct] likely would not recur."). Here, as in *MGM*, BOA has shown nothing to guarantee that it will not ultimately reinstitute foreclosure proceedings on the named plaintiffs, the Declarants and other members of the putative class.

      Second, the Plaintiffs expect to file a motion for class certification with their motion for further injunctive relief. Importantly, the parties are at odds about the pace of

---

[3] Plaintiffs sought relief only for the Named Plaintiffs and the Declarants, BOA responds that the Declarants are not properly before the Court. Plainly these 36 individuals could seek to intervene or could be added to various cases pending here as named Plaintiffs. Plaintiffs would prefer not to burden the Court with additional motions or to make these proceedings more cumbersome, but will do so, if the Court deems it necessary to enter relief for them prior to class certification. However, in light of BOA's concessions, additional proceedings are not necessary at this time.

discovery and BOA appears to be making every effort to delay the process including, among other things, taking weeks to review a proposed protective order that would have allowed necessary documents to be produced, contesting the Plaintiffs' Rule 26(a) disclosures as a basis to refuse to provide discovery, and failing to provide even named Plaintiffs' documents that are necessary to Plaintiffs' case for preliminary injunctive relief.  Brown Dec. ¶ 15, 16.  To date, BOA has not even made its Rule 26(a) disclosures. Brown Dec. ¶ 17.  Although the parties are still trying to work out these ongoing discovery disputes, BOA cannot be allowed to drag the discovery process out in order to meet the need for injunctive relief preventing wrongful foreclosures.

## CONCLUSION

Ultimately, BOA continues to act as if its written promises to struggling homeowners mean nothing.  It ignores the pain its actions have caused and continue to cause hundreds of thousands of families across the country, including the pain of unnecessary foreclosures. While the Plaintiffs' Motion for Preliminary Injunctive Relief need not be decided in light of BOA's promise temporarily not to continue foreclosure on the Named Plaintiffs or the Declarants, Plaintiffs reserve the right to renew if BOA fails to meet its representations to the Court, and as additional problems for putative class members comes to light.  Further, Plaintiffs reserve the right to seek necessary injunctive relief for the class at an early practicable date.

Dated: May 16, 2011

                Respectfully Submitted,

                */s/ Gary Klein*
                Roddy Klein & Ryan
                Gary Klein (BBO 560769)
                Shennan Kavanagh (BBO 655174)

Kevin Costello (BBO 669100)
727 Atlantic Avenue
2nd Floor
Boston, MA 02111
617.357.5500 (p)
617.357.5030 (f)
klein@roddykleinryan.com
kavanagh@roddykleinryan.com
costello@roddykleinryan.com

*/s/ Steve W. Berman*
Hagens Berman Sobol Shapiro LLP
Steve W. Berman
Ari Y. Brown
1918 8th Avenue
Suite 3300
Seattle, WA 98101
206.623.7292 (p)
206.623.0594 (f)
steve@hbsslaw.com
ari@hbsslaw.com

*Interim Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on May 16, 2011.

*/s/ Gary Klein*
Gary Klein