# EXHIBIT 3

Case 1:10-md-02193-RWZ   Document 59-3   Filed 05/17/11   Page 1 of 9





Positive
As of: May 06, 2011

**Kim E. Lonberg, Plaintiff, v. Freddie Mac, a government sponsored enterprise, Defendant.**

**Civ. No. 10-6033-AA**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON**

*2011 U.S. Dist. LEXIS 23137*

**March 3, 2011, Decided**
**March 4, 2011, Filed**

**CASE SUMMARY:**

**OVERVIEW:** Defendant argued that plaintiff failed to state a claim for rescission as a matter of law because she failed to adequately allege that she could or would unconditionally tender the value of the outstanding loan amount. However, the district court would not preclude a rescission claim that lacked an assertion that plaintiff was capable of tendering loan proceeds at the pleading stage. Thus, the district court denied defendant's motion to dismiss under *Fed. R. Civ. P. 12(b)(6)* on the basis that plaintiff failed to adequately plead her ability to tender the loan proceeds.

**OUTCOME:** Motions granted in part and denied in part.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Failures to State Claims*
*Civil Procedure > Pleading & Practice > Pleadings > Complaints > Requirements*
[HN1] Under *Fed. R. Civ. P. 12(b)(6)*, once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. The complaint must allege, however, enough facts to state a claim to relief that is plausible on its face.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Failures to State Claims*
*Civil Procedure > Pleading & Practice > Pleadings > Complaints > General Overview*
[HN2] For the purpose of a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)*, a complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true.

*Banking Law > Consumer Protection > Truth in Lending > Liability*
*Contracts Law > Remedies > Rescission & Redhibition > General Overview*
*Real Property Law > Purchase & Sale > Remedies > Rescission & Restitution*
[HN3] The Truth in Lending Act, *15 U.S.C.S. § 1601 et seq.*, explicitly states that a consumer's right of rescission is unaffected as against an assignee of the original lender. *15 U.S.C.S. § 1641(c)*

*Banking Law > Consumer Protection > Truth in Lending > Liability*
*Contracts Law > Remedies > Rescission & Redhibition > General Overview*
*Real Property Law > Purchase & Sale > Remedies > Rescission & Restitution*

Case 1:10-md-02193-RWZ   Document 59-3   Filed 05/17/11   Page 3 of 9

Page 2
2011 U.S. Dist. LEXIS 23137, *

[HN4] See *15 U.S.C.S. § 1641(c)*.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Motions to Dismiss*
[HN5] Generally, a court may not consider any material beyond the pleadings in ruling on a *Fed. R. Civ. P. 12(b)(6)* motion to dismiss. There are three exceptions to that rule: 1) a court may consider documents properly submitted as part of the complaint on a motion to dismiss; 2) if documents are not physically attached to the complaint, incorporation by reference is proper if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on them; and 3) a court may take judicial notice of matters of public record. As such, a court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)*.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Motions to Dismiss*
[HN6] The mere mention of the existence of a document is insufficient to incorporate the contents of a document in a *Fed. R. Civ. P. 12(b)(6)* motion to dismiss.

*Evidence > Judicial Notice > Adjudicative Facts > Facts Generally Known*
[HN7] Courts may take judicial notice of adjudicative facts that are not subject to reasonable dispute. Facts are indisputable if they are generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.

*Banking Law > Consumer Protection > Truth in Lending > General Overview*
*Contracts Law > Remedies > Rescission & Redhibition > General Overview*
*Real Property Law > Purchase & Sale > Remedies > Rescission & Restitution*
[HN8] The procedural guidelines for rescission of a loan transaction are set forth by the Truth in Lending Act, *15 U.S.C.S. § 1601 et seq.* Within 20 days after the receipt of a notice of rescission, a creditor shall return to an obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under that section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. *15 U.S.C.S. § 1635(b)*. *15 U.S.C.S. § 1635(b)* does not state whether the ability to tender is a pleading requirement for a rescission claim.

