UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION | No. 1:10-md-2193 RWZ |

DECLARATION OF KEVIN COSTELLO
FOR PURPOSE OF SUBMITTING SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO MOTION TO DISMISS

I, Kevin Costello, provide this declaration for the purpose of submitting recently released judicial opinions that constitute supplemental authority directly relevant to the Motion to Dismiss First Amended Complaint filed by Bank of America, N.A. and BAC Home Loans Servicing, LP (collectively, "BOA") [Docket No. 21]. I hereby declare:

1. I am an attorney duly admitted to practice in the Commonwealth of Massachusetts. I have personal knowledge of the matters stated below, and if called upon to do so could testify competently to them.

2. I represent Plaintiffs in the above-captioned matter.

3. Magistrate Judge Dein issued an opinion in *Blackwood v. Wells Fargo Bank, N.A.* Civil Action No. 10-10483-JGD ("*Blackwood*") on April 22, 2011, which was after oral argument on the pending motion. The *Blackwood* decision is attached hereto as Exhibit 1.

4. In *Blackwood*, the Court rejects the defendant's argument that a consumer protection claim against a loan servicer stemming from its participation in HAMP must fail because of the lack of a private right of action. The *Blackwood* court also denies the defendant's motion to dismiss on the plaintiffs' breach of the implied covenant of good faith and fair dealing.

5. Following oral argument on the pending motion, Plaintiffs' counsel became aware of the court's order in *Turbeville v. JP Morgan Chase*, No. 8:10-CV-01464-DOC-JCG (C.D. Cal. April 4, 2011) ("*Turbeville*") granting in part and denying in part defendant's motion to dismiss plaintiffs' first amended complaint. The *Turbeville* order is attached hereto as Exhibit 2.

6. In *Turbeville*, Judge Carter holds that plaintiffs' complaint adequately pleads their Trial Period Plan ("TPP") Agreements -- virtually identical to those before this Court -- to constitute binding contracts, supported by consideration. For those reasons, the *Turbeville* Court denied the defendant's motion to dismiss plaintiffs' breach of contract and promissory estoppel counts. The *Turbeville* decision expressly rejects many, if not all, of the grounds for dismissal advanced by the Defendant in its motion to dismiss the Plaintiffs' breach of the TPP Agreement and related counts

7. Last, on April 14, 2011, the United States Bankruptcy Court for the Southern District of California issued a decision in *In re: Doble v. Deutsche Bank Nat'l Trust Co. as Trustee, et al.,* Bankruptcy No. 10-11296 ("*Doble*"). This decision is attached hereto as Exhibit 3.

8. In Section B5 of its *Doble* opinion, at pages 12-13 of Exhibit 3, the court holds that state law causes of action and consumer protection act claims arising from alleged misconduct in the HAMP process are not dependent on the existence of a private right of action.

9. For all of the reasons identified in Plaintiffs' briefing, in Plaintiffs' previously submitted supplemental authority [Docket Nos. 31, 43], as well as those reasons articulated in *Turbeville*, *Blackwood*, and *Doble* this Court should deny Defendant's motion to dismiss.

I make this declaration under the penalty of perjury.

Dated: May 18, 2011                                    Respectfully Submitted,


                                                       */s/ Kevin Costello*
                                                       Kevin Costello


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on May 18, 2011.

                                                       */s/ Kevin Costello*
                                                       Kevin Costello