*EXHIBIT 1*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL BLACKWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 10-10483-JGD |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

April 22, 2011

### I. INTRODUCTION

The plaintiff, Michael Blackwood ("Blackwood"), has brought this action to set aside the foreclosure sale of his home on December 7, 2009.  Defendant U.S. Bank, N.A. ("U.S. Bank") held Blackwood's first mortgage on his home and defendant Wells Fargo Bank, N.A, d/b/a America's Servicing Company ("Wells Fargo") serviced Blackwood's mortgage.  In his Complaint, Blackwood contends that the defendants committed unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A (Count I), breached the implied covenant of good faith and fair dealing (Count II) and are liable for breach of contract (Count III) by foreclosing on his home without making a final determination as to whether his mortgage was subject to modification under the Home Affordable

Modification Program ("HAMP").[1]

This matter is presently before the court on the defendants' Motion for Judgment on the Pleadings brought pursuant to Fed. R. Civ. P. 12(c). The defendants contend that these three causes of action are barred by the HAMP statutory scheme, and that the plaintiff cannot proceed under HAMP because there is no private right of action under the statute. For the reasons detailed herein, the defendants' Motion for Judgment on the Pleadings (Docket No. 14) is ALLOWED IN PART and DENIED IN PART. Count III will be dismissed, but the case will proceed as to Counts I and II.

## II. STATEMENT OF FACTS

When ruling on a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court must accept all well-pleaded averments as true, and draw all reasonable inferences in the plaintiff's favor. Fotos v. Internet Commerce, Express, Inc., 154 F. Supp. 2d 212, 213 (D.N.H. 2001), and cases cited. Applying these principles to the instant case, the relevant facts are as follows.

Blackwood purchased his 2-family home in Dorchester, Massachusetts in October 2005. Compl. ¶ 1. He financed the purchase with two mortgages from Mortgage Lenders Network ("Mortgage Lenders"), a sub-prime mortgage lender that went out of business in 2007, after investigation of Mortgage Lenders' conduct in the origination of mortgage

---

[1] The remaining three counts of the Complaint, for fraud (Count IV), negligent misrepresentation (Count V) and intentional infliction of emotional distress (Count VI), are not subject to the motion for judgment on the pleadings presently before the court, and will not be discussed herein.

loans. Id. ¶ 12. Blackwood could not afford the loans from the beginning, and would not have qualified for the loans if prudent underwriting standards had been followed. Id. ¶ 16. Blackwood eventually fell behind in his mortgage payments when he lost work as a contractor. Id. ¶ 17.

Mortgage Lenders had immediately sold Blackwood's loans as part of a securitized package of loans. Id. ¶ 16. U.S. Bank eventually became the holder of at least one of the mortgages, and Wells Fargo serviced the mortgage. Id. ¶¶ 2, 4.

In February 2009, Blackwood began working with Laura Pitts, a foreclosure prevention counselor, to get his loan modified under HAMP. Id. ¶ 18. The HAMP program was established under the Troubled Asset Relief Program ("TARP") by the U.S. Treasury Department, and is administered by Fannie Mae and Freddie Mac. Id. ¶ 20. Its purpose is to help "maximize assistance for homeowners," in order to "help families keep their homes and to stabilize communities." Id. ¶ 21 (citations omitted). Wells Fargo is a voluntary participant in the HAMP program, and entered into a Servicer Participation Agreement ("SPA") with Fannie Mae on April 13, 2009. Id. ¶ 22. According to HAMP regulations, "servicers should not proceed with a foreclosure sale until the borrower has been evaluated for the program and, if eligible, an offer to participate in the HAMP has been made." Id. ¶ 24.

Blackwood submitted an application for a HAMP modification on October 10, 2009. Id. ¶ 26. At that time, a mortgage foreclosure sale had been scheduled by Wells Fargo for December 7, 2009. Id. ¶ 28. Blackwood met all of the eligibility criteria for

-3-

the HAMP modification, and complied with numerous requests for information. Id. ¶¶ 25-34. Despite various assurances by Wells Fargo representatives that the foreclosure sale would be postponed while his modification request was being reviewed, the foreclosure sale took place on December 7, 2009. E.g., id. ¶¶ 35-46. No third party purchased the property and U.S. Bank purchased the property for $235,000. Id. ¶ 48. Then, despite representations that Wells Fargo would attempt to have the sale rescinded, U.S. Bank recorded the foreclosure deed. Id. ¶ 47, 49. Moreover, without evaluating Blackwood's package, the defendants commenced eviction proceedings against Blackwood in Boston Housing Court. Id. ¶ 51. Thereafter, Blackwood commenced the instant action.

