*EXHIBIT 5*

**Help for America's Homeowners**  MAKING HOME AFFORDABLE

*Supplemental Directive 09-08*            *November 3, 2009*

*Home Affordable Modification Program – Borrower Notices*

**Background**

In Supplemental Directive 09-01, the Treasury Department (Treasury) announced the eligibility, underwriting and servicing requirements for the Home Affordable Modification Program (HAMP). Under HAMP, servicers apply a uniform loan modification process to provide eligible borrowers with sustainable monthly payments for their first lien mortgage loans. While HAMP program guidelines are intended to reach a broad range of at-risk borrowers, there will be loans that cannot be approved for a HAMP Trial Period Plan (Trial Period Plan) or official HAMP modification, and there will be borrowers who choose not to accept a Trial Period Plan or official HAMP modification offer. In such cases, borrowers must be informed in writing of the reasoning for servicer determinations regarding program eligibility.

This Supplemental Directive provides guidance to servicers of first lien mortgage loans that are not owned or guaranteed by Fannie Mae or Freddie Mac (Non-GSE Mortgages). Servicers of mortgage loans that are owned or guaranteed by Fannie Mae or Freddie Mac should refer to the related HAMP guidelines issued by the applicable GSE.

Servicers participating in HAMP with respect to Non-GSE Mortgages are required to execute a Servicer Participation Agreement, through which they are contractually obligated to "perform the services required under the Program Documentation and the Agreement in accordance with the practices, high professional standards of care, and degree of attention used in a well managed [servicing] operation". That high standard of care is considered to include providing borrowers with timely and accurate written communication about the modification process, including but not limited to, notice that a borrower will not be offered a HAMP modification. This Supplemental Directive provides servicers with additional guidance related to the format, content and timing of notices that must be provided to borrowers requesting consideration for a HAMP modification (Borrower Notices). This Supplemental Directive is effective January 1, 2010; however, servicers are encouraged to implement this guidance as soon as possible.

**Borrower Notices**

A servicer must send a Borrower Notice to every borrower that has been evaluated for HAMP but is not offered a Trial Period Plan, is not offered an official HAMP modification, or is at risk of losing eligibility for HAMP because they have failed to provide required financial documentation. The written notices must comply with all laws, rules and regulations including but not limited to, the Equal Credit Opportunity Act, when applicable to the transaction.

**Evaluation for HAMP.** Supplemental Directive 09-06 announced additional data reporting requirements that are triggered when a mortgage loan is evaluated for HAMP. It provided that a mortgage is evaluated for HAMP when one of the following events has occurred:

- A borrower has submitted a written request (either hardcopy or electronic submission) for consideration for a HAMP modification that includes, at a minimum, current borrower income and a reason for default or explanation of hardship, as applicable; or
- A borrower has verbally provided sufficient financial and other data to allow the servicer to complete a Net Present Value (NPV) analysis; or
- A borrower has been offered a Trial Period Plan.

When a borrower is evaluated for HAMP and the borrower is not offered a Trial Period Plan or official HAMP modification, servicers are required to provide data specified in *Schedule IV* of Supplemental Directive 09-06 (Schedule IV) to Fannie Mae as Treasury's program administrator. The data reporting requirements in Schedule IV are designed to document the disposition of borrowers evaluated for HAMP.

Whenever a servicer is required to provide data specified in Schedule IV, the servicer must also comply with the requirements in this Supplemental Directive and send the appropriate Borrower Notice. With the exception of the Notice of Incomplete Information, all Borrower Notices must be mailed no later than 10 business days following the date of the servicer's determination that a Trial Period Plan or official HAMP modification will not be offered. Borrower Notices may be sent electronically only if the borrower has previously agreed to exchange correspondence relating to the modification with the Servicer electronically.

**Content of Borrower Notices.** The content of the Borrower Notices will vary depending on the information intended to be conveyed or the determination made by the servicer. All Borrower Notices must be written in clear, non-technical language, with acronyms and industry terms such as "NPV" explained in a manner that is easily understandable. The explanation(s) should relate to one or more of the Not Approved/Not Accepted reason codes specified in Schedule IV. Model clauses for reasons that relate to the codes in Schedule IV are attached as Exhibit A. Use of the model clauses is optional; however, they illustrate a level of specificity that is deemed to be in compliance with the language requirements of this Supplemental Directive.

