**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:  Bank of America Home Affordable Modification Program (HAMP) Contract Litigation | No. 1:10-md-02193 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 12(e), Defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, L.P., ("Bank of America"), submits this memorandum of law in support of its motion for a more definite statement.  Despite submitting a Second Amended Consolidated Class Action Complaint ("Second Complaint") that is 130 pages long and includes nearly 600 numbered paragraphs, Plaintiffs seek to incorporate by reference thousands of additional allegations from the twenty-seven individual complaints that were consolidated in this action.  Instead of taking the time to present one unified pleading that sets forth the totality of Plaintiffs' factual allegations and claims, Plaintiffs assert in the Second Complaint that all of the allegations in the underlying complaints "are intended to be preserved as if reasserted and alleged herein," and seek to premise certain claims in the Second Complaint upon conduct alleged "in the underlying complaints."  Second Complaint (Doc. No. 69) at 3, 23, 92, 105-110.  They should not be permitted to do so.

Plaintiffs make no attempt to specify the precise claims or allegations from the underlying complaints upon which they intend to rely; rather, the Second Complaint purports to incorporate *each and every* allegation from each of the twenty-seven complaints *in addition to* the allegations in the 595-paragraph Second Complaint.  As explained below, courts have resoundingly rejected this type of wholesale incorporation as violative of the requirements of Federal Rule of Civil Procedure 8.  Plaintiffs' short-cut approach prevents Bank of America and

this Court from understanding the true scope of the allegations being asserted.  Moreover, there

is no feasible way that Bank of America can prepare a response to these incorporated allegations.

Accordingly, Bank of America requests that this Court order Plaintiffs to provide a more definite

statement of the exact allegations upon which they premise their claims to relief, so Bank of

America can adequately respond to Plaintiffs' claims.

## BACKGROUND

In a Transfer Order dated October 8, 2010, the Judicial Panel on Multidistrict Litigation

consolidated eight class actions, each of which pertains to Bank of America's implementation of

the federal government's Home Affordable Modification Program, before this Court.  Since that

time, the Panel has transferred another eighteen class actions to this Court, and this Court has

consolidated two other class actions filed in the District of Massachusetts with this proceeding.

On August 8, 2011, after this Court issued an order granting in part and denying in part Bank of

America's motion to dismiss Plaintiffs' Consolidated Class Action Complaint (Doc. No. 14),

Plaintiffs filed their Second Amended Consolidated Class Action Complaint, purporting to

"consolidate the complaints filed" in twenty-seven of the twenty-eight class actions thus far

consolidated in this proceeding.  Second Complaint (Doc. No. 69) at 1.

Plaintiffs' incorporation of allegations in the underlying complaints is rampant

throughout the Second Complaint:

- In the introductory, unnumbered first paragraph of the Second Complaint,
  Plaintiffs assert that the allegations contained in each of the twenty-seven
  underlying complaints "are intended to be preserved as if reasserted and alleged
  herein." *Id.* at 3.

- In their description of the Factual Background, Plaintiffs claim that certain allegations are "evidenced by the individual allegations set forth below and in the underlying complaints." *Id.* at 23.

- In their description of the purported putative Trial Period Plan Classes, Plaintiffs state that many of the alleged common questions of law and fact are based on circumstances "described herein and in the underlying complaints" that they claim amount to a breach of contract and/or breach of the covenant of good faith and fair dealing. *Id.* at 92.

- In Count VI of the Second Complaint, which purports to state claims for alleged violations of various states' consumer protection laws, Plaintiffs repeatedly rely upon Bank of America's "conduct as set forth herein and as alleged in the underlying complaints" as a basis for their supposed entitlement to relief. *See generally id.* at 105-110.

## ARGUMENT

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Though "[c]ourts do not invoke Rule 12(e) frequently," a party should be ordered to provide a more definite statement when the opposing party "is unable to determine the issues he must meet." *Pearce v. Duchesneau Group, Inc.*, 392 F. Supp. 2d 63, 68 (D. Mass. 2005) (citations and internal quotation marks omitted). A court may grant a motion under Rule 12(e) where the "complaint pleads a viable legal theory but is so unclear that the opposing party cannot respond to the complaint or frame an answer." *Carter v. Newland*, 441 F. Supp. 2d 208, 214 (D. Mass. 2006).

This is precisely the case presented here—Plaintiffs' attempt to incorporate each and every one of the allegations presented in the twenty-seven underlying complaints into the Second Complaint (on top of the nearly 600 paragraphs of allegations already in the Second Complaint) gives Defendants no notice of precisely what is being alleged against them and no opportunity to respond to those allegations.

## I.      THE ALLEGATIONS AGAINST BANK OF AMERICA IN THE SECOND COMPLAINT ARE TOO VAGUE AND AMBIGUOUS FOR BANK OF AMERICA TO RESPOND.

Plaintiffs' wholesale incorporation of twenty-seven distinct complaints into the Second Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that Plaintiffs provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of this rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs' references back to the underlying complaints do not give Bank of America fair notice of the grounds upon which Plaintiffs' claims rest and are a prime example of the type of "shotgun pleading" disfavored by federal courts.

