**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION | No. 1:10-md-02193-RWZ |
| *This Document Relates To:*<br><br>BOYD BULLOCH; PATRICIA BULLOCH; CELSA ARENAS; JANET B'AIR; ENRIQUETA CASTILLO; GEORGE CASTILLO; LISA FAIRCLOTH; WILLIAM FAIRCLOTH; LINDA GENTRY; WENDELL GENTRY; MAYA LEWIS; ANTHONY LI; CONNIE LI; BRADLEY MAYS; PHU NGUYEN; LEONARD PASCUAL; FRANCES RANDOLPH; MELISSA RANDOLPH; RICHARD SHELER; SYLVIA THOMPSON-SHELER; FLORENCE SWICK; SUSAN VAZ; JEFFREY WELTE; ELENA WOODARD; ROSS WOODARD; TERESA YAMOMO;<br><br>Plaintiffs,<br>v.<br><br>BANK OF AMERICA CORPORATION, BANK OF AMERICA, NATIONAL ASSOCIATION, BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, NA.; FEDERAL HOME LOAN MORTGAGE CORPORATION;<br><br>Defendants. | No. 1:11-cv-10859-RWZ |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND**
**REQUEST FOR SUGGESTION OF REMAND**

COMES NOW, Plaintiffs BOYD BULLOCH, PATRICIA BULLOCH, CELSA

ARENAS, JANET B'AIR, ENRIQUETA CASTILLO, GEORGE CASTILLO, LISA

FAIRCLOTH, WILLIAM FAIRCLOTH, LINDA GENTRY, WENDELL GENTRY, MAYA LEWIS, ANTHONY LI, CONNIE LI, BRADLEY MAYS, PHU NGUYEN, LEONARD PASCUAL, FRANCES RANDOLPH, MELISSA RANDOLPH, RICHARD SHELER, SYLVIA THOMPSON-SHELER, FLORENCE SWICK, SUSAN VAZ, JEFFREY WELTE, ELENA WOODARD, ROSS WOODARD, and TERESA YAMOMO, by and through their attorney, MATTHEW Q. CALLISTER, ESQ., of the law firm of CALLISTER+ ASSOCIATES, LLC, pursuant to F.R.C.P. 15(a), moves this Honorable Court for Leave to amend their Complaint to remove the Class Action allegations. Furthermore, Plaintiffs request that this Honorable Court file a Suggestion of Remand with the United States Judicial Panel on Multidistrict Litigation.

This Motion and Request is made and based upon the Points and Authorities set forth below and as contained in **Exhibit 1** (Plaintiffs' Proposed Second Amended Complaint - Exhibits omitted), and the papers and pleadings on file herein.

### A.   LEGAL STANDARD ALLOWING AN AMENDMENT TO THE PLEADINGS.

FRCP 15(a) requires that leave to file an amended complaint be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). This standard is readily met here. Plaintiffs no longer wish to proceed with the instant action in its current form, as a Class Action. Accordingly, Plaintiffs would like to amend their Complaint and remove all of their Class Action allegations. The issues raised in the *Parsons / Bulloch* complaint do not focus on the TPP Agreement that lies at the heart of the MDL proceedings.[1]  Indeed, of the 18 borrowers (or

---

[1] Furthermore, the *Parsons / Bulloch* Plaintiffs were not included in Plaintiffs' Second Amended Consolidated Class Action Complaint, which was filed on August 8, 2011 - even more evidence that the instant action is not sufficiently similar to the consolidated actions to warrant inclusion in MDL 2193.

couples), only one explicitly alleges that they executed a HAMP TPP Agreement — Richard Sheler and Sylvia Thompson-Sheler. The *Parsons / Bulloch* Plaintiffs believe that the issues raised in their complaint are better addressed by a court on a non-class basis.. As such, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' Motion, and allow Plaintiffs' to file a Second Amended Complaint, without Class Action allegations.

**B.   PLAINTIFFS REQUEST THAT THIS HONORABLE COURT RECOMMEND REMAND BACK TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA.**

The Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation states:

> RULE 10.1:   TERMINATION AND REMAND
>
> . . . .
>
> (b)   Initiation of Remand. Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel. However, the Panel may remand an action [...], upon
>
> (i)   the transferee court's suggestion of remand,
> (ii)  the Panel's own initiative by entry of an order to show cause, a conditional remand order or other appropriate order, or
> (iii) motion of any party.

Plaintiffs have requested that this Honorable Court allow leave to Amend their Complaint, to remove the Class Action allegations. If the Court allows Plaintiffs to Amend their Complaint, Plaintiffs also request that this Court file a Suggestion of Remand with the Judicial Panel on Multidistrict Litigation. In deciding whether to issue a suggestion for remand to the Panel, a transferee court is guided by the standards for remand the Panel uses, which, generally speaking, turns on whether the case would benefit from being part of the coordinated

proceedings. In re Express Scripts, Inc., 2010 WL 5149270 at *1 (E.D.Mo. 2010), citing In re Bridgestone/Firestone, Inc., 128 F.Supp.2d 1196, 1197 (S.D.Ind.2001).

There are many reasons Plaintiffs request that this Honorable Court file a Suggestion of Remand. First, and most important, if Plaintiffs are allowed to remove their Class Action allegations, the Plaintiffs' action will no longer be a putative class action. Pursuant to the initial Transfer Order, only the putative class actions were to be consolidated into MDL 2193. At the time of the initial Transfer Order, there were individual actions that were specifically not consolidated into MDL 2193, although the individual actions shared some questions of fact with the putative class actions. The Panel stated:

> We are persuaded that the individual actions listed on Schedule B should not be included in centralized proceedings. While these actions may share some questions of fact with the putative class actions, they will focus to a large extent on individual issues of fact that are unique to each plaintiff's interactions with Bank of America. Indeed, several individual complaints do not mention HAMP at all.

See, Initial MDL Transfer Order - Dkt. 1, pg. 2

Additionally, the main cause of action in the *Parsons / Bulloch* Plaintiffs' Complaint is for violations of the Nevada Deceptive Trade Practices Act. Determinations concerning this Nevada Statute are best fit to be made by the United States District Court for the District of Nevada.

**C.   CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiff's Motion for Leave to Amend its Complaint as described above. Furthermore, Plaintiffs' respectfully request that this Honorable Court file a Suggestion of Remand with the United States Judicial Panel on

Multidistrict Litigation, in an effort to remand this action back to the United States District Court for the District of Nevada.

Dated: September 15, 2011

Respectfully submitted,

 /s/ Matthew Q. Callister

Matthew Q. Callister, Esq.
Nevada Bar No. 1396
mqc@call-law.com
CALLISTER + ASSOCIATES, LLC
823 Las Vegas Blvd. S, 5th Floor
Las Vegas, Nevada 89101
Tel.: (702) 385-3343
Fax.: (702) 385-2899
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on September 15, 2011.

      /s/ Matthew Q. Callister
      Matthew Q. Callister, Esq.