# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: Bank of America Home Affordable Modification Program (HAMP) Contract Litigation | No. 1:10-md-02193-RWZ<br><br>THIS DOCUMENT RELATES TO:<br>*Brooking et. al v. Bank of America*, N.A. et al. No. 1:10-cv-1360-JCC-TCB |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND REQUEST FOR SUGGESTION OF REMAND

Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), submits this memorandum in opposition to Plaintiffs' Motion for Leave to File Amended Complaint and Request for Suggestion of Remand ("Motion"). By their Motion, the *Brooking* plaintiffs seek to do something anathema to the purpose of multi-district litigation. Effectively, the *Brooking* plaintiffs are requesting that the Court divide their complaint in half and send half of the case back to Virginia while leaving the remainder here. As explained below, they should not be allowed to do so. Bank of America respectfully requests that the Motion be denied.

On January 6, 2011, the Judicial Panel on Multi-District Litigation (the "Panel") transferred *Brooking v. Bank of America, N.A., et al.*, No. 1:10-cv-1360-JCC-TCB (E.D. Va.) ("original *Brooking* Complaint") to this multi-district litigation ("MDL"). *See* Exhibit A (Conditional Transfer Order CTO-3). The original *Brooking* Complaint included six named plaintiffs and alleged both individual and class claims alleging breach of contract, violation of the Equal Credit Opportunity Act ("ECOA"), and violation of the Fair Credit Reporting Act ("FCRA") among others. All six named *Brooking* plaintiffs were then included as named

plaintiffs in the Third Amended Consolidated Class Action Complaint ("Consolidated Complaint") currently pending in the MDL.

Now, well over a year after the *Brooking* case was transferred to the MDL, four of the six named *Brooking* Plaintiffs are seeking leave to amend their complaint and request a suggestion of remand back to Virginia.[1]  Notably, the four named *Brooking* plaintiffs do not even acknowledge in their Motion that they are seeking to leave behind two of their named plaintiffs in the MDL.  Essentially, the *Brooking* plaintiffs seek to keep the original *Brooking* Complaint alive in both a remanded proceeding for four of the original *Brooking* plaintiffs and within the MDL for the remaining two *Brooking* plaintiffs, effectively forcing Bank of America to defend the *Brooking* suit in two forums.  They should not be permitted to do so.

## DISCUSSION

When the Panel transferred the *Brooking* case to the MDL, it did just that – it transferred the case.  Under the MDL statute, the Panel transfers entire actions, not portions of actions.  *See* 28 U.S.C. § 1407(a) ("When civil **actions** involving one or more common questions of fact are pending in different districts, such **actions** may be transferred to any district for coordinated or consolidated pretrial proceedings.") (emphasis added).  Although "[p]arties have argued to the Panel that only certain issues should be transferred for consolidated or coordinated pretrial proceedings and that certain issues should remain for consideration by the court in which the actions were initially filed[,] [t]he Panel has generally rejected these arguments." David F. Herr, *Multidistrict Lit. Man.* § 9:8 (2012) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 487-88 (J.P.M.L. 1968) (refusing to leave the question of class certification for the transferor court); *In re San Juan, Puerto Rico Air Crash Disaster*, 316 F. Supp. 981, 982 (J.P.M.L. 1970) (refusing

---

[1]  Specifically, plaintiffs Susan and Robert Brooking, Carrie Lee Arthur, and Nicole Sharrett brought the Motion, which excludes plaintiffs Aissatou Balde and Ahmad Taheri Ghomi from the proposed amended *Brooking* Complaint.

to leave damage questions in transferor court).  Moreover, although the Panel has the power to sever and remand certain claims, the Panel exercises this power sparingly.  *See, e.g.*, *In re Midwest Milk Monopolization Litig.*, 386 F. Supp. 1401, 1403 (J.P.M.L. 1975) ("The panel is empowered by statute to couple its order of transfer with a simultaneous separation and remand of any claims in an action.  Before we exercise that power, however, we must be convinced that the claims to be returned to the transferor court have little or no factual overlap with the claims to be transferred.") (internal citation omitted).

Here, the Panel found the original *Brooking* Complaint appropriate for transfer to the MDL.  Although the *Brooking* plaintiffs had no objection to that transfer at the time or in the intervening fifteen months, they now argue that remand is appropriate because the Consolidated Complaint "does not include any live claims or allegations brought by the Plaintiffs in the *Brooking* Complaint," Motion at 3.

