UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION | MDL No. 2193 |
| This Document Relates To:<br><br>ALL ACTIONS | **Centralized before the Honorable Rya W. Zobel** |

**PLAINTIFFS' STATUS REPORT**

010176-16  521947 V1

In advance of the status conference scheduled for May 22, 2012, Plaintiffs submit this report to advise the Court of the status of discovery and of disputes that will likely require the Court's intervention. Over the past three months, Defendants made a series of document productions – bringing the total number of pages produced to approximately 100,000 pages. Yet, of this number, approximately 80% of the total production is made up of pages relating solely to the named plaintiffs. Another 5% of the production is made up of publicly-available Bank of America statements. Plaintiffs' review of this production and recent discussions with Defendants suggest that the parties will need the assistance of the Court to resolve outstanding discovery disputes. Plaintiffs anticipate filing a motion shortly, but wish to advise the Court of some of the basic issues, in the event the Court would prefer to address the issues in a different fashion.

1.   **Defendants have not Produced or Searched for Critical E-mails**

Plaintiffs have long maintained that electronic documents, including e-mails, must be produced in response to Requests for Production. The parties spent more than a month negotiating a protocol to govern production of Electronically Stored Information ("ESI"). Much of this protocol involves metadata to be produced along with emails. *See* Dkt. No. 111-1. Plaintiffs offered to provide specific search terms to alleviate concerns that the scope of e-mail searches would be too broad. Defendants ignored and ultimately rebuffed this offer. Upon review of the latest production, Plaintiffs have determined that no emails were produced (aside from an occasional email from a borrower that was kept in the borrower's file). Nor have defendants produced memos, working drafts, or other documents reflecting the formation of policies and procedures to comply with HAMP.

Plaintiffs recently asked that Defendants conduct searches and produce emails and other electronic documents from the computers of five individuals identified in previous depositions as

key employees involved in the formation and administration of Bank of America's HAMP policies. These individuals included Neal Walsh, who Bank of America previously produced as a corporate representative, and Elizabeth Smith, whose deposition was scheduled for the end of April. Defendants flatly refused to produce these emails, claiming the request was "premature."

Elizabeth Smith was the person tasked with interpreting the Treasury Department's HAMP directives so Bank of America bank could develop and implement compliant policies and procedures. 30(b)(6) designee Neal Walsh described Ms. Smith as the person who preceded him in charge of administering Bank of America's HAMP implementation. Mr. Walsh described meeting with Ms. Smith for two weeks while she prepared him to transition into the job. At her deposition, Ms. Smith claimed never to have been in charge of HAMP implementation, and not to have even met with Mr. Walsh. Ms. Smith had no specific recollection of her work product in interpreting and helping to implement Treasury directives.

Ms. Smith did acknowledge that meetings would have been arranged by email, and that work product, minutes, PowerPoint presentations, and other relevant materials would likely have been conveyed via email. Without seeing those documents, she testified that she could not speak specifically to the content of her work in helping craft Bank of America's HAMP policies and procedures. Ms. Smith stated that she had not been asked to retrieve or produce such materials. Plaintiffs were forced to conduct her deposition in the most general terms. Plaintiffs are also left with conflicting testimony from two key employees regarding the work they did together and whether they even met. The existence and content of their meetings could be determined by reviewing their respective emails. Defendants still have not agreed to produce, or even to search for these emails or the emails of other key individuals Plaintiffs have identified.

### 2. Documents Needed for Class Certification

In addition to the above example, the following issues are also still unresolved after months of discussion following the Court's order that they be produced. The lack of production and the delays are hindering Plaintiffs' ability to prepare a motion for class certification:

- The format and completeness of data that BOA produced to the Treasury department that it has provided to Plaintiffs.

- Production of a sample of audits, internal reporting requirements and compliance documents. Last February, the Court ordered BOA to provide a comprehensive list of its HAMP-related audits from which Plaintiffs could choose a sample for production. BOA provided a list on April 10, 2012, but provided no descriptive information. Based on the titles alone, Plaintiffs cannot ascertain which are most relevant so as to narrow their request for the audits to be produced. Plaintiffs therefore asked that BOA provide an example of each type of audit so they could evaluate which are relevant for full production. Despite two separate written requests, Plaintiffs still have received no response.

- Random sample of class member information. As with the documents above, the Court ordered BOA to produce a random sample of files last February. The parties have agreed on the size of the sample and on a randomization process, but BOA has been unwilling to produce all data and documents for the accounts to be sampled.

### 3. Documents Involving Services Urban Lending Solutions Provided to Bank of America

As another example of issues that may require Court intervention, Plaintiffs discovered that Bank of America contracted with a third party named Urban Lending Solutions ("Urban") to provide key services in the loan modification process. These services included receiving and processing financial documents from borrowers. According to a former Urban employee who filed a whistleblower complaint, Bank of America deliberately used Urban to hide borrower documents, to then falsely claim that documents were never received from borrowers, and to reject borrowers from HAMP on that basis. A copy of the complaint that was recently made public is attached as Exhibit A. (*See* in particular, ¶¶ 86-91, 105-107, 119-120, 133-136, 160.) Given these allegations, Plaintiffs requested documents and information regarding Bank of America's use of Urban. Defendants produced only their contract with Urban and virtually nothing else. The contract refers to specific periodic reports and communications that were to pass between Urban and Bank of America, and references 19 exhibits. Plaintiffs asked that Bank of America produce the referenced reports and exhibits. Bank of America has not agreed to produce these materials or any other documents regarding its use of Urban as a vendor.

In short, it has become clear that Plaintiffs will not be able to obtain key materials or even some basic information without the Court's involvement again. The parties have conferred regarding these issues for months. Unless the Court would prefer to deal with this in another fashion, Plaintiffs expect to file a motion to compel that fully outlines the missing information within the next two weeks.

//

//

DATED:  May 21, 2012

                                                   Respectfully submitted,
                                                   On behalf of Plaintiffs,

                                                   */s/ Steve W. Berman*

                                                        Steve W. Berman
                                                        Ari Y. Brown
                                                        Tyler S. Weaver
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone:  206.623.7292
Facsimile:  206.623.0594
steve@hbsslaw.com
ari@hbsslaw.com
tyler@hbsslaw.com


                                                  */s/ Shennan Kavanagh*

                                                        Shennan Kavanagh
                                                        Gary Klein (BBO 560769)
                                                        Shennan Kavanagh (BBO 655174)
                                                       Kevin Costello (BBO 669100)
KLEIN KAVANAGH COSTELLO, LLP
85 Merrimac Street, 4th Floor
Boston, MA 02114
Telephone:  617.357.5500
Facsimile:  617.357.5030
klein@kkcllp.com
kavanagh@kkcllp.com
costello@kkcllp.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 21, 2012.

                              HAGENS BERMAN SOBOL SHAPIRO LLP

                              */s/ Steve W. Berman*