## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS
### MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE:     BANK OF AMERICA MORTGAGE MODIFICATION LITIGATION, )))) | |
| ) | CIV. NO. 1:10-md-2193-RWZ |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| MOTION FOR LEAVE TO FILE ) | LEAVE TO FILE GRANTED ON |
| AMENDED COMPLAINT AND ) | 6/1/2012 |
| REQUEST FOR SUGGESTION ) | |
| OF REMAND BY PLAINTIFFS ) | |
| ROBERT BROOKING, ) | |
| SUSAN BROOKING, ) | |
| CARRIE LEE ARTHUR, and ) | |
| NICOLE SHARRET ) | |
| ) | |
| ORIGINAL CASE: ) | |
| EASTERN DISTRICT OF VIRGINIA) | CIV. NO.  1:10CV1360-JCC |

## PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND REQUEST FOR SUGGESTION OF REMAND AND MEMORANDUM IN SUPPORT

NOW COME the Plaintiffs, by counsel, and reply to Bank of America's Opposition to Plaintiffs' motion for Leave to Amend their Complaint to remove the class action allegations and to add new individual claims.  Bank of America has previously informed Plaintiffs' counsel that it would agree to sever the individual FCRA and RESPA claims, but not the class claims, for the individual Plaintiffs who have moved to amend their complaint, drop the class claims, and add individual claims.   (Exhibit 1, email correspondence between L. Bennett and J.W. McGarry).

Bank of America opposes the Plaintiffs' motion for leave to amend and for suggestion of remand because, it argues: (1) the Plaintiffs "cannot seek to remand only a portion of their underlying complaint by partitioning their case in this manner.  This

result cannot possibly promote the just and efficient conduct of . . . action" or serve the purposes of the MDL proceedings; and (2) the Plaintiffs have a choice to either move for all the Plaintiffs in the underlying Brookings Complaint including all six original plaintiffs or the entire case should remain part of consolidated proceedings.  Bank of America makes no mention of the fact that it had already agreed to the relief that it now opposes.

The Defendant has failed to provide any authority in support of its "all or nothing" argument, and therefore its opposition is not entitled to any weight.  Of course Plaintiffs can seek to have their individual claims remanded, especially when they have dropped their class claims that make them a part of the MDL.

Four of the six original Brooking Plaintiffs move for leave to amend the complaint and for suggestion of remand.  Susan Brooking, Robert Brooking, Carrie Lee Arthur and Nicole Sharrett all desire to drop their class claims related to HAMP.  Furthermore, they all have now-ripe FCRA claims and claims under Virginia law that they have a right to have adjudicated, but under the Transfer Order in this case are not proper subjects of the MDL.  These claims are neither included in nor appropriate for inclusion in the multidistrict litigation currently pending in this court.  Two of the original Brooking plaintiffs, Aissatou Balde and Ahmad Taheri Ghomi, at this time do not wish to drop their class claims, do not have ripe FCRA claims and otherwise do not seek to amend their complaints or be remanded to Virginia.  Their claims against Bank of America in the MDL are unaffected by the four movants desire to drop their class claims and to pursue their individual claims.  To the extent that a motion for leave to amend and for suggestion of remand is an incomplete request for relief, the Plaintiffs request that the motion also be construed as one to sever.

**A.    The Plaintiffs have met their burden to demonstrate that the ends of justice will be served by granting leave to amend the complaint.**

1.    Under Fed. R. Civ. P. 15(a)(2), the court is to grant leave to amend the complaint when justice so requires. In their motion for leave to amend, the Plaintiffs have set forth sufficient reasons for the court to exercise its discretion in granting the Plaintiffs motion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Defendants have not offered any cognizable authority to the contrary or to demonstrate the amendment would be futile:

> The standard for assessing the futility of the amendment is the motion to dismiss standard. *See Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir.2006). Significantly, defendants have indicated that they oppose plaintiffs' motion to amend, to file a second amended complaint only insofar as it seeks to assert a Title VII claim on behalf of plaintiff Finlayson, which they claim would be futile. Defendants continue to object to Johnson's Title VII claim and to Finlayson's and Johnson's state law claims in the Second Amended Complaint.  In order to withstand a motion to dismiss, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, ----, 127 S.Ct. 1955, 1967 (2007). The complaint must ... set forth " 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.' " *Podiatrist Ass'n v. La Cruz Azul De P.R., Inc.*, 332 F.3d 6, 19 (1st Cir.2003) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)) (internal quotation marks omitted).

*Turnley v. Banc of Am. Inv. Services, Inc.*, 576 F. Supp. 2d 204, 211 (D. Mass. 2008). The Defendant doesn't argue that the amendment would be futile because the Plaintiffs have clearly advanced claims upon which relief may be granted.

