# MCGARRY DECLARATION EXHIBIT E

```
           UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MASSACHUSETTS



IN RE:  BANK OF AMERICA HOME    )
AFFORDABLE MODIFICATION         )
PROGRAM (HAMP) CONTRACT         )
LITIGATION                      )
                                )   Civil Action
                                )   No. MD-10:02193-RWZ
                                )
                                )
                                )
                                )
```

**TELEPHONE STATUS CONFERENCE**

```
          BEFORE THE HONORABLE RYA W. ZOBEL
          UNITED STATES DISTRICT COURT JUDGE


             UNITED STATES DISTRICT COURT
           John J. Moakley U.S. Courthouse
                  1 Courthouse Way
             Boston, Massachusetts 02210
                   March 27, 2012
                     2:00 p.m.


                   *   *   *   *


        CATHERINE A. HANDEL, RPR-CM, CRR
               Official Court Reporter
           John J. Moakley U.S. Courthouse
                  1 Courthouse Way
             Boston, Massachusetts 02210
                   (617) 261-0555
```

APPEARANCES:

For the Plaintiffs:

KLEIN KAVANAGH COSTELLO, LLP
By:  Gary E. Klein, Esq., and
     Shennan Alexandra Kavanagh, Esq.
     85 Merrimac Street
     4th Floor
     Boston, MA 02114
     (Appearing telephonically)

-and-

HAGENS BERMAN SOBOL SHAPIRO LLP
By:  Steve W. Berman, Esq., and
     Ari Y. Brown, Esq.
     Suite 3300
     1918 Eighth Avenue
     Seattle, WA 98101-1214
     (Appearing telephonically)

For the Defendants:

GOODWIN PROCTER, LLP
By:  James W. McGarry, Esq.
     53 State Street
     Exchange Place
     Boston, MA 02109
     (Appearing telephonically)

-and-

GOODWIN PROCTER, LLP
By:  Brooks R. Brown, Esq.
     10250 Constellation Boulevard
     Los Angeles, CA 90067
     (Appearing telephonically)

```
 1   discussing this for the last nine months, I think.
 2            THE COURT:  Well, how do you want to proceed?
 3            MR. BROWN:  I think the most efficient way to proceed
 4   is to get some understanding from them as to what the -- get a
 5   list of the database fields, how they work and how they can be
 6   produced, and from that we will limit it as much as we can to
 7   only those fields to be produced in native format.  In other
 8   words, in an electronic format that we can work with rather
 9   than as screenshots.
10            MR. McGARRY:  Your Honor, this is Jim McGarry.
11            I have to say, I'm somewhat dumbfounded by this
12   conversation.  The production of sampling came out of a motion
13   to compel that was filed.  And I'm not in the office today, so
14   I don't have those papers in front of me, but my memory of the
15   issues in the motion to compel was that they were -- asked for
16   a sampling of the loan files and the servicing records of the
17   -- of a sample of class members and that's -- loan files and
18   servicing records are the way that we described the types of
19   data that are produced on behalf of the named plaintiffs.
20            There certainly have been -- there certainly were
21   discussions in the course of the ESI protocol about any number
22   of things, on which there were or were not agreement, but what
23   I -- you know, what I hear today is a very different
24   discussion.  I mean, today this -- the discussion I'm hearing
25   today is an effort to go back and redo certain aspects of the
```

```
 1   ESI protocol, to produce documents about, you know, lord knows
 2   how many different types of databases.  You know, there was a
 3   technology deposition six months ago in this case and plenty
 4   of opportunity to follow up from that.
 5              Perhaps what I can suggest, your Honor, is that both
 6   parties go back, look at the -- what was sought in the motion
 7   to compel, look at the ESI protocol, and then get together on
 8   what's the most efficient, consistent way to do this to the
 9   extent we can get agreement on it, because I don't see how
10   your Honor can order something here today in the context of
11   this dispute.
12              THE COURT:  No, I wasn't intending to order.  I was
13   going to suggest that the plaintiffs be -- let you know in a
14   very specific way what they want and then you can respond to
15   the extent that you -- to the extent to which you are able to
16   produce it and to the extent you cannot, why you cannot.
17              I gather that there is a lack of meeting of the minds
18   as to what the plaintiffs wanted and what the defendant was
19   prepared to give at this point in terms of the format in which
20   the stuff was to be produced.  Am I misunderstanding?
21              MR. McGARRY:  This is Jim McGarry.
22              I don't think so, your Honor.  I think you have it
23   exactly right.
24              THE COURT:  So, would it be a problem for the
25   plaintiffs to tell the defendant the manner in which the data
```

```
 1   is to be produced and what precise data you want?
 2           MR. BROWN:  We can certainly tell them again, your
 3   Honor.  I mean, we have told them, but we will certainly do it
 4   again.
 5           THE COURT:  Okay.  Do it again and be very specific
 6   in terms of the thing that you want now, the data for the
 7   sample that will form the basis of your case, I assume, down
 8   the line, and then -- but so specific that they can really
 9   understand what it is.  I mean, I think the parties are sort
10   of talking past each other or did with respect to the protocol
11   earlier.  So, maybe --
12           MR. BROWN:  I think you're right.
13           I'm sorry, your Honor.  This is Ari Brown again.  I
14   think you're right.
15           The one thing I do want to clarify is that the way
16   we've conceived of this process, it is a two-step process in
17   which we need to know what the data points are and then we can
18   make a very specific request.  The request we've made until
19   now is simply for a process by which to tell us what exists so
20   that we know what to ask for.  It looks like we're, hopefully,
21   heading down that direction now.
22           I do want to just pick up on what Mr. Klein said
23   earlier, that this can really be done -- if there's
24   cooperation, we could really have this done by the time of our
25   next status conference, but if it is going in the way that
```

```
 1  it's gone so far, it will take us at least two status
 2  conferences.
 3           THE COURT:  So, let's see what we can do --
 4           MR. BROWN:  Go ahead.  Sorry.
 5           THE COURT:  Let's do the best we can do.
 6           Mr. McGarry, how do you feel about telling them what
 7  your data points are?
 8           MR. McGARRY:  Well, we've produced data dictionaries
 9  already for certain systems.  They -- you know, they had a
10  technology witness.  I mean, it seems to me like we're -- what
11  I'm hearing is that -- you know, that we're the horrible cause
12  of all this delay, and what I'm hearing the plaintiffs saying
13  now is let's go back six months and revisit the technology
14  issues so that we can start over again, and we can do that.
15  I'm just not sure it's very productive.
16           THE COURT:  Let me suggest, Mr. Klein and Mr. Brown,
17  that you tell them what data you want produced and the data
18  points that you want to have covered, and if they can, they
19  will do it.  If they can't, they will tell you what they don't
20  have, but I think the burden really should be on you, to begin
21  with, certainly given what you have already discovered, to
22  tell them what you want.  Can you do that?
23           MR. KLEIN:  Your Honor, I think we hear you and I
24  think we're agreeable to going down the road of further
25  discussion.
```

