**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| In re: Bank of America Home Affordable Modification Program (HAMP) Contract Litigation | Civil Action No. 1:10-md-02193-RWZ |
|---|---|

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

**(REDACTED)**

**Table of Contents**

**PAGE**

BACKGROUND ....................................................................................................2

ARGUMENT ......................................................................................................3

A. The Designated Testimony Contains Confidential Commercial Information. ..............................................................................4

1. BANA and Urban Have Taken Steps To Maintain The Confidentiality Of This Information .............................................. 6

2. Plaintiffs Will Suffer No Harm If The Designated Information Remains Confidential.................................................................. 8

B. Disclosure Of The Designated Testimony Would Subject BANA To "Annoyance, Embarassment, Oppression, Or Undue Burden Or Expense."...........9

CONCLUSION..................................................................................................12

# TABLE OF AUTHORITIES

**CASES** **PAGES**

*Anderson v. Cryovac, Inc.*,
805 F.2d 1 (1st Cir. 1986)....................8, 11

*Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*,
171 F.R.D. 135 (S.D.N.Y. 1997)....................6

*Martindell v. Int'l Tel. and Tel. Corp.*,
594 F.2d 291 (2nd Cir. 1979)....................8

*Gannett Co., Inc. v. DePasquale*,
443 U.S. 368 (1979) (Burger, C.J., concurring)....................10

*Grand River Enterprise Six Nations, Ltd. v. King*,
No. 02 Civ. 5068 (JFK) (DFE), 2009 WL 363379 (S.D.N.Y. Feb. 11, 2009)....................6

*Houbigant, Inc. v. Development Specialists, Inc.*,
No. 01 Civ. 7388 LTSFWG, 2003 WL 21688243 (S.D.N.Y. July 21, 2003)....................6

*Howard v. Hartford Life & Accident Ins. Co.*,
275 F.R.D. 649 (M.D. Fla. 2011).................... 5-6

*In re San Juan Star Co.*,
662 F.2d 108 (1st Cir. 1984)....................1, 9, 10, 12

*Seattle Times Co. v. Rhinehart*,
467 U.S. 20 (1984)....................9

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*,
529 F. Supp. 866 (E.D. Pa. 1981)....................8, 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(c)....................4, 5, 9, 10, 12

Fed. R. Civ. P. 45....................1

Local Rule 37.1....................3

In this and virtually every civil case involving a commercial enterprise, the Court enters a Protective Order early in the litigation so that the parties may freely engage in discovery related to confidential and proprietary business information without risk of public disclosure of such information until it passes the Court's standards of relevance and admissibility at the time of trial. *In re San Juan Star Co.*, 662 F.2d 108, 114-15 (1st Cir. 1984). The Court entered such an Order here. Stipulated Protective Order ("Protective Order") [Dkt. No. 56]. Bank of America ("BANA") seeks the Court's assistance to prevent Plaintiffs' attempts to turn the very purpose of the Protective Order on its head.

Most blatantly, Plaintiffs seek to lift BANA's confidentiality designations related to the testimony of an employee of Urban Lending Solutions ("Urban"), a third-party vendor that performs services for BANA. Urban provides those services under a strict confidentiality agreement. Urban's employee, in turn, is bound by his own confidentiality agreement with Urban to keep his work for Urban, and therefore BANA, confidential. Plaintiffs compelled the testimony of Urban's employee under Rule 45. Plaintiffs now seek to abuse the subpoena power of Rule 45 by making public the compelled testimony of Urban's employee despite his obligation to Urban, Urban's to BANA and BANA's designation of such testimony under the Protective Order. To stop Plaintiffs' transparent effort to subject BANA and Urban to competitive harm and embarrassment, BANA seeks a further protective order to keep from public disclosure the portions of the transcripts of the depositions of Urban employee Christopher Orris, as well as BANA employees Tawnya Schoolitz and Jinja Martin.[1]

Because the designated testimony contains confidential commercial information of BANA and Urban, public disclosure of which would subject BANA and Urban to competitive

[1] The portions of each transcript that BANA has designated as confidential and that Plaintiffs challenge are listed in Exhibit A, attached hereto.

harm and embarrassment, and BANA reasonably relied on the Protective Order when it provided the relevant testimony or did not move to quash the subpoena seeking the testimony, the Court should grant the Motion.

