# Exhibit H

GOODWIN | PROCTER

James W. McGarry
617.570.1332
jmcgarry@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

July 18, 2012

VIA E-MAIL

Ari Y. Brown, Esq.
Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101

Re:   *In re Bank of America Home Affordable Modification Program (HAMP) Contract Litig.*, MDL No. 2193

Dear Ari:

This letter responds to your July 11, 2012 letter regarding Bank of America's designation of confidential information in the deposition transcripts of Christopher Orris, Tawnya Schoolitz, Lourdes Duarte, and Jinja Martin. Bank of America respectfully disagrees with your characterization of the designations, as it is clear that the selected testimony is entitled to protection.

As an initial matter, and contrary to your apparent belief, the number of pages of a deposition transcript that are designated as confidential has no bearing on whether the testimony is properly deemed confidential. As the parties agreed in the Stipulated Protective Order, the relevant consideration is whether the testimony "contains information that is proprietary or sensitive to the Producing Party and is not otherwise in the public domain." *See* Dkt. No. 56 at ¶ 1.

There is no doubt that the portions of the deposition transcripts designated as confidential by Bank of America meet this standard. The designated testimony relates to Bank of America's internal business practices, including, as you noted, its internal databases and its use of third-party vendors. Courts routinely protect this type of information from disclosure. *See, e.g.*, *Hassaine v. Home Depot, U.S.A., Inc.*, No. 09CV2215-MMA (BGS), 2011 WL 1213094, at *5 (S.D. Cal. Mar. 30, 2011) (affirming designation of facts relating to company's internal database as confidential under the parties' protective order); *Grand River Enterprise Six Nations, Ltd. v. King*, No. 02 Civ. 5068 (JFK) (DFE), 2009 WL 363379, at *1-2 (S.D.N.Y. Feb. 11, 2009) (confirming designation of deposition testimony of employees of litigant and third party as confidential where the information was "confidential and proprietary" and provided "for the purposes of this lawsuit only").

GOODWIN | PROCTER

Ari Y. Brown, Esq.
July 18, 2012
Page 2


The testimony designated as confidential by Bank of America falls squarely into these protected categories and is of the type regularly deemed by courts to be confidential under Fed. R. Civ. P. 26(c). The following excerpts are representative examples of the confidential, sensitive, and proprietary information designated as confidential in these deposition transcripts: Schoolitz Dep. Tr. 18:1 – 22:14 (describing Bank of America's internal document management systems and databases); Duarte Dep. Tr. 20:20 – 22:21 (identifying and describing the fields that populate Bank of America's Home Base database); Duarte Dep. Tr. 114:23 – 116:09, 118:18 – 21, 129:19 – 24, 136:14 – 18 (discussing specific comments about individual customers stored in Bank of America's internal records); Martin Dep. Tr. 43:12 – 76:11 (discussing contents of internal Bank of America documents previously designated confidential, Bank of America's internal document collection and reporting procedures, and the contents of Bank of America's internal databases); Martin Dep. Tr. 79:3 – 103:12 (discussing Bank of America's internal staffing and loan modification underwriting practices); Martin Dep. Tr. 108:5 – 121:17 (discussing Bank of America's process for documenting changes to its internal systems to comply with HAMP); Martin Dep. Tr. 192:23 – 220:13 (discussing internal loan modification practices and internal documents relating to loan modification process previously designated confidential); Orris Dep. Tr. 11:7 – 42:18, 53:25 – 60:8, 123:14 – 133:25, 136:5 – 142:9 (discussing the internal processes, procedures, and databases used by vendor Urban Lending Solutions to implement HAMP on behalf of Bank of America). These are just a few examples of the confidential and proprietary nature of the testimony that Bank of America has properly designated as confidential under the Stipulated Protective Order.

Bank of America trusts that this resolves Plaintiffs' objections. If, however, it does not, Bank of America invites further discussion to resolve this matter pursuant to Local Rule 37.1, as set forth in the Stipulated Protective Order, on a mutually agreeable date.


Sincerely yours,

*James W. McGarry /SMH*

James W. McGarry

JWM

cc:   Gary Klein, Esq.
      Shennan Kavanagh, Esq.
      Kevin Costello, Esq.
      Steve Berman, Esq.
      Tyler Weaver, Esq.

GOODWIN | PROCTER

Ari Y. Brown, Esq.
July 18, 2012
Page 3

    Brooks R. Brown, Esq.
    Dahlia Fetouh, Esq.
    Seth M. Goldstein, Esq.