HONORABLE RYA W. ZOBEL

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION | No. 1:10-md-2193 RWZ<br><br>**Leave to file granted on September 10, 2012** |

**REPLY DECLARATION OF TYLER WEAVER IN SUPPORT
OF PLAINTIFFS' MOTION TO COMPEL**

I, Tyler Weaver, declare as follows:

1.      I am a partner at the law firm of Hagens Berman Sobol Shapiro LLP. I am one of the co-lead attorneys representing Plaintiffs in this MDL. I am over the age of 18, otherwise competent to testify and state the following based on my personal knowledge.

2.      On June 11, 2012, following the most recent status conference with the Court in May 2012, counsel for Plaintiffs and counsel for Defendant met and conferred in an attempt to resolve numerous outstanding discovery disputes.

3.      During that phone call, we indicated we would provide Defendant a list of custodians and search terms, and a proposed protocol in a few days. We specifically indicated on that call that we wanted to work with them on the terms, and that if there were terms that returned an excessive amount of documents, or that Defendant found otherwise objectionable,

we would be willing to talk about whether those terms should be modified or dropped.  We then memorialized that proposal in our June 14, 2012 letter and proposed protocol that I attached to my previous declaration as Exhibit 6.

4. Plaintiffs have always been inclined to work with defense counsel to make sure we get relevant documents, but without placing unnecessary burdens on everyone involved in the process.  To be clear: we do not want to be burdened with irrelevant documents, and we have no interest in creating unnecessary review of irrelevant documents.  We simply need the relevant emails and attachments from the custodians we have identified.  However, without specific information from BOA indicating particular terms are returning too many documents and thus need adjustment, or some counterproposal from BOA, it is essentially impossible for us to know how to meaningfully modify our searches in a way that BOA would accept.

5. The parties have met and conferred on several occasions regarding various reports generated by Defendant that Plaintiffs believe to be relevant to the current motion to compel.  Most recently, we were able to determine after much discussion that Defendant has a total of 150 "audit reports" of its HAMP program.  In a phone conference (in which I did not participate but have received reports about), Plaintiffs specifically requested that Defendant produce all the audit reports.  This was later memorialized in an email, a true and correct copy of which is attached as Exhibit 18.  I understand that defense counsel indicated on the phone call that we would learn BOA's position on this issue early on the week of August 13th.  However, we have not heard anything in response.

6. Attached as Exhibit 19 is a true and correct copy of excerpted pages from the transcript of the deposition of Tawnya Schoolitz, taken on May 9, 2012.

7. Attached as Exhibit 20 is a true and correct copy of excerpted pages from the transcript of the deposition of Lourdes Duarte, taken on May 23, 2012.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 10, 2012 in Seattle, Washington.

s/ Tyler S. Weaver<br>Tyler W. Weaver

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2012, a true and correct copy of this document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Tyler S. Weaver<br>Hagens Berman Sobol Shapiro LLP