UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | MDL No. 2193<br><br>**Centralized before the Honorable Rya W. Zobel**<br><br>[REDACTED] |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS ....................................................................................................1

    A. The Protective Order ...................................................................................................1

    B. BoA's Designation of Deposition Testimony as "Confidential" ................................2

    C. The Nature of the Deposition Testimony BOA Designated "Confidential" ...............3

III. ARGUMENT .........................................................................................................................4

    A. BOA has failed to meet its burden to justify treating testimony as "Confidential" .....5

        1. BOA must demonstrate good cause to treat discovery materials "Confidential" .........................................................................................................5

        2. BOA has not met its burden of showing good cause to deem confidential the testimony regarding its use of Urban to administer HAMP obligations ......8

    B. The Public Has a Direct Interest in Access to Information Regarding BOA's Misuse of Urban to Deny Modifications under HAMP ......................................................10

IV. CONCLUSION ....................................................................................................................12

I.  INTRODUCTION

A witness recently testified at deposition to how Bank of America ("BOA") directed its contractors to wrongfully, and often fraudulently, decline homeowners for HAMP modifications to which they were entitled. The witness described bad faith conduct that resulted in potential class members losing their homes to foreclosures that BOA knew to be wrongful. BOA has designated as "confidential" virtually all testimony from this witness and all testimony regarding its involvement with this third-party vendor, but has not shown that it would suffer any cognizable harm if this testimony became public. The testimony BOA seeks to conceal contains no trade secrets, formulas or other proprietary materials. Rather, the evidence shows BOA was at the center of a scheme to wrongfully deny mortgage modifications. BOA may want to continue to hide its misconduct, but embarrassment or a desire to hide wrongdoing does not justify denying the public access to this information.

There is a strong presumption that civil litigation in the federal courts is public, and that information learned in litigation should be available to the public. Rule 26 allows a party to designate deposition testimony "Confidential" *only* if it can make a particularized showing that it would suffer specific injury if the testimony were made public. BOA has abused the Protective Order entered in this case by designating large swaths of deposition testimony "Confidential" without justification. BOA's designations lack the "good cause" required under both the Protective Order and Rule 26 for maintaining these "Confidential" designations. The Court should deny BOA's motion.

II.  STATEMENT OF FACTS

A.   **The Protective Order**

Before starting discovery, the parties executed, and this Court entered a Stipulated Protective Order that permits counsel to designate discovery materials as "Confidential." By

designating information as Confidential, the parties and their counsel represent that they have "a good faith belief that the information contains confidential commercial or financial information, trade secrets, personal information, or other confidential information entitled to a protective order under Federal Rule of Civil Procedure 26(c)." Protective Order ¶ 2 (Dkt. No. 56). The Protective Order provides that when a confidential designation is challenged by another party, "[t]he burden to demonstrate the propriety of any Confidential designation shall be on the party making such designation." *Id*. ¶ 15.

**B.     BoA's Designation of Deposition Testimony as "Confidential"**

Between May 9 and May 31, 2012, Plaintiffs conducted the depositions of BOA employees Tawnya Schoolitz and Jinja Martin, and also deposed Christopher Orris – an employee of Urban Lending Solutions (a/k/a Urban Settlement Services, hereinafter "Urban"). On July 9, approximately six weeks after Mr. Orris's deposition, BOA designated as confidential 188 of the 209 pages of Orris's transcribed testimony. *See* Declaration of Seth Goldstein ("Goldstein Decl."), Dkt. No. 145, Ex F. Previously, BOA had designated as confidential large portions of the depositions of Jinja Martin (182 pages), and Tawnya Schoolitz (35 pages). *Id*. at Exs. D, E. None of the letters designating testimony confidential included any explanation as to the basis for the designations. *Id*.

Plaintiffs' counsel objected to BOA's blanket confidentiality designations and specifically noted that the designations were not narrowly tailored, that BOA did not state any justification as to why it considered the material to be confidential, and that upon review, the testimony simply was not the type of information that would be entitled to a protective order under Rule 26. *See* Letter from Ari Brown to James McGarry (July 11, 2012), attached as Exhibit A to Declaration of Ari Brown ("Brown Decl.") (filed contemporaneously herewith).

Counsel conferred regarding the confidential designations.  Once challenged, BOA removed some designations from the depositions of its employees (Martin and Schoolitz) but retained substantially all of the designations from the testimony of Christopher Orris and all testimony from its employees having to do with BOA's use of Urban as a subcontractor.

