UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION | No.  1:10-md-2193 RWZ<br><br>**Centralized before the Honorable Rya W. Zobel** |
| This Document Relates to:<br><br>ALL ACTIONS | |

**DECLARATION OF ARI BROWN IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

I, Ari Brown, declare as follows:

1. I am one of the co-lead attorneys representing Plaintiffs in this MDL.  I am over the age of 18, otherwise competent to testify and state the following based on my personal knowledge.

2. Between May 9 and May 31, 2012, counsel for Plaintiffs conducted the depositions of Tawnya Schoolitz, Jinja Martin and Christopher Orris.  In each case, Plaintiffs' counsel treated the deposition transcripts as confidential for thirty days after receiving the respective deposition transcripts per Paragraph 3 of the protective order entered in this case.  Between June 20 and July 9, Plaintiffs' counsel received letters from defense counsel designating

large portions of each transcript as "Confidential" under the protective order. None of the letters designating testimony as confidential included any explanation or justification. Copies of the notices were previously submitted as Exhibits D, E, and F to the Declaration of Seth Goldstein (Dkt. No. 145).

3. Upon reviewing the deposition transcripts, Plaintiffs' counsel could not discern the basis for designating the testimony confidential. Attached as Exhibit A is a true and correct copy of a letter dated July 11, 2012 I sent to defense counsel objecting to the confidentiality designations.

4. On July 26, 2012, Shennan Kavanagh and I conferred with counsel for Bank of America – Seth Goldstein and Stephen Hoeplinger regarding Bank of America's designations of confidentiality. The parties reached an impasse regarding the testimony given by Christopher Orris. Bank of America eventually limited the testimony it designated as confidential designations from the depositions of Jinja Martin and Tawnya Schoolitz, along with that of another witness – Lourdes Duarte.

5. In February 2012, Plaintiffs conducted the deposition of Neal Walsh who was designated as a corporate representative under Fed. R. Civ. P. 30(b)(6). Mr. Walsh identified Urban Lending Solutions as one of two vendors Bank of America used to gather and image documents from borrowers seeking to obtain modifications under HAMP. Mr. Walsh was unable to go into specific detail regarding the hiring and supervision of Urban Lending Solutions. Attached as Exhibit B is a true and correct copy of excerpted pages from the transcript of the deposition of Neal Walsh taken February 24, 2012 (*leave to file under seal pending*).

6.  The information that BoA seeks to conceal would be of general interest to the public.  In particular, the material at issue would be relevant to litigants raising any number of different legal claims or defenses in litigation involving BoA, as well as members of the public with an interest in the integrity of BoA's operations.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 7, 2012 in Seattle, Washington.

Ari Y. Brown

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2012, a true and correct copy of this document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Gary Klein*
Gary Klein