*Exhibit A*



T 206.623.7292   F 206.623.0594

Ari Y Brown
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA  98101
www.hbsslaw.com
**Direct (206) 268-9311**
ari@hbsslaw.com

July 11, 2012

James W. McGarry
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA  02109

    Re:    *In re Bank of America HAMP Contract Litig.*, MDL No. 2193

Dear Jim:

    We have received letters in which you assert as confidential large portions of the deposition transcripts of Christopher Orris, Tawnya Schoolitz, Lourdes Duarte, and Jinja Martin.  Unfortunately the letters do not include any purported justification as to why you consider the material to be confidential.  Upon reviewing the transcripts we cannot agree that the portions you have designated are properly designated or should be treated as confidential under the terms of the protective order.

    Indeed, it appears that the assertion of confidentiality has not been limited to the types of confidential commercial or financial information, trade secrets, personal information or other information entitled to a protective order under Fed. R. Civ. P. 26(c).  First, the designations have not been narrowly tailored.  For example, you have asserted that all of the testimony on pages 18-52 of the deposition of Tawnia Schoolitz to be confidential.  You designated over 164 of the first 179 pages of the deposition of Christopher Orris as confidential, and over 180 pages of the deposition of Jinja Martin.  This is improper.  Moreover, the content of that testimony is hardly the type of information that would be entitled to protective order.  While Bank of America's use of Urban Settlement Services may be a fact about which Bank of America is embarrassed, it is not confidential.

    Similarly, you designted virtually any discussion of any database in the most lay terms, and virtually any business relationship with third party contractors as confidential.  See, e.g., Lourdes Duarte deposition at 53 – 56; Schoolitz deposition at 19-23.  Such broad use of the confidential designations is not within the scope of Rule 26(c) and not a proper use of the protective order.

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   MINNEAPOLIS   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

010176-16  535441 V1

James W. McGarry
July 11, 2012
Page 2

      This letter constitutes Plaintiffs' objections to the confidential designations set out in your letters dated July 9, 2012 and June 20, 2012 as they pertain to the transcribed depositions of Christopher Orris, Tawnya Schoolitz, Lourdes Duarte, and Jinja Martin.

                              Sincerely,

                              HAGENS BERMAN SOBOL SHAPIRO LLP

                              Ari Y. Brown

cc:    Gary Klein
        Shennan Kavanagh
        Kevin Costello
        Steve Berman
        Tyler Weaver