*Banking Law > Consumer Protection > Truth in Lending > General Overview*
*Contracts Law > Remedies > Rescission & Redhibition > General Overview*
*Real Property Law > Purchase & Sale > Remedies > Rescission & Restitution*
[HN9] In a claim for rescission under the Truth in Lending Act, *15 U.S.C.S. § 1601 et seq.*, the case law does not sanction dismissal at the pleading stage for failure to allege the ability to tender; however, the considerations regarding the adequacy of the pleadings in that respect may come into play in the summary judgment context.

*Contracts Law > Breach > Causes of Action > General Overview*
*Real Property Law > Financing > Mortgages & Other Security Instruments > General Overview*
[HN10] A defendant's failure to provide a permanent loan modification solely on the basis of the existence of a trial period plan does not sufficiently state a breach of contract claim.

**COUNSEL:** [*1] For Plaintiff: Nanina Takla, Phil Goldsmith, Law Office of Phil Goldsmith, Portland, OR.

For Defendant: Kevin H. Kono, Davis Wright Tremaine, LLP, Portland, OR.

**JUDGES:** Ann Aiken, Chief United States District Judge.

**OPINION BY:** Ann Aiken

**OPINION**

OPINION AND ORDER

AIKEN, Chief Judge:

On November 19, 2010, plaintiff Kim E. Lonberg filed an amended and supplemental complaint against defendant Federal Home Loan Mortgage Corporation (Freddie Mac), alleging: 1) violations of the federal Truth in Lending Act ("TILA"), *15 U.S.C. 1601, et. seq.*, and its implementing regulations, *12 C.F.R. §§ 226.1-.29*; and 2) breach of contract. Plaintiff seeks to enforce a statutory right under TILA to rescind her mortgage due to her alleged receipt of inaccurate and incomplete No-

Case 1:10-md-02193-RWZ   Document 59-3   Filed 05/17/11   Page 4 of 9

Page 3
2011 U.S. Dist. LEXIS 23137, *

tices of the Right to Cancel ("NRTC"). Specifically, plaintiff claims the NRTCs received stated the incorrect loan transaction date and failed to provide the three-day rescission deadline. Plaintiff further requests specific performance on her claim for breach of contract. Plaintiff alleges that defendant and defendant's agent, Bank of America Home Loan Services, LP ("BAC"), failed to provide her with a permanent loan modification according to the terms of a temporary [*2] Home Affordable Mortgage Program ("HAMP") trial period plan ("TPP"), thereby breaching the terms of the TPP.

Defendant moves to dismiss both plaintiff's rescission claim and plaintiff's breach of contract claim pursuant to *Fed. R. Civ. P. 12(b)(6)*.

BACKGROUND

In 2007, plaintiff and her husband applied to refinance their home mortgage with SELCO Community Credit Union ("SELCO"). Upon the advice of SELCO agents, only plaintiff's husband applied for the refinance. SELCO brokered this loan transaction with Frontier Investment Co., a wholly owned subsidiary of SELCO. On February 9, 2007, plaintiff and her husband attended the loan closing at Western Title and Escrow Company of Lane County, Oregon. Neither plaintiff nor her husband had previously received copies of the documents they were asked to sign. Due to health issues, plaintiff signed for her husband under a power of attorney. Plaintiff was not liable on the promissory note, but plaintiff signed the deed of trust in her own right as well as for her husband.

At the closing, the settlement agent allegedly gave plaintiff and her husband copies of the unsigned closing documents. Plaintiff and her husband did not receive any signed closing [*3] documents. Plaintiff asserts the documents received erroneously indicated that the date of the loan transaction was February 7, 2007. Included in the copies received by plaintiff were copies of an unsigned NRTC, which incorrectly indicated the date of the loan transaction as February 7, 2007 and failed to provide the three-day rescission deadline.

On July 12, 2008, plaintiff's husband died. Prior to her husband's death, plaintiff was not working. Plaintiff assumed the note following her husband's death, but was unable to timely pay the monthly mortgage payments. She applied to BAC for a loan modification under HAMP in the summer of 2009, but had yet to receive a response at the time her original complaint was filed.