In Count I of the Complaint, Blackwood contends that the defendants committed unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A by wrongfully foreclosing on the mortgage when the loan modification was being considered. Id. ¶ 56. According to Blackwood, such conduct violated HAMP regulations and Blackwood should have been able to rely on the defendants' compliance with the regulations. See id. ¶ 59-61. In addition, the defendants allegedly violated chapter 93A by repeatedly misrepresenting that the foreclosure sale would be postponed while the loan modification package was being considered, but failing to halt the foreclosure sale. Id. ¶¶ 57, 65. Blackwood sent the defendants a demand letter on January 22, 2010, but the defendants failed to respond within the 30 day period prescribed by statute. Id. ¶ 64.

In Count II of the Complaint, Blackwood alleges that the defendants violated the

implied covenant of good faith and fair dealing, and "did not exercise good faith or reasonable diligence in conducting the foreclosure sale of the Plaintiff's home." Id. ¶ 68. Specifically, Blackwood contends that the defendants breached their duty of good faith and fair dealing by proceeding with the foreclosure sale while assuring Blackwood that he was being considered for, and was very close to being granted a loan modification, by refusing to rescind the foreclosure sale and recording the deed after being notified that the sale was possibly invalid, and by filing a summary process eviction action despite being informed in the chapter 93A demand letter of the problems with the foreclosure process. Id. ¶ 69. Finally, in Count III, Blackwood contends that he is an intended third party beneficiary under the HAMP contract and that the defendants breached their contract with Fannie Mae by, among other things, foreclosing before making a final determination as to Blackwood's eligibility for a loan modification. Id. ¶¶ 72, 75, 78.

Additional facts will be provided below where appropriate.

### III.  DISCUSSION

#### A.  Standard of Review

The standard for evaluating a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is essentially the same as the standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Fotos, 154 F. Supp. 2d at 213, and cases cited. Thus, the court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of the non-moving party. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). Judgment on the pleadings is only appropriate if the pleadings, so

viewed, fail to support "'a plausible entitlement to relief.'" Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)).

Two underlying principles must guide the court's assessment as to the adequacy of the pleadings to support a claim for relief. Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009). "'First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' Such conclusory statements are 'not entitled to the assumption of truth.'" Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)) (internal citations omitted). Second, the complaint must state "a plausible claim for relief[.]" Id. (quoting Ashcroft, 129 S. Ct. at 1950). "This second principle recognizes that the court's assessment of the pleadings is 'context specific,' requiring 'the reviewing court to draw on its judicial experience and common sense.' '[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.'" Id. (quoting Ashcroft, 129 S. Ct. at 1950) (internal quotations and citation omitted; alterations in original). Applying these principles to the instant case, the motion for judgment on the pleadings as to Counts I and II is denied without prejudice, and is allowed as to Count III.

### B. Count I - Mass. Gen. Laws ch. 93A

The defendants contend that the HAMP program does not create a private cause of

action, and that it is a comprehensive statutory scheme which precludes a state law claim of alleged unfair and deceptive acts or practices. This court concludes, however, that regardless whether there is a private right of action under HAMP, it is not inconsistent with the HAMP program to allow a claim to proceed under Mass. Gen. Laws ch. 93A. Blackwood has alleged sufficient facts to state such a claim, and the motion for judgment on the pleadings as to Count I is denied.

For purposes of addressing the defendants' motion as to Count I, it is not necessary for this court to determine whether the HAMP program creates a private cause of action, and for present purposes the court will assume, arguendo, that there is no private cause of action. The issue before this court remains "whether the absence of a private right of action under HAMP necessarily precludes recovery for [the defendants'] actions under Chapter 93A, which is a different statutory scheme." Morris v. BAC Home Loans Servicing, L.P., No. 10-11572-PBS, 2011 WL 1226974, at *2 (D. Mass. Apr. 4, 2011). This court joins the other courts of this District which have found that the HAMP statutory scheme does not preclude an action under chapter 93A. See, e.g., id. at *3 ("a violation of HAMP that is deceptive or unfair could create a viable claim for relief under Chapter 93A"); Bosque v. Wells Fargo Bank, N.A., No. 10-10311-FDS, 2011 WL 304725, at *8 (D. Mass. Jan. 26, 2011) (allegations "that defendant made deceptive, false or misleading representations to plaintiffs regarding their eligibility for a permanent loan modification and their rights under HAMP" "are plainly sufficient to state a claim under ch. 93A for unfair or deceptive practices"); Ording v. BAC Home Loans Servicing, LP,

No. 10-10670-MBB, 2011 WL 99016, at *7 (D. Mass. Jan. 10, 2011) ("the lack of a private cause of action under HAMP. . . does not automatically dispose of the chapter 93A claim").