- *Non-Approval* – for borrowers not approved for a Trial Period Plan or official HAMP modification, this notice must provide the primary reason or reasons for the non-approval. The notice must also describe other foreclosure alternatives for which the borrower may be eligible, if any, including but not limited to other modification programs, short sale and/or deed in lieu or forbearance, and identify the steps the borrower must take in order to be considered for those options. If the servicer has already approved the borrower for another foreclosure alternative, information necessary to participate in or complete the alternative should be included. Whenever a non-government foreclosure prevention option is discussed, the notice should be clear that the borrower was considered for but is not eligible for HAMP.

When the borrower is not approved for a HAMP modification because the transaction is NPV negative, the notice must, in addition to an explanation of NPV, include a list of certain input fields that are considered in the NPV decision and a statement that the borrower may, within 30 calendar days of the date of the notice, request the date the NPV calculation was completed and the values used to populate the NPV input fields defined in Exhibit A. The purpose of providing this information is to allow the borrower the opportunity to correct values that may impact the analysis of the borrower's eligibility.

If the borrower, or the borrower's authorized representative, requests the specific NPV values orally or in writing within 30 calendar days from the date of the notice, the servicer must provide them to the borrower within 10 calendar days of the request. If the loan is scheduled for foreclosure sale when the borrower requests the NPV values, the servicer may not complete the foreclosure sale until 30 calendar days after the servicer delivers the NPV values to the borrower. This will allow the borrower time to make a request to correct any values that may have been inaccurate.

Upon written receipt from the borrower of evidence that one or more of the NPV values is inaccurate, the servicer must verify the evidence and if accurate must re-run the NPV calculation if the correction is material and is likely to change the NPV outcome. Other values not affected by the correction do not need to be changed from the first NPV calculation. If the borrower identifies inaccuracies in the NPV values, the servicer must suspend the foreclosure sale until the inaccuracies are reconciled. Servicers are not required to provide the numeric NPV results or NPV input values not enumerated in Exhibit A.

- *Payment Default During the Trial Period Plan* – this notice informs the borrower that the borrower failed to make all the trial period payments by the end of the Trial Period Plan and is in default. The notice must also describe other foreclosure alternatives for which the borrower may be eligible, if any, including but not limited to other modification programs, short sale and/or deed in lieu or forbearance and identify the steps the borrower must take in order to be considered for these options. If the servicer has already approved the borrower for another foreclosure alternative, information necessary to participate in or complete the alternative should be included. Whenever a non-government foreclosure prevention option is discussed, the notice should be clear that the borrower was considered for but is not eligible for HAMP.

- *Loan Paid Off or Reinstated* – this notice confirms that the subject loan was paid off or reinstated and must provide the payoff or reinstatement date. If the loan was reinstated this notice must include a statement that the borrower may contact the servicer to request reconsideration under HAMP if they experience a subsequent financial hardship.

- *Withdrawal of Request or Non-Acceptance of Offer* – this notice confirms that the borrower withdrew the request for consideration for either a Trial Period Plan or HAMP modification or did not accept a either a Trial Period Plan or a HAMP modification offer. Failure to make the first trial period payment in a timely manner is considered non-acceptance of the Trial Period Plan.

- *Incomplete Information* – this notice provides a list of the financial verification documents the servicer previously requested from the borrower but has not received. Servicers must develop and implement outreach procedures to obtain financial information from borrowers who do not provide verification documentation in a timely manner. As part of these procedures, the servicer must mail the borrower a notice listing all documents needed to complete the evaluation and a date by which the information must be received before the borrower becomes ineligible for HAMP. If the borrower fails to provide all required verification documents by the date provided, the servicer will declare the borrower ineligible for a modification and send the borrower a Non-Approval Notice.

When used to determine if a borrower is qualified for a verified income Trial Period Plan, the servicer must send the notice to the borrower no earlier than 30 days after the date of the first written request for documentation and not less than 30 days before the servicer discontinues its evaluation for HAMP. When used in conjunction with a Trial Period Plan based on stated income, the servicer must send the notice not less than 30 calendar days prior to the expiration of a Trial Period Plan.