The most common example of a shotgun pleading occurs where a plaintiff seeks to incorporate by reference each and every preceding allegation of a complaint into each of his or her claims.  *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts ( i.e., all but the first) contain irrelevant factual allegations and legal conclusions."); *see also In re Metropolitan Sec. Litig.*, 532 F. Supp. 2d 1260, 1279 (E.D. Wash. 2007) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.").  The Second Complaint presents a variation

4

on this theme that is even more egregious:  Plaintiffs not only "repeat and re-allege every allegation above" into each of the Counts of the Second Complaint, *see* Second Complaint (Doc. No. 69) at ¶¶ 492, 499, 516, 525, 532, 539, 578, 585, they compound this confusion by purporting to incorporate each allegation of each of the underlying complaints into the Second Complaint, *see id.* at 3, 105-110.  A wholesale incorporation of this type should not be allowed. *Cf. Thomsen v. County of Erie*, No. 00-CV-0280E(SC), 2006 WL 212005, *1 (W.D.N.Y. Jan. 26, 2006) ("[P]laintiff's attempt to incorporate his 55-page Original Complaint and his 45-page First Amended Complaint is impermissible.").

"A district court faced with shotgun pleadings should order a repleading for a more definite statement under Federal Rule 12(e)," *Holtz v. Harpagon Co., LLC*, No. 09-cv-03085, 2010 WL 2595075, *4 (N.D. Ga. June 25, 2010), and federal courts frequently do so because of the negative consequences that result.  "[E]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, [and] the litigants suffer." *Mason v. County of Orange*, 251 F.R.D. 562, 563-64 (C.D. Cal. 2008) (citation and internal quotation marks omitted).  As the Eleventh Circuit has explained:

> In addition to watering down the rights of the parties to have valid claims litigated efficiently—whether the plaintiff's or the defendants—shotgun pleadings wreak havoc on the judicial system.  Cases framed by shotgun pleadings consume an inordinate amount of a court's time.  As a result, justice is delayed, if not denied, for litigants who are standing in the queue waiting to be heard.  Their impression of the court's ability to take care of its business can hardly be favorable.  As the public becomes aware of the harm suffered by the victims of shotgun pleading, it, too, cannot help but lose respect for the system.  Moreover, the consequence of a trial court's inability, or apparent unwillingness, to halt the use of shotgun pleadings may prompt parties to turn to non-judicial forums to resolve their disputes.
>
> Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice.  The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard.  Wasting

scarce judicial and parajudicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice.

*Byrne v. Nezhat*, 261 F.3d 1075, 1130-31 (11th Cir. 2001) (citations, footnotes, quotations and alterations omitted).

Plaintiffs' incorporation of every single allegation in the twenty-seven underlying complaints from the consolidated actions into the Second Complaint is an egregious example of shotgun pleading that presents all of these problems. Rather than simply repleading the relevant allegations, and *only* the relevant allegations, in the Second Complaint, thereby informing both Bank of America and the Court exactly what is being alleged, Plaintiffs have essentially appended each and every prior complaint to the Second Complaint. Bank of America cannot frame a response to the Second Complaint because it is not clear what allegations from the underlying complaints are being asserted against it in this case, and as to which claims. Even if Plaintiffs intended, as it appears, to restate *every* allegation from those complaints in the Second Complaint, it is not feasible for Bank of America to provide the type of response required by Federal Rule 8(b): without responding to each of the underlying complaints, Bank of America cannot "state in short and plain terms its defenses to each claim asserted against it" and cannot "admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1). Moreover, this shotgun pleading will make it impossible for the parties to narrow the scope of discovery; the parties will have to conduct discovery on each of the allegations in the underlying complaints— effectively nullifying any benefits of efficiency that consolidation of the various complaints would otherwise have offered.

The confusion and imprecision that results from Plaintiffs' purported incorporation of the underlying complaints into the Second Complaint is illustrated in one particularly glaring example by Plaintiffs' claims under the Michigan and Colorado Consumer Protection Acts.

With respect to those claims, Plaintiffs aver, respectively, that "[Bank of America's] conduct as set forth herein and as alleged in the underlying complaint violates the Michigan Consumer Protection Act," and that "[Bank of America's] conduct as set forth herein and as alleged in the underlying complaint violates the Colorado Consumer Protection Act."  Second Complaint (Doc. No. 69) at 110, ¶¶ 575-76.  Bank of America can only guess as to which of the underlying complaints Plaintiffs are referencing in these paragraphs, as none of the consolidated complaints was filed in either Michigan or Colorado, *see id.* at 1-2, none of those complaints purports to state claims under either the Michigan or Colorado Consumer Protection Acts, and none of those complaints was brought by a named Plaintiff who resides in either Michigan or Colorado.[1] Requiring Bank of America to guess about the allegations being asserted against it runs directly afoul of the purpose and requirements of Rule 8.