Bank of America recognizes the quandary that the *Brooking* plaintiffs are in.  Even though the Consolidated Complaint alleges that it "incorporates" all of the underlying transferred complaints (an improper assertion itself), the Consolidated Complaint inexplicably omits many of the causes of action alleged in the various underlying transferred cases ("Excluded Claims") and fails to name many of named plaintiffs in the underlying transferred cases ("Excluded Plaintiffs").  In the face of that contradictory pleading, it is unclear whether and to what extent those Excluded Claims and Excluded Plaintiffs survive in the MDL.  Indeed, in its Answer to the Consolidated Complaint, Bank of America specifically reserved its right to challenge the survival of any Excluded Claims or Excluded Plaintiffs as a result of their omission from the Consolidated Complaint:

> [N]o response is required to the allegations in the underlying class action complaints which Plaintiffs purport to preserve as if

3

> reasserted and alleged herein and Defendant reserves all rights to challenge the survival and legal significance of the allegations in the underlying complaints. In addition, although Plaintiffs purport to list the underlying complaints that have been consolidated into this Complaint, Plaintiffs include among the list of consolidated actions, actions for which no plaintiff named in the underlying complaint is named in this consolidated Complaint, as well as actions for which plaintiffs are named in the underlying complaints but are not named in this consolidated Complaint. Defendant reserves all rights to challenge the survival of the claims asserted in the omitted complaints and by the omitted plaintiffs.

Defendant's Answer to Third Amended Consolidated Complaint, [Dec. 12, 2011] [Docket No. 94] at 1. Bank of America continues to maintain that all Excluded Claims and Excluded Plaintiffs should be deemed dismissed to the extent not specifically included in the Consolidated Complaint. *Cf. In re Am. Investors Life Ins. Co. Annuity Marketing and Sales Practices Litig.*, MDL Docket No. 1712, 2010 WL 1407308, at *4 (E.D. Pa. Apr. 7, 2010) (holding that plaintiffs' had terminated their previously filed claims against defendants who were dropped from the consolidated complaint because, among other reasons, "[a]mended complaints supersede original complaints."). It seems the *Brooking* plaintiffs agree since they contend today that the Consolidated Complaint "does not include any live claims or allegations" on their behalf. Motion at 3.

But the fact remains that the Panel transferred the entire *Brooking* complaint to the MDL. The *Brooking* plaintiffs now face the choice of staying in the MDL or seeking remand of their entire case. The third option that the *Brooking* plaintiffs have proposed in their Motion, however, is not viable. They cannot seek to remand only a portion of their underlying complaint by partitioning their case in this manner. This result cannot possibly "promote the just and efficient conduct of . . . actions" or serve the purposes of the MDL proceedings. *See* 28 U.S.C. § 1407(a). Either the entire *Brooking* case, including all six plaintiffs named in the original *Brooking* Complaint, should be remanded, or the entire case should remain part of the

4

consolidated proceedings. But the *Brooking* plaintiffs should not be permitted to leave two of their members, untethered to their original complaint.

## **CONCLUSION**

In filing this Motion and arguing that their individual claims are not fairly represented by the Consolidated Complaint, the *Brooking* plaintiffs acknowledge what Bank of America has been arguing for some time now—that the vague and ambiguous attempt of the Consolidated Complaint to incorporate the underlying complaints does not actually preserve the actions in the underlying complaints that were not included in the Consolidated Complaint. The *Brooking* plaintiffs' attempt to keep the *Brooking* complaint alive in both the amended remanded proceeding and in the MDL by parsing out some of the *Brooking* plaintiffs from the MDL while keeping others does not help this inadequacy in the Consolidated Complaint. As such and for the reasons stated above, Plaintiffs' Motion should be denied.

DATED: May 4, 2012

Respectfully submitted,

Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, L.P.,

By its attorneys,

/s/ James W. McGarry
James W. McGarry (BBO # 633726)
jmcgarry@goodwinprocter.com
Dahlia S. Fetouh (BBO # 651196)
dfetouh@goodwinprocter.com
Andrew M. Batchelor (BBO # 673248)
abatchelor@goodwinprocter.com
Lauren S. Kupersmith (BBO# 677213)
lkupersmith@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax:  617.523.1231

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 4, 2012.

/s/ James W. McGarry