These four Plaintiffs do not wish to proceed as class representatives, they are willing to drop their class claims, and they have cognizable individual claims not appropriate under this MDL. Under Fed. R. Civ. P. 23(a)(4), a class representative must be able to "fairly and adequately protect the interest of the class."  A plaintiff cannot be

3

compelled to be a class member, let alone a class representative. Indeed Rule 23 itself contains many safeguards against unfairly scooping an unwilling individual into a class action when such an individual doesn't want to be there as a member of the class, which necessarily includes a class representative. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623 (1997)(rejecting a settlement where it found class representatives to be inadequate and discussing that the interests of the class may not be protected where the class representatives become "fainthearted" or are able to secure settlement of their individual claims by compromise.").

In this case, by permitting an amended complaint, the movants will not only be able to prosecute their individual claims – claims that are neither susceptible of class treatment nor are part of the current class action and MDL – but will also avoid the possibility of inadequate class representation. *Accord, Wal-Mart Stores, Inc. v. Dukes*, ____ U.S. ____, 131 S.Ct. 2541, 2559 (2011)(explaining that the claims of class representatives must predominate, and class certification may be improper where the class representatives may be sacrificing potentially valid claims for individual money damages.)

To the extent that it is not sufficient to amend the complaint as it relates only to the movants, leaving in tact the complaint as it relates to Balde and Ghomi, the Brookings, Arthur and Sharrett plaintiffs should be severed from Balde and Ghomi.[1] In this way, the Virginia class of consumers who have been harmed by Bank of America will be well represented by adequate and willing class representatives in the MDL.

---

[1] The original complaint was pled as a Rule 23 class, not under Fed. R. Civ. P. 20 permissive joinder.

2.     The movants do not seek to leave some of their issues in MDL and remand others.  The four movants seek to drop their class claims so that none of their issues remain in the MDL.  The Transfer Order in this case expressly excludes individual claims in favor of the class claims.  (Docket No. 1). Each one of the movants has at least one, valid individual claim against Bank of America that does not belong in MDL; rather, the claims belong in the court where their complaint.originated and which court still has jurisdiction.  The cases cited by the Defendant go to the severance of discrete issues, not to the severance of plaintiffs, do not deal with class action complaints, and are otherwise distinguishable.

Bank of America cites *In re: Midwest Milk Monopolization Litig.*, 386 F.Supp 1401, 1403 (J.P.M.L. 1975), for the proposition that claims to be remanded must have little or no overlap with the claims to be transferred.  In that case, the panel reasoned that the record before it was insufficient to determine whether counterclaims were based on the same facts as the breach and antitrust claims in the underlying action, therefore it did not sever the counterclaim but ordered the transfer to the MDL court. The panel also reasoned that the claims *could be* quickly severed and remanded by the transferee court if it determined it was proper.  In this case, the posture is quite different than *Midwest Milk Monopoly.*  In this case, the Transfer Order specifically excludes the individual claims such as the claims in the proposed Amended Complaint.   If the Plaintiffs wish to drop their class claims and do not wish to be class representatives, then their case does not belong in MDL.  This court is in the best position to understand the posture of the case, to examine the amended complaint and to determine that the individual plaintiffs and claims at issue justify an amended complaint and suggestion of remand.

Bank of America also cites two cases for the proposition that issues such as class certification or damage questions should not be left to the transferor court. (Def.'s Mem. Opp'n at 2-3)(citing *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 487-88 (J.P.M.L. 1968)(and *In re San Juan, Puerto Rico Air Crash Disaster*, 316 F.Supp. 981, 982 (J.P.M.L. 1970)).   The original Brooking Complaint was and still is sufficient for transfer to MDL because it alleges the class action claims arising out of Bank of America's gross violations of law in administration of the Home Affordable Modification Progam.   For Ghomi and Balde, that Complaint is still operative.   However, where each movants seek to amend the Complaint to drop the class claims and add valid individual claims, the continued inclusion of those plaintiffs is no longer proper under the transfer order or any concept of fairness.

**B.     The Defendant's Argument that Claims Excluded from the Third Amended Consolidated Class Complaint Should be Dismissed is Immaterial to Granting Plaintiffs' Motion for Leave to Amend.**

Under *Foman v. Davis*, the Defendants have failed to articulate any cognizable reason or authority to support its opposition other than an "all or nothing" argument. Bank of America has neither suggested nor demonstrated a dilatory or improper purpose, untimeliness, or undue legal prejudice resulting from an amendment.   Instead, Bank of America attempts to argue what would more properly be a Motion to Dismiss so-called "excluded claims" under Fed. R. Civ. P. 12(b) in their opposition to the Plaintiffs' motion.