1         I just want to lay out to you two problems that are
2    stymieing us.  One is that Bank of America has known for well
3    over a year exactly what data and information we want.  We
4    have requests out that are very specific in terms of the
5    information we're looking for.
6         And what's happened, your Honor, is that they gave us
7    a technology witness who was not able to testify about Bank of
8    America's main database.  It just wasn't within his field of
9    knowledge.
10        We've asked them more than once for an additional
11   witness, and the response we consistently get is maybe we can
12   manage this problem without the additional witness because
13   we're supposedly getting documents that list the various data
14   points, but as far as we can tell, in the production, we
15   haven't seen them.  So, our first order of business is going
16   to be to get a very clear statement from the defendant about
17   where in the document record there is -- those items are or,
18   really, having to go back for an additional deposition
19   witness.
20        But the idea that these issues are taking us back
21   nine months is -- and that it's plaintiffs' fault is
22   completely unfair.  We've worked very, very hard in a vacuum
23   where we don't have full information about the systems.
24        THE COURT:  Well, to the extent that at the moment
25   there is a misunderstanding about where you are, I think it's

```
1                MR. McGARRY:  No, your Honor.  Thank you.
2                THE COURT:  Mr. Klein?
3                MR. KLEIN:  No.  Thank you for your time, your Honor.
4                THE COURT:  Well, thank you all.  And have a
5    productive month.
6                MR. KLEIN:  Thank you, your Honor.
7                MR. McGARRY:  Thank you very much, your Honor.
8                THE COURT:  Bye.
9                COURTROOM DEPUTY CLERK URSO:  Bye.
10               (Adjourned, 2:52 p.m.)
11
12
13
14                      C E R T I F I C A T E
15          I, Catherine A. Handel, Official Court Reporter of
16   the United States District Court, do hereby certify that the
17   foregoing transcript, from Page 1 to Page 38, constitutes to
18   the best of my skill and ability a true and accurate
19   transcription of my stenotype notes taken in the matter of
20   Civil Action No. MD-10-02193-RWZ In Re: Bank of America Home
21   Affordable Modification Program (HAMP) Contract Litigation.
22
23      May 11, 2012           /s/ Catherine A. Handel
        Date                   Catherine A. Handel, RPR-CM, CRR
24
25
```