**BACKGROUND**

In April 2009, BANA agreed to participate in the Home Affordable Modification Program ("HAMP"), a nationwide loan modification program for eligible customers and participating investors. Plaintiffs' primary claim here alleges that BANA failed to provide permanent loan modifications to borrowers under a breach of contract theory based on the existence of Trial Period Plans under HAMP. *See* Third Amended Consolidated Class Action Complaint [Dkt. No 93], at ¶¶ 126-33, 528-44. Plaintiffs also allege generally that BANA failed to administer HAMP properly, including aspects of HAMP with respect to which BANA employed the services of third-party vendors, including Urban. *Id. passim*.

Given Plaintiffs' allegations, it has been obvious from the start of this litigation that there would be discovery of BANA's confidential commercial information. BANA, recognizing that it would be required to give Plaintiffs at least some access to this information to afford them a full and fair opportunity to litigate their claims, took steps to protect against public disclosure of this information. It secured Plaintiffs' agreement to, and the Court entered, the Protective Order, which permits BANA to designate information as Confidential and restricts disclosure of such designated information to specified groups of people that are personally involved in the litigation. With such protections in place, BANA has been willing to produce certain information that it would otherwise not have been willing to produce and refrained from taking steps to prevent certain discovery that it would otherwise have taken, thereby encouraging the just, speedy, and inexpensive determination of the matter.

Plaintiffs deposed Schoolitz, Martin, and Orris[2] on May 9, 2012, May 24, 2012, and May 31, 2012, respectively. Pursuant to the Protective Order, BANA designated portions of the transcript of each witness as confidential. *Id.* Exs. D-F. On July 11, 2012, Plaintiffs challenged each and every designation in all three transcripts. *Id.* Ex. G. On July 18, 2012, BANA responded in writing. *Id.* Ex. H. Thereafter the parties attempted to resolve the dispute in accordance with Local Rule 37.1. At the conclusion of their telephonic conference, BANA agreed to review and possibly narrow its designations, *id.* Ex. I, and did so on August 1, 2012, *id.* Ex. J. Two hours later, Plaintiffs reaffirmed their position that none of the designated testimony was entitled to protection. *Id.* Ex. K.[3] Pursuant to Paragraph 15 of the Protective Order, BANA now moves for a further protective order to keep the portions of the Schoolitz, Martin and Orris transcripts it has designated as confidential from public disclosure.

## ARGUMENT

### THE DEPOSITION TRANSCRIPTS WERE PROPERLY DESIGNATED AS "CONFIDENTIAL" AND SHOULD NOT BE SUBJECT TO PUBLIC DISCLOSURE.

The Protective Order is "intended to protect from disclosure documents and information the parties deem to be confidential." Protective Order at 1. The parties agreed, and the Court ordered, that each party "shall have the right to designate any material" containing "information that is proprietary or sensitive to the Producing Party and is not otherwise in the public domain" as "Confidential Information," which the Protective Order defines as "confidential commercial or financial information, trade secrets, personal information, or other confidential information

[2] Orris was deposed pursuant to a subpoena issued by Plaintiffs' counsel and dated May 11, 2012, a copy of which Plaintiffs did not provide to BANA until May 17, 2011, two weeks before the noticed date. *See* Goldstein Decl., Ex. L.

[3] Notwithstanding Plaintiffs' belief that none of the designated testimony was entitled to protection, they withdrew their challenge to the designated testimony of Lourdes Duarte and to portions of the designated testimony of Jinja Martin. *See* Goldstein Decl., Ex. K.

entitled to a protective order under Federal Rule of Civil Procedure 26(c)." Protective Order ¶¶ 1-2. Rule 26(c) provides, in turn, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (F) requiring that a deposition be sealed and opened only on court order; [or] (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." As demonstrated below, good cause exists to prohibit public disclosure of the portions of the Schoolitz, Martin and Orris transcripts that BANA has designated as confidential.