C.    **The Nature of the Deposition Testimony BOA Designated "Confidential"**

The testimony that BOA is hoping to hide from public view directly implicates BOA in a scheme to wrongfully deny mortgage modifications to homeowners who had met all requirements for receiving those modifications.  The testimony is embarrassing for BOA, but that does not mean BOA can legitimately shield it from the public.

At the outset of this case, Plaintiffs knew of complaints from BOA customers who told of sending financial documents to BOA multiple times only to be told that their documents had not been received.  Hundreds of homeowners have described spending months in Kafkaesque runarounds on the phone with BOA employees regarding the status of their documents.  *See* Third Amended Complaint ¶¶ 111, 114-17.  In discovery, Plaintiffs learned of two companies BOA hired as subcontractors to administer its HAMP obligations.  30(b)(6) witnesses were able to identify the two subcontractors – Urban and Stewart Settlement Services ("Stewart"), but could not describe the specific work they did, BOA's process of retaining them, or efforts to supervise their work .  *See* Brown Decl. ¶ 5.  BOA adamantly resisted Plaintiffs' efforts to obtain documents regarding the detailed role Urban and Stewart played.  Plaintiffs' efforts to uncover greater detail is the subject of a separate motion to compel.  *See* Dkt. Nos. 126 and 147.  Plaintiffs independently learned of and issued a subpoena to Christopher Orris, an Urban employee with knowledge regarding Urban's work on behalf of BOA.

[redacted]



### III. ARGUMENT

BOA has not made the particularized showing required to hide testimony under the veil of confidentiality. It has not shown particular testimony that would give its competitors a competitive advantage, nor shown that it would suffer the sort of harm that would entitle it to a protective order if this testimony became public. And even if BOA had made more than general and vague references to harm, BOA could not overcome the presumption that civil proceedings are open to the public.

A.  **BOA has failed to meet its burden to justify treating testimony as "Confidential"**

   1.  **BOA must demonstrate good cause to treat discovery materials "Confidential"**

The Protective Order permits counsel to designate discovery materials as "Confidential" based on a good faith belief that the information is entitled to a protective order under Rule 26(c)." Protective Order ¶ 2. Rule 26(c), in turn, requires a party to demonstrate that "good cause" exists to overcome the presumption against public litigation. Demonstrating "good cause" entails making a particularized factual showing of the harm that would be sustained if the court removed confidential designations and did not allow the filing under seal. *See Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 788-89 (1st Cir. 1988);[1] *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 129 F.R.D. 483, 484 (D.N.J. 1990). The requirement to demonstrate good cause before material can be deemed confidential extends both to filed materials and to pre-trial discovery. "Rule 26(c)'s good cause requirement means that, 'as a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *Pub. Citizen*, 858 F.2d at 789-90 (quoting *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978)).

As cases on which BOA relies recognize, deciding to treat information as confidential is not a ministerial act. Good cause must be "established on a showing that disclosure will work a clearly defined and serious injury to the party seeking disclosure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Pochat v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 08-5015-KES, 2008 U.S. Dist. LEXIS 100389, at *9-10 (D.S.D. Dec. 11, 2008), cited in

---

[1] Though the opinion in *Liggett* issued under former Fed R. Civ. P. 5(d), this Court has recognized that "the reasoning underlying the opinion remains valid." *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, No. 1:07-cv-11444, 2008 U.S. Dist. LEXIS

5

*Howard v. Hartford Life & Accident Ins. Co.*, 275 F.R.D. 649 (M.D. Fla. 2011); *see also Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986) (party must make "a particular factual demonstration of potential harm, not … conclusory statements"). The showing a party must make is illustrated by a protective order issued in *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420 (S.D. Ind. 2001). The defendant, State Farm, sought a protective order to deem confidential its policy manuals, guidelines, memoranda and other specific documents governing the way it handled insurance claims. The court granted a protective order only after it found that State Farm, through affidavit, established that the materials contained unique "philosophies and strategies," that access to the materials by a competitor would give the competitor a competitive advantage and result in economic value to the competitor, and that State Farm had demonstrated "a clear danger if its trade secrets are discovered by its competitors." *Id*. 204 F.R.D. at 423-24. One court has described the type of commercial information or trade secret entitled to confidential treatment as "the secret formula for Coca-Cola." *See, e.g., Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 926-28 (N.D. Ill. 1999).

That disclosure might harm BOA's reputation does not justify sealing the testimony:

> Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records…. Indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know. In such cases, a court should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records.

*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179-80 (6th Cir. 1983) (citation omitted); *see also Siedle v. Putnam Invs.*, 147 F.3d 7, 10 (1st Cir. 1998) (holding that the mere fact that records may reveal potentially embarrassing information is not in itself sufficient reason to block public access).