Plaintiff contends that Frontier failed to comply with the requirements of TILA, thereby granting her a right pursuant to *15 U.S.C. §§ 1635(a)*and *(f)* to rescind the mortgage transaction for up to three years after its consummation. On February 4, 2010, plaintiff's counsel mailed a notice of rescission on behalf of plaintiff to Frontier, BAC, and Freddie Mac, assignee of plaintiff's mortgage.

Plaintiff further contends that after she filed her complaint, her counsel was contacted [*4] by in-house counsel for Freddie Mac. Both counsel allegedly reached an understanding that if plaintiff received an affordable loan modification, plaintiff would dismiss her complaint. Plaintiff reapplied with defendant for a loan modification and, in March 2010, plaintiff was approved for a TPP by defendant's servicing agent, BAC. Borrowers approved for the TPP must submit financial documentation to satisfy eligibility requirements.

Plaintiff contends that she timely signed and returned BAC's copy of the TPP, provided BAC with all of the documents as requested, and made a timely payment of $675.05 each month since April 1, 2010. Plaintiff alleges that in all material respects, she complied with the terms of the TPP. Plaintiff contends that the terms of the TPP required BAC to provide her with a permanent loan modification so long as she complied with the terms of the TPP. Plaintiff did not receive a permanent loan modification from neither defendant nor BAC.

STANDARDS

[HN1] Under *Fed. R. Civ. P. 12(b)(6)*, once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. [*5] See also, *Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984)*, cert. denied, *470 U.S. 1052, 105 S. Ct. 1753, 84 L. Ed. 2d 817 (1985)*. The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." *Twombly, 550 U.S. at 570*. [HN2] For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. *Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983)*.

DISCUSSION

A. PLAINTIFF'S CLAIM FOR RESCISSION

Defendant argues that plaintiff's rescission claim is insufficient to state a claim for relief on three grounds: 1) defendant did not originate the loan and is therefore not liable as an assignee; 2) plaintiff explicitly acknowledged receipt in duplicate of the completed NRTC; and 3) plaintiff's complaint fails to allege unconditional tender of the loan proceeds as required by statute.

1. DEFENDANT DID NOT ORIGINATE THE LOAN AND IS NOT LIABLE AS ASSIGNEE

Case 1:10-md-02193-RWZ   Document 59-3   Filed 05/17/11   Page 5 of 9

Page 4
2011 U.S. Dist. LEXIS 23137, *

Defendant argues that plaintiff's claim fails as a matter of law because defendant did not originate the loan at issue and plaintiff failed to plead the elements necessary to bring a claim against the defendant as an assignee of the lender. I disagree. Defendant [*6] insists that to bring a claim against the assignee of a lender, the alleged violation must be "apparent on the face of the disclosure statement." *15 U.S.C. § 1641(a)*. Defendant's argument is irrelevant to plaintiff's rescission claim. [HN3] TILA explicitly states that the consumer's right of rescission is unaffected as against an assignee of the original lender. [HN4] *15 U.S.C. § 1641(c)* ("Any consumer who has the right to rescind a transaction under *section 1635* of this title may rescind the transaction as against any assignee of the obligation.").

2. PLAINTIFF EXPLICITLY ACKNOWLEDGED RECEIPT IN DUPLICATE OF THE COMPLETED NRTC

Defendant argues that plaintiff's claim fails as a matter of law because plaintiff explicitly acknowledged her receipt of two completed NRTC's. Defendant relies on an exhibit attached to its motion to dismiss; a completed copy of the NRTC that correctly identifies the date of the transaction as February 9, 2007, and specifically identifies midnight on February 13, 2007, as the rescission deadline. The NRTC also includes plaintiff's signature, acknowledging her receipt of two completed NRTC copies. Defendant's Exhibit 3. Before this Court may assess defendant's second argument, [*7] it must determine whether consideration of defendant's exhibit is proper at this stage of the proceeding.