"Even where a statute does not provide for a private remedy, chapter 93A 'is the appropriate avenue through which the plaintiff may seek a remedy for the violation' thereof." Ording, 2011 WL 99016, at *6 (quoting J.E. Pierce Apothecary, Inc. v. Harvard Pilgrim Health Care, Inc., 365 F. Supp. 2d 119, 142 (D. Mass. 2005)) (internal punctuation omitted). In such circumstances, "for a cause of action pursuant to chapter 93A to proceed, the violation must be determined to be unfair or deceptive in and of itself and additionally it must be shown that 'recovery under chapter 93A is compatible with the objectives and enforcement mechanisms of the underlying statute.'" Id. (quoting Whitehall Co. Ltd. v. Merrimack Valley Distrib. Co., 56 Mass. App. Ct. 853, 858, 780 N.E.2d 479, 483 (2002)) (internal punctuation omitted). Blackwood has satisfied these requirements.

"Chapter 93A punishes 'unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.'" Lechoslaw v. Bank of Am., N.A., 618 F.3d 49, 58 (1st Cir. 2010) (quoting Mass. Gen. Laws ch. 93A, § 2(a)). Here, Blackwood has alleged numerous misrepresentations regarding the status of his application for a HAMP modification as well as concerning the defendants' intention to foreclose. He has also alleged violations of specific HAMP regulations which prohibit foreclosures while the applications are pending. "[W]here foreclosure of a mortgage,

-8-

even on an actual default, is conducted in bad faith to the detriment of the mortgagor, an action [under chapter 93A] will lie." Kattar v. Demoulas, 433 Mass. 1, 13, 739 N.E.2d 246, 257 (2000). See also Morse v. Mut. Fed. Sav. & Loan Ass'n of Whitman, 536 F. Supp. 1271, 1282 (D. Mass. 1982) (wrongful institution of foreclosure proceedings may constitute a violation of chapter 93A). Moreover, the alleged misrepresentations concerning Blackwood's rights under HAMP and that the foreclosure would not go forward if Blackwood complied with the defendants' requests for documentation, which he did, "are plainly sufficient" to state a 93A violation. Bosque, 2011 WL 304725, at *8. Thus, the conduct complained of is "of the type that would be independently actionable conduct under chapter 93A even absent the violation of a statutory provision[.]" Morris, 2011 WL 1226974, at *3.

This court also finds that "recovery under 93A for violations of HAMP is compatible with the objectives and enforcement mechanisms of HAMP." Id. at *5 (quotation omitted). Allowing homeowners facing foreclosure to recover damages under chapter 93A for a defendant's failure to comply with HAMP is compatible with the HAMP objective of providing relief to defaulting borrowers so as to enable them to stay in their homes. See id., and cases cited. Since Blackwood has satisfied the elements necessary to establish a chapter 93A claim even absent a private right of action under HAMP, the motion for judgment on the pleadings concerning Blackwood's 93A claim is denied.

    C.    **Implied Covenant of Good Faith and Fair Dealing**

The plaintiff contends that because he is an intended third-party beneficiary of the defendants' SPA with Freddie Mac, he can enforce the contract (Count III) and maintain an action for breach of the implied covenant of good faith and fair dealing (Count II). See Pl. Mem. (Docket No. 18) at 17-18. Whether Blackwood can maintain a breach of contract action as an intended third-party beneficiary of the SPA will be discussed infra. This court finds, however, that since Blackwood's Complaint states a claim that the defendants breached their obligation of good faith by foreclosing when they had no right to do so (either because they promised they wouldn't or because they were prohibited from doing so under their SPA while the loan modification application was pending), Count II should not be dismissed at this early stage in the litigation.