As provided in Supplemental Directive 09-01, a servicer that offers a Trial Period Plan to a borrower based on stated income must obtain financial documentation in order to verify the borrower's eligibility for a HAMP modification. Supplemental Directive 09-01 provides that the servicer may, in its discretion, consider the offer of a Trial Period Plan to have expired at the end of 60 days if the borrower has not submitted the required documentation. The servicer must consider the Trial Period Plan to have expired if the borrower has not submitted the required documentation by the end of the trial period.

All Borrower Notices must also include the following:

- A toll-free number through which the borrower can reach a servicer representative capable of providing specific details about the contents of the Borrower Notice and reasons for a non-approval determination.
- The HOPE Hotline Number (888-995-HOPE), with an explanation that the borrower can seek assistance at no charge from HUD-approved housing counselors and can request assistance in understanding the Borrower Notice by asking for MHA HELP.
- Any information, disclosures or notices required by the borrower's mortgage documents and applicable federal, state and local law.

## Compliance

Treasury has selected Freddie Mac to serve as its compliance agent for HAMP. Supplemental Directive 09-01 describes the overall roles and responsibilities of servicers and the compliance agent in performing servicer reviews and oversight, which are unchanged by this Supplemental Directive. As compliance agent, Freddie Mac will examine the expanded reporting codes provided to Treasury, the content and distribution of Borrower Notices sent to borrowers, and the responsiveness of the servicer's customer service hotline for borrowers seeking additional detail about the information contained in the Borrower Notice. Servicers are expected to retain in the

borrower file a copy of the Borrower Notice(s) sent to the borrower. The review will also confirm the existence and evaluate the effectiveness of the servicer's quality assurance program as it relates to the notification process and customer service hotline. Such evaluation will include, without limitation, the timing and size of the sample selection, the scope of the quality assurance reviews, and the reporting and remediation process.

# Exhibit A

# Model Clauses for Borrower Notices

The model clauses in this exhibit provide sample language that may be used to communicate the status of a borrower's request for a Home Affordable Modification. The model clauses relate to the Not Approved/Not Accepted reason codes in *Schedule IV* of Supplemental directive 09-06. Use of the model clauses is optional, however, they illustrate a level of specificity that is deemed to be in compliance with language requirements of the program.

### *Non Approval Notice*

1. **Ineligible Mortgage.** We are unable to offer you a Home Affordable Modification because your loan did not meet one or more of the basic eligibility criteria of the Home Affordable Modification Program.

    ☐ You did not obtain your loan on or before January 1, 2009.

    ☐ Your loan with us is not a first lien mortgage.

    ☐ The current unpaid principal balance on your loan is higher than the program limit. ($729,750 for a one unit property, $934,200 for a two unit property, $1,129,250 for a three unit property and $1,403,400 for a four unit property).

2. **Ineligible Borrower.** We are unable to offer you a Home Affordable Modification because your current monthly housing expense, which includes the monthly principal and interest payment on your first lien mortgage loan plus property taxes, hazard insurance and homeowner's dues (if any) is less than or equal to 31% of your gross monthly income (your income before taxes and other deductions) which, (*select one*) [you told us is $_____] OR [we verified as $_____]. Your housing expense must be greater than 31% of your gross monthly income to be eligible for a Home Affordable Modification. If you believe this verified income is incorrect, please contact us at the number provided below.

3. **Property Not Owner Occupied.** We are unable to offer you a Home Affordable Modification because you do not live in the property as your primary residence.

4. **Ineligible Property.** We are unable to offer a Home Affordable Modification because your property:

    ☐ Is vacant

    ☐ Has been condemned.

    ☐ Has more than four dwelling units.

5. **Investor Guarantor Not Participating.** We are unable to offer you a Home Affordable Modification because:

   ☐ We service your loan on behalf of an investor or group of investors that has not given us the contractual authority to modify your loan under the Home Affordable Modification Program.

   ☐ Your loan is insured by a private mortgage insurance company that has not approved a modification under the Home Affordable Modification Program.

   ☐ Your loan is guaranteed and the guarantor has not approved a modification under the Home Affordable Modification Program.

6. **Bankruptcy Court Declined.** We are unable to offer you a Home Affordable Modification because you have filed for bankruptcy protection and the proposed modified loan terms were not approved by the Bankruptcy Court. You may wish to contact your bankruptcy counsel or trustee to discuss this decision.