This Court should require Plaintiffs to provide a more definite statement, consolidating any duplicative allegations from the underlying complaints and clarifying exactly which allegations set forth in the twenty-seven underlying complaints are intended to be incorporated into the Second Complaint.

## II.   THE "ADOPTION BY REFERENCE" PROVISION OF FEDERAL RULE 10(c) DOES NOT JUSTIFY PLAINTIFFS' INCORPORATION OF ALL ALLEGATIONS FROM THE UNDERLYING COMPLAINTS.

While Federal Rule of Civil Procedure 10(c) provides that "[a] statement in a pleading may be adopted by reference . . . in any other pleading or motion," that provision does not excuse Plaintiffs' attempt to incorporate the underlying complaints wholesale into the Second Complaint.  "[I]t is well-settled, as a leading treatise notes, that incorporation by reference under Rule 10(c) 'must be direct and explicit, in order to enable the responding party to ascertain the

---

[1] The only two named Plaintiffs who are residents of either Michigan or Colorado are Ana Torrico and Victor Dugree, who were first added to this case by the Second Complaint.  *See* Second Complaint (Doc. No. 69) at 14, ¶¶ 64-66.

nature and extent of the incorporation.'"  *Hinton v. Trans Union LLC*, 654 F. Supp. 2d 440, 446 (E.D. Va. 2009) (quoting 5A Wright & Miller, Federal Practice & Procedure § 1326 (3d ed. 2004)); *see also Lowden v. William M. Mercer, Inc.*, 903 F. Supp. 212, 216 (D. Mass. 1995) (to adopt statements in an earlier pleading by reference, "[t]he later pleading must specifically identify which portions of the prior pleading are adopted therein").  "This requirement of clarity ensures fairness to the responding party, for without this requirement incorporations may prove confusing and inconvenient.  And the risk of such confusion and inconvenience is particularly high where, as here, a party seeks wholesale incorporation in an amended pleading or a superseded version of that same pleading."  *Hinton*, 654 F. Supp. 2d at 446 (internal quotation marks and citation omitted).

The *Hinton* court was faced with a situation much like that presented here, albeit on a much smaller scale:  the plaintiff had filed a first amended complaint purporting to incorporate all allegations set forth in the original complaint, and sought leave to file a second amended complaint which similarly sought to incorporate wholesale the entire first amended complaint. *Id.*  There, as here, the first amended complaint "appear[ed] to be an otherwise independent pleading, as it both renumber[ed] its paragraphs . . . and restate[d] several of the original complaint's allegations."  *Id.* at 447.  The court concluded that the "plaintiff's attempts at wholesale incorporations of his prior complaints [were] a misuse of the Rule 10(c) incorporation privilege," remarking that it was "clear that plaintiff made no effort in his incorporation clauses to be direct and explicit, nor [had] plaintiff even arguably enabled defendants to ascertain precisely which portions of the first and second amended complaints [were] not duplicative of their respective predecessors, but [were] intended to add new material."  *Id.*; *see also Wolfe v. Charter Forest Behavioral Health Sys., Inc.*, 185 F.R.D. 225, 230 (W.D. La. 1999) (rejecting

"sweeping adoption clause" adopting all allegations of prior complaints, "which serve[d] as nothing more than a boiler plate 'safety valve' ").

Plaintiffs' attempt to incorporate each and every one of the allegations from the twenty-seven discrete underlying complaints into their Second Complaint suffers from exactly these weaknesses:  there is nothing direct and explicit about Plaintiffs' statement that "the allegations in each of these class action complaints are intended to be preserved as if reasserted and alleged herein," Second Complaint (Doc. No. 69) at 3, or their similarly obtuse allegations that Bank of America's conduct "as alleged in the underlying complaints" provides a basis for their Consumer Protection Act claims, *see id.* at 105-11, or a basis for their alleged putative class status, *see id.* at 92.  Rather, those clauses appear to be exactly the type of "boiler plate safety valves" derided by both the *Hinton* and *Wolfe* courts and included in the Second Complaint as an attempt by Plaintiffs to fall back upon the allegations in the underlying complaints if it turns out they failed to properly plead any elements of any of their claims.  This type of "gotcha" pleading is not just a misuse, but an abuse, of Rule 10(c), and cannot excuse Plaintiffs' failure to provide the "short and plain statement" required by Rule 8.

## CONCLUSION

For the reasons set forth above, Defendant Bank of America, N.A., for itself and as successor by merger to BAC Home Loan Servicing, LP, respectfully requests that the Court require Plaintiffs to provide a more definite statement of the allegations upon which they seek to premise their claims for relief.

Dated:  August 29, 2011                              Respectfully submitted,

                                                     Bank of America, N.A., for itself and as
                                                     successor by merger to BAC Home Loan
                                                     Servicing, L.P.,

                                                     By their attorneys,

/s/ James W. McGarry
James W. McGarry (BBO #633726)
jmcgarry@goodwinprocter.com
Mark Tyler Knights (BBO #670991)
mknights@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel.:  617.570.1000
Fax:  617.523.1231

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 29, 2011.

/s/ James W. McGarry