It is within the court's discretion to grant leave to amend, to sever and to suggest remand of the claims not within the scope of the multidistrict litigation transfer order. *In re: Asbestos Products Liab. Litig. (No. VI)*, 560 F.Supp.2d 1351MDL NO. 875, 2008 WL 2316516 (June 5, 2008)(denying a motion to vacate remand of certain claims

6

because the panel is "particularly reluctant to depart from the transferee court's conclusions with respect to the appropriateness of remand. We therefore will adopt the transferee court's recommendation and order remand of the suggested claims.").

In this case, the issue of whether any claims are "excluded claims" subject to dismissal has been raised between the parties and are the subject of a joint motion for entry of a Stipulation already docketed in this matter. (Docket No. 77). Furthermore, it has long been settled that consolidation such as in this case pursuant to the Transfer Order does not operate to dismiss or otherwise surrender the well-pled individual claims that travel to MDL by way of a Transfer Order. *Johnson v. Manhattan Railway Co.,* 289 U.S. 479, 496–97 (1933), "[c]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."

## Conclusion

For all the foregoing reasons, the Plaintiffs have supplied sufficient grounds for the court to reject opposition raised by Bank of America, to grant leave to amend the *Brookings* Complaint to remove the class allegations and to add additional individual claims arising under the Fair Credit Reporting Act and Virginia Law as to movants Susan Brooking, Robert Brooking, Carrie Lee Arthur and Nicole Sharrett. To the extent the court deems it just and proper, the movants respectfully request their causes of action be severed from the MDL plaintiffs. Furthermore, the Plaintiffs respectfully request the court file a suggestion of remand so that their individual claims may be resolved in the United States District Court for the Eastern District of Virginia.

7

Respectfully submitted,

Susan Brooking, Robert Brooking, Carrie Lee
Arthur, Nicole Sharrett,

Leonard A. Bennett (VSB No. 37523)
E-mail: lenbennett@clalegal.com
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
Phone:  757/930-3660
Fax:    757/930-3662
***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June 2012, I electronically filed the

foregoing pleading with the Clerk of the Court using the CM/ECF system, which will

then send a notification of such filing (NEF) to the following:

Andrew M. Batchelor
Goodwin Procter LLP
Exchange Place
53 State Street Boston, MA 02109
617-570-1000
Email: abatchelor@goodwinprocter.com

Andrew Gordon Yates
Lane Powell Pc (Sea)
1420 Fifth Ave Ste 4100
Seattle, Wa 98101-2338
206-223-7000

Brooks R. Brown
Goodwin Procter, LLP
10250 Constellation Boulevard
Los Angeles, CA 90067
310-788-5100
Email: bbrown@goodwinprocter.com

Dahlia S. Fetouh
Goodwin Procter LLP
Exchange Place
53 State Place Boston, MA 02109
617-570-1263
Fax: 617-523-1231
Email: dfetouh@goodwinprocter.com

Gregory Bryan Iannelli
Bryan Cave LLP
2 N Central Ave Ste 2200
Phoenix, AZ 85004-4406
602-364-7053
Fax: 602-364-7070

James W. McGarry
Goodwin Procter, LLP
53 State Street Exchange Place
Boston, MA 02109
617-570-1332
Fax: 617-227-8591
Email: jmcgarry@goodwinprocter.com

James W. Purcell
Fulcher Hagler, LLP
P.O. Box 1477
Augusta, GA 30903-1477
706-724-0171
Fax: 706-396-3613
Email: jpurcell@fulcherlaw.com

John S Devlin , III
Lane Powell Pc (Sea)
1420 Fifth Ave Ste 4100
Seattle, Wa 98101-2338
206-223-7000
Fax: 206-223-7107

Lauren S. Kupersmith
Goodwin Procter LLP
Exchange Place
53 State Street Boston, MA 02109
617-570-1000
Email: lkupersmith@goodwinprocter.com

Martin C. Bryce , Jr.
Ballard Spahr Andrews And Ingersoll, L.L.P.
1735 Market Street 51st Floor
Philadelphia, Pa 19103
215-864-8238
Fax: 215-864-9511

Mark T. Knights
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
617-570-1342
Email: mknights@goodwinprocter.com

Robert W. Shely
Bryan Cave LLP
2 North Central Avenue Suite 2200
Phoenix, AZ 85004-4406
602-364-7000

Susanne Noyes Geraghty
Goodwin Procter LLP
3 Embarcabero Center
24th Floor
San Francisco, CA 94111 415 733 6000

**_Counsel for Defendant_**

Leonard Anthony Bennett
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
**_Counsel for Plaintiff_**