**A. The Designated Testimony Contains Confidential Commercial Information.**

To administer a program as complicated as HAMP, BANA, of course, developed a large number of internal policies, practices and procedures. In addition, BANA has used the services of third-party vendors, including Urban, to perform certain tasks in connection with its administration of HAMP.

[redacted] *See* Declaration of Mark McElroy in Support of Motion ("McElroy Decl."), Ex. A. [redacted] *See* Declaration of Seth M. Goldstein in Support of Motion ("Goldstein Decl."), Ex. C at 17:4-20:9, 22:8-23:8. [redacted] *Id.* at 83:8-86:24, 123:18-124:1.

[redacted] *Id.* at 5:15-6:20, 180:17-181:4. [redacted]



[redacted] *Id.* at 39:19-23. [redacted] *Id.* at 23:19-24:3, 26:2-7. [redacted] *Id.* at 74:22-75:8 [redacted]

[redacted] (*see, e.g.,* Goldstein Decl., Ex. C at 17:4-20:9, 22:8-23:8), [redacted] (*see, e.g., id.* at 23:19-24:3, 35:5-36:19), [redacted] (*see, e.g., id.* Ex. B. at 126:2-22, 127:4-128:2, 128:22-129:20). [redacted] *See* Goldstein Decl., Ex. C at 23:19-24:3, 35:5-36:19.

[redacted] (*see* Goldstein Decl., Ex. B at 92:13-15), [redacted] *See id.* at 67:20-68:4, 68:10-70:16.

Rule 26(c) protects information relating to exactly these types of business processes and procedures from public disclosure. *See e.g., Howard v. Hartford Life & Accident Ins. Co.,* 275

F.R.D. 649, 652-53 (M.D. Fla. 2011) (granting protective order for insurance company's "internal policies and procedures [that] contain information about [defendant's] business practices and procedures that would be of value to its competitors in the insurance industry"); *Grand River Enterprise Six Nations, Ltd. v. King*, No. 02 Civ. 5068 (JFK) (DFE), 2009 WL 363379 (S.D.N.Y. Feb. 11, 2009) (confirming designations of third party's employees' deposition transcripts where "the designated information is confidential and proprietary to [third party]" and "was provided to the Defendants for the purposes of this lawsuit only; if it were made public, then it could be used by [the third party's] competitors"); *Houbigant, Inc. v. Development Specialists, Inc.*, No. 01 Civ. 7388 LTSFWG, 2003 WL 21688243, at *2 (S.D.N.Y. July 21, 2003) (holding that "any documents revealing [non-party auditor's] auditing procedures are confidential and should be protected," including "materials such as check lists and audit forms that outline audit methodology"); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 142-44 (S.D.N.Y. 1997) (granting protective order to cover "various BNY credit policies and procedures" that "f[e]ll within a broad spectrum of internal corporate documents that courts regularly hold to be confidential business information").

### 1. BANA and Urban Have Taken Steps To Maintain The Confidentiality Of This Information.

BANA and Urban have taken steps to protect information concerning their procedures and processes from disclosure to third parties. *See, e.g., Bank of New York*, 171 F.R.D. at 144. [redacted]

[redacted] McElroy Decl., Ex. A at 36-37). This provision protects not only BANA, but also Urban, which competes with other third-party vendors for business from BANA and other entities, by preventing BANA from discussing Urban's procedures with other vendors.