In addition, BOA must make the requisite showing with specificity for each portion of testimony as to which it asserts a confidentiality designation. Blanket designations are impermissible and do not satisfy Rule 26(c). *See*, *e.g.*, *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result").

The Protective Order entered in this case is a standard "umbrella" protective order issued in accordance with Federal Rule of Civil Procedure 26(c). Such protective orders are intended to "expedite production, reduce costs, and avoid the burden on the court of document-by-document adjudication." Federal Judicial Center, *Manual for Complex Litigation* § 11.432, at 64 (4th ed. 2004) ("*Manual 4th*"). An "umbrella" protective order becomes counterproductive, however, when parties liberally over-designate in the first instance – thereby postponing rather than eliminating judicial scrutiny, and ultimately "delaying rather than expediting the litigation." *Id*. One recent federal case discussed some of the problems:

> Initial confidentiality designations have consequences. Dissemination is restricted; when disseminated to deponents, witnesses and experts, written acknowledgement of the binding nature of the confidentiality order must be obtained for some, verbal for others. Deposition transcripts are truncated into confidential and non-confidential sections. Litigants must decide whether to challenge or acquiesce in the designation. In short, over-designation makes litigation more expensive and more complicated without worthwhile purpose.

*Minter v. Wells Fargo Bank, N.A.*, Civ. No. WMN-07-3442, 2010 U.S. Dist. LEXIS 136006, at *25 (D. Md. Dec. 23, 2010).

BOA's over-designation is already causing these problems. BOA bears the burden of clearly demonstrating "good cause" for why the materials should be kept secret. *See* Protective Order ¶ 15 ("The burden to demonstrate the propriety of any Confidential designation shall be on the party making such designation."). As such, the Protective Order is consistent with cases

interpreting Rule 26(c) as requiring the party asserting the challenged designation to "show some plainly adequate reason." 8A Wright, Miller & Marcus, *Federal Practice & Procedure* § 2035 (3d ed. 2010); *see also United States v. Bulger*, Crim. No. 99-10371-RGS, 2012 U.S. Dist. LEXIS 98770 (D. Mass. July 17, 2012) (Bowler, M.J.) (finding, in the context of Fed. Crim. R. 16(d), that good cause remains the standard even where the parties stipulated to the terms of the protective order).

## 2. BOA has not met its burden of showing good cause to deem confidential the testimony regarding its use of Urban to administer HAMP obligations

BOA has not come close to satisfying its burden. It has relied precisely on the generalized and unsupported allegations of confidentiality the cases cited above have found wanting. BOA's motion for protective order and its previous correspondences with counsel are devoid of any particularized showing of harm or any specific description of how a specific piece of information to which a deponent testified would cause it to suffer a specific competitive harm if the information was made public. BOA has not shown that any of the challenged testimony constitutes a trade secret whose disclosure would result in tangible economic loss. BOA's brief includes a section entitled "Disclosure of the designated testimony would subject BANA to 'annoyance, embarrassment, oppression, or undue burden or expense.'" But nowhere in that section, or elsewhere, does BOA specify how the disclosure of testimony regarding its use of Urban would cause it to incur harm or what that harm would be. *See* Defendants' Memorandum in Support of Motion for Protective Order at 9-12. The justification BOA gives for treating the testimony as confidential is that it designated it confidential under the protective order and that BOA and Urban have taken steps to maintain secrecy. *See id.* at 6-9. In *Nestle Foods*, the court denied a motion for protective order based on similar shortcomings upon noting "[d]efendants

have submitted no affidavits; solely the conclusory arguments of counsel. In [defendant] Aetna's brief there are only general and vague references to harm." *Nestle Foods*, 129 F.R.D. at 485.

BOA cannot make the required showing because the challenged testimony is simply not of a confidential nature. The testimony contains no formulas that would give a competitor an advantage, no detailed descriptions of proprietary processes, and no specific piece of information whose dissemination would result in BOA suffering an economic loss. In many cases, the testimony BOA is trying to keep secret consists of a witness describing that she is unable to testify as to specifics. *See, e.g.*, Schoolitz Dep. at 23-25, attached as Exh. A to Goldstein Decl.

The 180 pages of Orris's testimony that BOA designated "confidential" are, by and large, not technical or proprietary in nature at all. Even the portions of testimony BOA has highlighted in its motion are not technical information that would benefit a competitor or subject BOA to competitive harm. *See* Defendants' Motion at 5 (citing Orris Dep. at 35-36). ███████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

---

[2] Plaintiffs have requested summaries of Urban's electronic audits. BOA has, to date, refused to provide them.