[HN5] Generally, a court may not consider any material beyond the pleadings in ruling on a *Rule 12(b)(6)* motion to dismiss. *U.S. v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003)*. There are three exceptions to this rule: 1) a court may consider documents properly submitted as part of the complaint on a motion to dismiss; 2) if documents are not physically attached to the complaint, incorporation by reference is proper if the document's authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them; and 3) a court may take judicial notice of "matters of public record." See *Lee v. Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001)* (internal citations omitted). As such, a court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under *Rule 12(b)(6)*." *Ritchie, 342 F.3d at 908*.

Defendant's contention that this court should consider its attachments is unpersuasive. Here, defendant attached several exhibits to its motion to dismiss, including a true copy of the final NRTC, complete with [*8] the correct transaction date, expiration date of plaintiff's right to rescind, and plaintiff's signature acknowledging the receipt of such notice. Defendant's Exhibit 3. Defendant contends plaintiff necessarily relied on its version of the NRTC because plaintiff's alleged violation relates to the final version, yet plaintiff only attached a copy of the incomplete, unsigned NRTC that plaintiff allegedly received. Defendant further contends Western Radio Servs. Co. v. Qwest Corp. controls in this instance, allowing this Court to also incorporate by reference the completed NRTC because the "document forms the basis of the plaintiff's claims." *2009 U.S. Dist. LEXIS 39720, 2009 WL 1312425 at *4 (D. Ore. May 5, 2009)*. Thus, this court should consider defendant's exhibit. Conversely, plaintiff denies any reliance on defendant's NRTC. Rather, the complaint alleges that plaintiff received two copies of an unsigned NRTC with the incorrect transaction date and a blank where the three-day rescission deadline was to be inserted. Thus, plaintiff insists this court's consideration of defendant's NRTC is inappropriate for a motion to dismiss and should only be considered upon a motion for summary judgment.

This Court cannot incorporate [*9] defendant's NRTC by reference. Plaintiff's complaint does not necessarily rely on defendant's NRTC, nor is defendant's NRTC central to plaintiff's complaint. The complaint refers extensively to the unsigned and incomplete NRTCs in plaintiff's possession. Plaintiff alleges she did not receive any copies of the signed closing documents; rather, she received only unsigned closing documents, including an unsigned, incomplete and inaccurate copy of the NRTC. First Amended and Supplemental Complaint, ¶¶ 20-26. [HN6] "The mere mention of the existence of a document is insufficient to incorporate the contents of a document." See e.g. *Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010)* (citing *U.S. v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003)*. Thus, plaintiff's brief acknowledgment of the existence of signed closing documents does not equate to necessary reliance on defendant's completed NRTC. Moreover, the completed NRTC is not an integral part of the complaint; rather, the integral issue is whether plaintiff received two copies of the completed NRTC, signed at closing, as required by TILA. Thus, this court cannot incorporate defendant's NRTC without converting defendant's motion [*10] to dismiss into a motion for summary judgment.

Defendant briefly implies this Court may consider its NRTC because the document is of public record. Memorandum in Support of Defendant's Motion to Dismiss, p. 6. Although courts may take judicial notice of some public records, defendant has not shown this Court that judicial notice is proper here. [HN7] Courts may take judicial notice of adjudicative facts that are not "subject to reasonable dispute." See *Ritchie, 342 F.3d at 909* (citing *Fed.R.Evid. 201(b)*). Facts are indisputable if

Case 1:10-md-02193-RWZ   Document 59-3   Filed 05/17/11   Page 6 of 9

Page 5
2011 U.S. Dist. LEXIS 23137, *

they are "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Id. (citing *Fed. R. Evid. 201(b)(1)-(2)*). Given that the originator of the loan at issue in this case filed the NRTC, the originator is not the defendant in this case, and the actual delivery of the NRTC by the originator is disputed, I find that the defendant's NRTC does not meet the requirements for judicial notice.

As such, I decline to consider defendant's NRTC. Thus, defendant's second argument for dismissal is inappropriate at this time.

3. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE UNCONDITIONAL TENDER OF THE LOAN PROCEEDS [*11] AS REQUIRED BY STATUTE

Finally, defendant argues plaintiff has failed to state a claim as a matter of law because she fails to adequately allege that she can or will unconditionally tender the value of the outstanding loan amount. [HN8] The procedural guidelines for rescission of a loan transaction are set forth by TILA:

> Within 20 days after the receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

*15 U.S.C. § 1635(b)*.

*Section 1635(b)* does not state whether the ability to tender is a pleading requirement for a rescission claim. Defendant relies on *Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir. 2003)*. In Yamamoto, [*12] the Ninth Circuit concluded that a court may alter the sequence of procedures described above and that the court has "discretion to condition rescission on tender by the borrower of the property he had received from the lender." *Yamamoto, 329 F.3d at 1173*. Whether a claim for rescission is conditional depends upon the equities involved in the particular case and "must be determined on a case-by-case basis, in light of the record adduced." Id. Yamamoto does not, however, hold that a claim for rescission must be conditioned on a tender offer by the plaintiff. Furthermore, while *Yamamoto* addressed a motion for summary judgment, the court did not differentiate the application of its reasoning from other pretrial proceedings; consequently leading to a split among Ninth Circuit district courts as to whether a *Rule 12(b)(6)* dismissal is proper under similar circumstances.

Many district courts have held that in order to survive a *Rule 12(b)(6)* motion, a claim for rescission must be conditioned on a tender offer by plaintiff. See, e.g., *Nejo v. Wilshire Credit Corp., 2010 U.S. Dist. LEXIS 73415, 2010 WL 2951972, *3 (S.D. Cal. July 21, 2010)* ("without an allegation of Plaintiff's ability to fully tender, the Amended Complaint [*13] fails to state a claim for rescission relief under TILA"); *Mangindin v. Washington Mut. Bank, 637 F. Supp.2d 700, 706 (N.D. Cal. 2009)* (granting a *Rule 12(b)(6)* motion to dismiss when plaintiff failed to make "any allegation that they attempted to tender, or are capable of tendering the value of the property"); *Edelman v. Bank of America Corp., 2009 U.S. Dist. LEXIS 122712, 2009 WL 1285858 at *2 (C.D. Cal. April 17, 2009)* ("A claim for rescission requires a plaintiff to allege that the plaintiff can or will tender the borrowed funds back to the lender.").

By contrast, numerous district courts have rejected defendant's notion that tender is necessary to survive a *Rule 12(b)(6)* motion. See, e.g., *Russell v. Mortgage Solutions Management, Inc., 2010 U.S. Dist. LEXIS 107608 at *8 (D. Or. Oct. 6, 2010)* (Yamamoto does not sanction dismissal at the pleading stage for failure to allege ability to tender, but acknowledges that "considerations regarding the adequacy of the pleadings in this respect may come into play in the summary judgment context") (internal quotations omitted); *Bushong v. Paramount Equity Mortgage, Inc., 2010 U.S. Dist. LEXIS 107609 at * 6 (D. Ore. Oct. 6, 2010)*; *Ing Bank v. Ahn, 2009 U.S. Dist. LEXIS 60004, 2009 WL 2083965 at *2 (N.D. Cal. July 13, 2009)* [*14] ("Yamamoto did not hold that a district court must, as a mater of law, dismiss a case if the ability to tender is not pleaded"); *Harrington v. Home Capital Funding, Inc., 2009 U.S. Dist. LEXIS 15981, 2009 WL 514254 at *3 (S.D. Cal. Mar. 2, 2009)* ("[t]ender by the borrower is not always a precondition to rescission and does not have to be pled to state a claim for rescission").