"It is familiar law that a mortgagee in exercising a power of sale in a mortgage must act in good faith and must use reasonable diligence to protect the interests of the mortgagor." W. Roxbury Co-op. Bank v. Bowser, 324 Mass. 489, 492, 87 N.E.2d 113, 115 (1949). Accord Seppala & Aho Const. Co., Inc. v. Petersen, 373 Mass. 316, 320, 367 N.E.2d 613, 616 (1977), and cases cited; Pehoviak v. Deutsche Bank Nat'l Trust Co., No. 10-P-461, 79 Mass. App. Ct. 1101, 942 N.E.2d 208, 2011 WL 722613, at *1 (Mass. App. Ct. March 3, 2011) (table). At least one judge in this jurisdiction has found that where the mortgagee has scheduled a foreclosure sale while the plaintiff's request for a loan modification was pending, in violation of HAMP guidelines, there was a substantial likelihood that the plaintiff would prevail on his claim that the mortgagee had violated its duty to act in good faith. See Cruz v. Hacienda Assoc., LLC, Bankr. No. 10-43793-

MSH, 2011 WL 285229, at *3 (Bankr. D. Mass. Jan. 26, 2011). Another judge of the Massachusetts Bankruptcy Court recently ruled that "[i]n view of the novelty of this theory, the lack of Massachusetts case law on point, and the lack of argument on it from [the mortgagee]," he would deny a motion to dismiss, and leave for summary judgment the issue whether a Bank's refusal to offer a loan modification before foreclosing, as required under its SPA, constituted a violation of its duty of good faith and reasonable diligence. See Fernandes v. U.S. Bank, N.A., Bankr. No. 10-17925-FJB, 2011 WL 322017, at *1 (Bankr. D. Mass. Jan. 31, 2011). A similar result is warranted here. As detailed above, Blackwood has stated a claim for unfair and deceptive acts and practices in conducting the foreclosure sale when it did. If, as Blackwood has alleged, the defendants foreclosed when they lacked the legal authority to do so, they acted in violation of their obligation to protect the mortgagor. See Seppalo v. Aho Constr. Co., 373 Mass. at 321, 367 N.E.2d at 616 (obligation of foreclosing mortgagee to act in good faith and with reasonable diligence is designed to protect mortgagor and those holding junior encumbrances). The motion to dismiss Count II will be denied, and the validity of this legal theory can be addressed further at the summary judgment stage.

### D.     Breach of Contract

In Count III of his Complaint, Blackwood alleges that he is an intended third party beneficiary under the defendants' HAMP contracts and, therefore, is entitled to enforce the terms of the SPA and HAMP directives and guidance. The defendants have moved to dismiss this count on the grounds that Blackwood has failed to establish that he is an

-11-

intended third party beneficiary of these contracts.  This court agrees.

As plaintiff has appropriately recognized, this court's prior rulings on this issue have been made in different contexts, and in cases where the issue was not fully analyzed by the parties.  See Pl. Mem. at 15 (citing McKensi v. Bank of Am., N.A., No. 09-cv-11940, 2010 WL 3781841 (D. Mass. Sept. 22, 2010); Menorah v. Bank of Am., N.A., No. 10-11461 (D. Mass. Nov. 1, 2010)).  Nevertheless, even those courts finding a cause of action for breach of the implied obligation of good faith in connection with foreclosure sales have concluded that the borrowers are not intended third party beneficiaries under the HAMP contracts.  See, e.g., Fernandes, 2011 WL 322017, at *2, and cases cited (there is no private right of action under HAMP); Cruz, 2011 WL 285229, at *2, and cases cited ("consumers have no private cause of action as third party beneficiaries to enforce HAMP violations by their servicers).  Moreover, Massachusetts courts have consistently rejected the argument that there is a private right of action under HAMP by intended third party beneficiaries.  See, e.g., Brown v. Bank of Am. Corp., No. 10-11085-GAO, 2011 WL 1311278, at *4 (D. Mass. March 31, 2011), and cases cited; Durmic v. J.P. Morgan Chase Bank, N.A., No. 10-CV-10380-RGS, 2010 WL 4825632, at *2 n.9 (D. Mass. Nov. 24, 2010) (slip.op.).  While "[i]n cases dealing with different kinds of government contracts, Courts have afforded plaintiffs third-party beneficiary status under circumstances that are similar to those at issue in this case[,]" this court agrees that the language of the SPA is "dispositive" and "is devoid of any intent to grant qualified borrowers the right to enforce the Agreement."  Speleos v. BAC Home Loans Servicing,

L.P., No. 10-11503-NMG, 2010 WL 5174510, at *4-5 (D. Mass. Dec. 14. 2010). Such a conclusion is also consistent with the principle that "[p]arties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary." Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir. 1999). This court finds the rationale of these cases persuasive, and Count III, asserting a breach of contract claim, will be dismissed

### IV. CONCLUSION

For the reasons detailed herein, the defendants' Motion for Judgment on the Pleadings (Docket No. 14) is ALLOWED IN PART and DENIED IN PART. Count III will be dismissed, but the case will proceed as to Counts I and II.

                                      / s / Judith Gail Dein
                                      Judith Gail Dein
                                      United States Magistrate Judge