7. **Negative NPV.** The Home Affordable Modification Program requires a calculation of the net present value (NPV) of a modification using a formula developed by the Department of the Treasury. The NPV calculation requires us to input certain financial information about your income and your loan including the factors listed below. When combined with other data in the Treasury model, these inputs estimate the cash flow the investor (owner) of your loan is likely to receive if the loan is modified and the investor's cash flow if the loan is not modified. Based on the NPV results the owner of your loan has not approved a modification.

   If we receive a request from you within 30 calendar days from the date of this letter, we will provide you with the date the NPV calculation was completed and the input values noted below. If, within 30 calendar days of receiving this information you provide us with evidence that any of these input values are inaccurate, and those inaccuracies are material, for example a significant difference in your gross monthly income or an inaccurate zip code, we will conduct a new NPV evaluation. While there is no guarantee that a new NPV evaluation will result in the owner of your loan approving a modification, we want to ensure that the NPV evaluation is based on accurate information.

   Available NPV Inputs
   a. Unpaid balance on the original loan as of [Data Collection Date]
   b. Interest rate before modification as of [Data Collection Date].
   c. Months delinquent as of [Data Collection Date]
   d. Next ARM reset date (if applicable)
   e. Next ARM reset rate (if applicable)
   f. Principal and interest payment before modification
   g. Monthly insurance payment
   h. Monthly real estate taxes
   i. Monthly HOA fees (if applicable)
   j. Monthly gross income
   k. Borrower's Total Monthly Obligations
   l. Borrower FICO

  m. Co-borrower FICO (if applicable)
  n. Zip Code
  o. State

8. **Default Not Imminent.** We are unable to offer you a Home Affordable Modification because you are current on your mortgage loan and after reviewing the financial information you provided us we have determined that you are not at risk of default because:

    ☐ You have not documented a financial hardship that has reduced your income or increased your expenses, thereby impacting your ability to pay your mortgage as agreed.

    ☐ You have sufficient net income to pay your current mortgage payment.

    ☐ You have the ability to pay your current mortgage payment using cash reserves or other assets.

9. **Excessive Forbearance.** We are unable to offer you a Home Affordable Modification because we are unable to create an affordable payment equal to 31% of your reported monthly gross income without changing the terms of your loan beyond the requirements of the program.

10. **Previous HAMP Modification.** We are unable to offer you a Home Affordable Modification because your loan was previously modified under the Home Affordable Modification Program. The program does not allow more than one modification.

11. **Request Incomplete.** We are unable to offer you a Home Affordable Modification because you did not provide us with the documents we requested. A notice which listed the specific documents we needed and the time frame required to provide them was sent to you more than 30 days ago.

12. **Trial Plan Default.** We are unable to offer you a Home Affordable Modification because you did not make all of the required Trial Period Plan payments by the end of the trial period.

***Loan Paid Off or Reinstated.*** We are not considering your request for a modification because:

  ☐ Your loan was paid in full on _____.

  ☐ Your loan was reinstated on _____ and you no longer appear to be in need of modification. If you feel that you are at risk of default please contact us to discuss your eligibility and qualification for a Home Affordable Modification.

***Offer Not Accepted by Borrower / Request Withdrawn.*** We are not considering your request for a modification because:

  ☐ After being offered a Trial Period Plan or Home Affordable Modification you notified us on _____ that you did not wish to accept the offer.

  ☐ After initially asking to be considered for a Home Affordable Modification you withdrew that request on _____.

***Incomplete Information Notice.*** We cannot continue to review your request for a Home Affordable Modification because:

- ☐ You are currently in a Trial Period Plan, however you have not provided all of the documentation we previously requested. If we do not receive the required documents by [insert expiration date of Trial Period Plan but no less than 30 days from the date of the letter] we will terminate your Trial Period Plan and may resume other means to collect any amounts due on your account. The documents we need are: [Insert list of required documents]

- ☐ You have requested consideration for a Trial Period Plan, however, you have not provided all of the documentation we previously requested. If we do not receive the required documents by [insert date no less than 30 days from the date of the letter] we will consider that you have withdrawn your request for a modification and may resume other means to collect any amounts due on your account. The documents we need are: [Insert list of required documents.]