[redacted] *Id.* [redacted] *See* Declaration of Carole Richter ("Richter Decl."), ¶ 2, Ex. A at 2.A.[4] [redacted]

In connection with this litigation, BANA sought, and the Court entered, the Protective Order, allowing it to keep information about, *inter alia*, its own proprietary processes and the

[4] [redacted] Richter Decl., Ex. A at 1.A.

services Urban and other vendors perform for BANA from public disclosure. BANA reasonably relied on the Protective Order in producing documents, producing witnesses for deposition, permitting these witnesses to answer certain questions at deposition, and refraining from moving to quash or seeking other relief in connection with subpoenas issued by Plaintiffs to third parties. If BANA were unable to rely upon the Protective Order to prevent disclosure of its confidential information to the public, it would have to approach discovery in this action in an entirely different way. *See, e .g., Martindell v. Int'l Tel. and Tel. Corp.,* 594 F.2d 291, 295 (2nd Cir. 1979) (observing that protective orders are vitally important to "'secur[ing] the just, speedy, and inexpensive determination' of civil disputes . . . by encouraging full disclosure of all evidence that might conceivably be relevant"); *see also Anderson v. Cryovac, Inc.*, 805 F.2d 1, 12 (1st Cir. 1986) (noting that "rather than facilitate an efficient and complete exploration of the facts and issues, a public right of access would unduly complicate the process," and "require the court to make extensive evidentiary findings whenever a request for access was made, and this could in turn lead to lengthy and expensive interlocutory appeals"); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* 529 F. Supp. 866, 911-12 (E.D. Pa. 1981) ("The overriding purpose of a protective order is to facilitate the communication of information between litigants. To accomplish that end, it may be necessary to limit speech by parties and their counsel outside the court.").

**2. Plaintiffs Will Suffer No Harm If The Designated Information Remains Confidential.**

Plaintiffs' deliberate effort to sidestep the confidentiality agreements between BANA and Urban and between Urban and Orris and their failure to respect BANA's designations pursuant to the Protective Order have nothing whatsoever to do with Plaintiffs' ability to litigate this case. Instead, plaintiffs' efforts are rather transparently designed to harm BANA and Urban by

publicly exposing their confidential information and potentially damaging their reputations. Unlike BANA and Urban, however, who will suffer harm if BANA's designations are not affirmed, Plaintiffs will suffer no harm if the designations are affirmed. Such affirmation will make no difference to either Plaintiffs' ability to pursue their claims or the strength or weakness of the claims themselves. Plaintiffs will remain free to obtain BANA's confidential information and to use this information in support of their claims. Indeed, it appears the only reason plaintiffs now contest these confidentiality designations is because they hope to harm and embarrass BANA by disseminating information about its internal procedures, including as they are seen through the eyes of a disgruntled employee of one its vendors.[5] *See* Goldstein Decl., Ex. G ("While Bank of America's use of Urban Settlement Services may be a fact about which Bank of America is embarrassed, it is not confidential."). Rule 26(c), however, was designed to protect against precisely this type of maneuver. *See In re San Juan Star Co.*, 662 F.2d 108, 114-15 (1st Cir. 1984).

**B. Disclosure Of The Designated Testimony Would Subject BANA To "Annoyance, Embarrassment, Oppression, Or Undue Burden Or Expense."**

The Supreme Court has long recognized that "pretrial discovery by depositions and interrogatories has a significant potential for abuse," because "[t]here is an opportunity . . . for litigants to obtain - incidentally or purposefully - information that not only is irrelevant but if publicly released could be damaging to reputation and privacy," and that "[t]he government clearly has a substantial interest in preventing this sort of abuse of its processes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984). In so doing, the Court noted that "pretrial depositions and interrogatories are not public components of a civil trial," "were not open to the

---

[5] [redacted]
Goldstein Decl., Ex. C at 97:16-25, 100:5-16.

public at common law and, in general, they are conducted in private as a matter of modern practice." *Id.* at 33 (citations omitted); *see also Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 396 (1979) (Burger, C.J., concurring) ("[I]t has never occurred to anyone, so far as I am aware, that a pretrial deposition or pretrial interrogatories were other than wholly private to the litigants. A pretrial deposition does not become part of a 'trial' until and unless the contents of the deposition are offered in evidence."). Because "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action," the Court determined that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Id.*

Unsurprisingly, the First Circuit similarly concluded in *San Juan Star*, 662 F.2d 108, 114-15, recognizing that "[d]uring discovery, information is produced through compulsion," and that "discovery rules are liberal, giving parties broad power to gather information." *Id.* As a result,

> a deponent may be obliged to reveal information that will not be admissible at trial. Unlike evidence at trial, it has not passed the strict threshold tests of relevance and admissibility, yet it has been compelled by dint of legal process. The information revealed may be irrelevant, prejudicial, or pose and undue invasion of an individual privacy.
>
> Such undigested matter, forced from the mouth of an unwilling deponent, is hardly material encompassed within a broad public "right to know."