9

██████████████████████████████ While BOA's desire to keep such information secret is understandable, it does not justify a confidential designation. *See Siedle*, 147 F.3d at 10.

**B.      The Public Has a Direct Interest in Access to Information Regarding BOA's Misuse of Urban to Deny Modifications under HAMP**

Allowing BOA to seal testimony runs counter to the principle of maintaining the public right to access a public court system. Courts long have recognized "that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002) (quoting *Siedle*, 147 F.3d at 10); *see also In re Continental Illinois Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984) ("[t]he public's right of access to judicial records has been characterized as 'fundamental to a democratic state,'" and "this presumption is of constitutional magnitude").[3] As one court noted, "[t]he courts are public institutions and their proceedings should be public unless a ***compelling*** argument for secrecy can be made." *Arkwright Mut. Ins. Co. v. Garrett & West, Inc.*, 782 F. Supp. 376, 381 (N.D. Ill. 1991) (emphasis added).

The public has a vital interest in access to the information that BOA is trying to keep secret. BOA's status as a bank, itself raises a level of public concern. "The banking business is affected with the public interest. Traditionally banks and their officers have been held to a high degree of integrity and responsiveness to their public calling." *Jacques v. First Nat'l Bank*, 515 A.2d 756, 763 (Md. 1986). Banks "are invested with enormous public trust" and must be "held to a high degree of integrity and responsiveness to their public calling." *Djowharzadeh v. City Nat'l Bank & Trust Co.*, 646 P.2d 616, 619 (Okla. Ct. App. 1982). Citizens' ability to hold this

---

[3] The First Amendment right of access applies with equal force to civil and criminal proceedings. *See FTC v. Standard Financial Mgmt. Corp.*, 830 F.2d 404, 408 n.4 (1st Cir. 1987).

bank accountable to its public calling would be hindered if the Court were to permit this multi-district litigation to be conducted in secret.

More specifically, the testimony BOA seeks to keep confidential may be relevant to other litigants.  "[C]ourts have emphatically held that a protective order cannot be issued simply because it may be detrimental to the movant in other lawsuits." *Nestle Foods*, 129 F.R.D. at 486 (citing *United States v. Hooker Chemicals & Plastics Corp.,* 90 F.R.D. 421, 426 (W.D.N.Y. 1981); *Kamp Implement Co., Inc. v. J.I. Case Co.,* 630 F. Supp. 218, 219 (D. Mont. 1986); *Patterson v. Ford Motor Co.,* 85 F.R.D. 152, 153 (W.D. Tex. 1980)).  "Using fruits of discovery from one lawsuit in another litigation, and even in collaboration among various plaintiffs' attorneys, comes squarely within the purposes of the Federal Rules of Civil Procedure." *Nestle Foods*, 129 F.R.D. at 486.

The nature of this case implicates particular public interest as to the testimony regarding BOA's use of Urban.  *See* Brown Decl. ¶ 6.  The material at issue would be relevant to litigants raising any number of different legal claims or defenses in litigation involving BoA, as well as members of the public with an interest in the integrity of BoA's operations.  *Id.*  The testimony BOA is seeking to hide from the public is damning.  It not only supports Plaintiffs' allegations that BOA administered its HAMP obligations in bad faith, but describes callous conduct in which BOA knowingly deprived people of the modifications to which they were entitled and consequently foreclosed people out of their homes.  As the Sixth Circuit noted, "the greater the motivation a corporation has to shield its operations, the greater the public's need to know." *Brown & Williamson,* 710 F.2d at 1179-80.  BOA has not shown a compelling need to keep this information from the public.

## IV. CONCLUSION

For the reasons stated above, the Court should deny Defendants' motion for protective order.

Dated:  September 10, 2012

Respectfully Submitted,

/s/ Steve W. Berman
Hagens Berman Sobol Shapiro LLP
Steve W. Berman
Ari Y. Brown
Tyler S. Weaver
1918 8th Avenue, Suite 3300
Seattle, WA 98101
206.623.7292 (p)
206.623.0594 (f)
steve@hbsslaw.com
ari@hbsslaw.com
tyler@hbsslaw.com

/s/ Gary Klein
Klein Kavanagh Costello, LLP
Gary Klein (BBO 560769)
Shennan Kavanagh (BBO 655174)
Kevin Costello (BBO 669100)
85 Merrimac St., 4th Floor
Boston, MA 02114
617.357.5500 (p)
617.357.5030 (f)
klein@kkcllp.com
kavanagh@ kkcllp.com
costello@ kkcllp.com

*Interim Co-Lead Counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 10, 2012, a true and correct copy of this document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                */s/ Gary Klein*
                Gary Klein