This court recently conducted a similar inquiry as to whether a claim for rescission necessarily requires a plaintiff to plead its ability to tender. Both Russel and *Bushon* involved *Rule 12(b)(6)* motions for failure to plead the plaintiff's ability to tender loan proceeds. Judge Haggerty acknowledged that it was the "most workable practice" to "interpret Yamamoto as not precluding a rescission claim that lacks a plaintiff's assertion that he or she is capable of tendering loan proceeds at the pleading

stage." *Russel*, 2010 U.S. Dist. LEXIS 107608 at *8-*9 (citing *Botelho v. U.S. Bank, N.A.*, 692 F.Supp.2d 1174, 1181 (N.D. Cal. 2010)). In Russel, Judge Haggerty denied the defendant's motion to dismiss even though the plaintiff in that case "conceded in the course of the pleadings that she could not tender back." *Russel*, 2010 U.S. Dist. LEXIS 107608 at *8. [*15] Judge Haggerty overruled the defendant's objection and concluded that the record was not sufficiently developed, stating that [HN9] "Yamamoto does not sanction dismissal at the pleading stage for failure to allege the ability to tender;" however, the "considerations regarding the adequacy of the pleadings in this respect may come into play in the summary judgment context." *Id. at *9-*10*.

Defendant here acknowledges a court's discretion to impose conditions on recision. As such, I find the cases consistent with Judge Haggerty's reasoning persuasive. Thus, I deny defendant's motion to dismiss on the basis that plaintiff failed to adequately plead her ability to tender the loan proceeds. I find that such a pleading requirement is unnecessary at this stage in the proceeding and thus, I decline to address either party's arguments regarding the adequacy of plaintiff's pleading. My decision does not, however, preclude further discussion on a motion for summary judgment.

B. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT

Defendant argues that plaintiff's breach of contract claim fails to state a claim for relief on three grounds: 1) defendant contends there is no private right of action under HAMP; 2) the [*16] TPP is not an enforceable contract because it lacks consideration; and 3) plaintiff fails to allege a breach of any contract. I agree with defendant's third argument and thus will not address defendant's first and second arguments.

Plaintiff alleges defendant breached the terms of the TPP when defendant's agent, BAC, refused to grant plaintiff a permanent loan modification. Plaintiff claims she performed all of the necessary terms and conditions of the TPP by providing the requested documents and making three timely payments of $675.05 each. Plaintiff further alleges that despite her compliance with the TPP, neither BAC nor defendant have offered her a permanent loan modification. First Amended and Supplemental Complaint ¶¶ 44-46. Defendant moves to dismiss the claim arguing that plaintiff failed to address the actual terms of the agreement, which demonstrates plaintiff's failure to allege a breach.

There exists little case law district wide, as well as any Oregon law. In fact, case law on this issue is incredibly sparse across the United States. However, every court that has reviewed this issue has unanimously agreed that [HN10] a defendant's failure to provide a permanent loan modification [*17] solely on the basis of the existence of a TPP does not sufficiently state a breach of contract claim. See, e.g., *Grill v. BAC Home Loans Servicing*, 2011 U.S. Dist. LEXIS 3771, 2011 WL 127891 at *3-4 (E.D. Cal. Jan. 14, 2011); *Prasad v. BAC Home Loans Servicing*, 2010 U.S. Dist. LEXIS 133938, 2010 WL 5090331 at *3-4 (E.D. Cal. Dec. 7, 2010); *Jackson v. OCWEN Loan Servicing*, 2010 U.S. Dist. LEXIS 93524, 2010 WL 3294397 at *3 (E.D. Cal. Aug. 20, 2010); *Brown v. Bank of New York Mellon*, 2011 U.S. Dist. LEXIS 6006, 2011 WL 206124 at *3 (W.D. Mich. Jan. 21, 2011). But see *Durmic v. J.P. Morgan Chase Bank*, 2010 U.S. Dist. LEXIS 124603, 2010 WL 4825632 (D.Mass. Nov. 24, 2010) (denying motion to dismiss plaintiffs' breach of contract claim when satisfaction of plaintiffs' TPPs was not disputed). I find this collection of cases persuasive.