*Id.* at 115. As a result, Rule 26(c)(1) gives a court the power to "deny access to information altogether by preventing discovery upon a showing of any 'good cause', specifically including but not limited to such relatively innocuous possibilities as 'annoyance, embarrassment, oppression or undue burden or expense.'" *Id.* at 114. Reasoning thus, the Court of Appeals affirmed an order barring any party from revealing the contents of deposition testimony so as to preserve the defendants' right to a fair trial in light of the potential for adverse publicity. *Id.* at

117; *see also Anderson*, 805 F.2d at 6 (1986) ("*Seattle Times* has foreclosed any claim of an absolute public right of access to discovery materials.").

Here, the designated testimony of Orris is unrelated or only tangentially related to Plaintiffs' underlying causes of action. Much – perhaps all – of it would not be admissible because it is irrelevant, prejudicial or constitutes impermissible lay opinion. For example, Plaintiffs' claims are based on the allegation that they completed their HAMP Trial Period Plans and were entitled to a permanent modification or a denial by or before June 2010. *See* Third Amended Consolidated Class Action Complaint [Dkt. No 93], *passim.* Because Orris did not begin working at Urban until July or possibly September of 2010 (*see* Goldstein Decl., Ex. C. at 5:15-6:20; Richter Decl., ¶ 2), his testimony is of very limited relevance to Plaintiffs' claims. In addition, [REDACTED] Goldstein Decl.. Ex. C. at 181:5-9, 182:6-8. [REDACTED] *Id.* at 23:19-24:3, 35:5-36:19, 83:8-86:24, 123:18-124:1.

Notwithstanding the limited relevance of Orris's knowledge, Plaintiffs' counsel insisted on eliciting testimony on topics about which Orris had no personal knowledge and that have no possible relevance to Plaintiffs' claims. [REDACTED] *Id.* at 12:18-13:22, 16:19-23. [REDACTED] (*id.* at 116:19-118:12), [REDACTED] (*id.* at 155:13-160:18), [REDACTED] (*id.* at 161:10-164:17, 167:20-168:6).

Allowing the designated portions of the testimony of Orris, Martin and Schoolitz into the public record at this stage, when there is a very real possibility that they would not be deemed admissible at trial, violates the principles behind Rule 26(c). *See San Juan Star*, 662 F.2d at 115 ("If the trial judge were required to allow virtually full publicity of utterances forced from the mouth of an unwilling deponent, even if irrelevant or inadmissible, he might well refuse to allow the discovery to proceed at all when the interests of a fair trial or personal privacy are seriously threatened."); *accord Zenith Radio Corp.,* 529 F. Supp. at 912 (noting that courts "have a general responsibility to do justice," and " must seek to protect from unwarranted harm parties whose rights may ultimately be vindicated at trial."). Accordingly, because BANA has demonstrated good cause and reasonable reliance on the Protective Order, this Court should grant the Motion and enter an order protecting the designated portions of the Schoolitz, Martin and Orris depositions from public disclosure.

**CONCLUSION**

WHEREFORE, for all of the foregoing reasons, BANA respectfully requests that the Court grant the Motion.

Dated: August 24, 2012

Respectfully submitted,

Bank of America, N.A., for itself and as successor by merger to BAC Home Loan Servicing, L.P.,

By its attorneys,

/s/ James W. McGarry

James W. McGarry (BBO #633726)
jmcgarry@goodwinprocter.com
Dahlia S. Fetouh (BBO#651196)
dfetouh@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231

**CERTIFICATE OF SERVICE**

I hereby certify that *Defendant's Memorandum in Support of Its Motion For a Protective Order Regarding Confidential Information*, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 24, 2012.

/s/ James W. McGarry