In Grill, the court dismissed plaintiff's breach of contract claim since no binding contract existed on the terms plaintiff alleged. *Grill*, 2011 U.S. Dist. LEXIS 3771, 2011 WL 127891 at *3. In that case, the plaintiff alleged a breach of contract when the defendant failed to modify the plaintiff's mortgage. 2011 U.S. Dist. LEXIS 3771, [WL] at *1. The plaintiff alleged that it met the terms of the TPP by submitting the required documentation and making payments, yet the defendant ignored its contractual obligation to permanently modify the loan. Id. The court [*18] based its decision on the language contained in the plaintiff's TPP.[1] The court acknowledged that the language of the TPP clearly stated that providing the documents was "simply part of the application process, which plaintiff was willing to complete in the hope that [defendant] would modify its loan." 2011 U.S. Dist. LEXIS 3771, [WL] at *4. Moreover, a binding modification agreement would not result unless the defendant determined that the plaintiff complied with the requirements of the TPP, and delivered a modification agreement to the plaintiff, including a new monthly payment amount, signed by both the plaintiff and defendant. Id. Since the plaintiff failed to allege or provide exhibits indicating that the defendant had determined plaintiff had met the requirements of the TPP or that defendant sent the plaintiff a loan modification with a new monthly payment, executed by both parties, no binding contract was alleged in plaintiff's complaint. 2011 U.S. Dist. LEXIS 3771, [WL] at *4.

> 1  The court referenced the following language found in the TPP: "*If* I am in compliance with this Trial Period Plan ... *then* the Servicer will provide me a ... Modification Agreement that would amend ... the Loan Documents." Section 2, titled "The Trial Period [*19] Plan," further provides in pertinent part: "I understand that *the Plan is*

*not a modification of the Loan Documents* and that the Loan Documents *will not be modified unless and until* (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement.... I further understand and agree that *the Servicer will not be obligated or bound to make any modification* of the Loan Documents if I fail to meet any one of the requirements under this Plan." Finally, Section 3, titled "The Modification," provides in pertinent part: "*If I comply* with the requirements in Section 2 and ... Section 1, *the Servicer will [determine the new payment amount and] send me a Modification Agreement for my signature which will modify my Loan Documents....* Upon execution of a Modification Agreement *by the Servicer and me*, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Servicer and me." *Grill, 2011 U.S. Dist. LEXIS 3771, 2011 WL 127891 at \*3* (internal citations omitted).

Likewise, Prasad, Jackson, and Brown expressed identical reasoning. Here, the TPP attached to plaintiff's complaint contains seemingly identical [*20] language to the TPP in *Grill*. Plaintiff's Exhibit B. Plaintiff argues that defendant waived its right to condition performance of the TPP on plaintiff's receipt of a fully executed contract since defendant accepted plaintiff's payments and requested updated financial documents. However, like *Russel*, the loan modification application process explicitly required plaintiff to submit financial documents and deliver payments to defendant. Thus, no waiver of rights occurred. Moreover, like Russel, plaintiff merely alleged that she complied with the TPP, without providing evidence as such, and plaintiff failed to allege or provide evidence of a loan modification with a new monthly payment that was executed by both plaintiff and defendant. Thus, I find no binding contract has been alleged to sufficiently state a breach of contract claim. Defendant's motion to dismiss plaintiff's breach of contract claim is granted with leave to amend.

CONCLUSION

For the reasons stated above, defendant's motion to dismiss (Doc. 26) is granted in part and denied in part as follows: defendant's motion is granted as to plaintiff's breach of contract claim with leave to amend; and denied with respect to plaintiff's [*21] rescission claim. Request for oral argument is unnecessary.

IT IS SO ORDERED.

Dated this 3rd day of March 2011.

/s/ Ann Aiken

Ann Aiken

Chief United States District Judge

10794J

\*\*\*\*\*\*\*\*\*\* Print Completed \*\*\*\*\*\*\*\*\*\*

Time of Request: Friday, May 06, 2011   20:43:14 EST

Print Number:    1843:284297335
Number of Lines: 340
Number of Pages:

Send To:   KAMINSKY, NATALIE
           GOODWIN PROCTER LLP
           53 STATE ST
           BOSTON, MA 02109-2804