# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

In re:  Bank of America Home Affordable
Modification Program (HAMP) Contract
Litigation

Civil Action No. 1:10-md-02193-RWZ

Leave to File Granted on
September 27, 2012

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

Rather than respond to the substance and authority in Bank of America, N.A.'s ("BANA") well-founded Motion, Plaintiffs' Opposition attempts to obscure that substance through rhetoric, wide-ranging discussion of irrelevant matters, mischaracterization of the record, and citations to inapposite case law.  The reason is obvious:  Plaintiffs have no substantive response or on-point authorities to support their arguments, so instead effectively invite this Court to deny the Motion because they want to disclose to the public confidential information that Plaintiffs believe is harmful to BANA.  But that, of course, is no legitimate ground to deny the Motion.  Nor does it provide any response to the main points of BANA's argument, namely that (1) Plaintiffs seek to misuse the Rule 45 subpoena to elicit and disclose testimony concerning confidential matters that Christopher Orris (an Urban employee) is contractually bound to maintain as confidential and (2) the case law demonstrates that the subject testimony concerning BANA's and Urban's policies and procedures is exactly the type entitled to confidential treatment under Rule 26(c) at this preliminary stage of the lawsuit.

The Court should grant the Motion without hesitation and enter a protective order prohibiting public disclosure of the small amount of confidential material at issue.

## ARGUMENT

## I.     BANA HAS DEMONSTRATED "GOOD CAUSE" TO PRECLUDE DISCLOSURE OF THE MATERIAL AT ISSUE.

### A.     Plaintiffs Do Not Dispute That The Majority of the Material At Issue Was Provided in Response to a Subpoena By a Witness Who Could Not Have Provided It to the General Public.

Despite its more than ten pages of argument, Plaintiffs' Opposition makes no effort to explain why testimony from Orris containing confidential information that he cannot disclose publicly under the terms of his confidentiality agreement can somehow be disclosed publicly by Plaintiffs because they used the Rule 45 subpoena power to obtain it.  Plaintiffs do not dispute

the validity of Orris's confidentiality agreement and obligations.  Nor do they dispute that those obligations would preclude him from publicly disclosing the bulk of what he told Plaintiffs' counsel at deposition having been served with a subpoena.  Nonetheless, and without proffering any authority in support of their position, Plaintiffs claim for themselves an unfettered right to disseminate Orris's testimony to the public at large.

Plaintiffs' unsupported argument should be rejected out of hand.  The Rule 45 process should not be construed to permit the absurd result that a party may compel confidential information under threat of contempt and then turn around and disclose it.  This is an obvious end-run around the witness' confidentiality obligations to his employer and the employer's right to ensure that its employees keep as confidential its non-public information.  But permitting such an end-run makes no sense and is patently unfair.  It also presents the real possibility that employees and employers will resist subpoenas to prevent the very result Plaintiffs seek here, thus burdening the Court with additional discovery disputes and adding additional complications to the discovery process.  And simply, this Court should not endorse a rule that permits litigants to obtain and disclose non-public information subject to an employee's valid confidentiality agreement simply by obtaining it through a subpoena under Rule 45.  The potential for significant abuse of such a rule is obvious and irreparable.

Indeed, in a decision on which Plaintiffs themselves rely, the First Circuit has recognized that the public obtains no general right of access to non-public information obtained by subpoena from an individual who is duty-bound not to disclose that information.  In *Siedle v. Putnam Investors*, 147 F.3d 7 (1st Cir. 1998), an attorney formerly employed by the defendant, who had executed a termination agreement that required he not disclose any "non-public documents, materials or information in whatever form" obtained in the course of his employment, later sued

the defendant.  *Id.* at 8.  In doing so, he disclosed non-public information about the defendant in the complaint.  Though the defendant quickly obtained a restraining order, a seal order, and a preliminary injunction that "impounded virtually all the pleadings, directed the parties to submit all future filings under seal, and prohibited [plaintiff] from disclosing any information that was subject to the attorney-client privilege or the confidentiality requirements" of his termination agreement, the trial court later lifted the seal in response to a request by a newspaper.  *Id.* at 9. The First Circuit reversed, noting "[t]he information that [the employer] wishes to keep under seal appears on its face to be subject to both the attorney-client privilege and the parallel confidentiality requirements imposed by the [termination] Agreement."  *Id*. at 11. Here, just as in *Siedle*, the mere fact that information subject to a confidentiality obligation has been produced in discovery does not somehow give the public a right to disclosure of that information.  Plaintiffs have given the Court no reason to conclude otherwise.

### B.     The Designated Testimony Contains Confidential Commercial Information.

Contrary to Plaintiffs' conclusory assertions otherwise, the designations are neither blanket nor otherwise improper.  Rather, as demonstrated in the Motion (at 3-6), the designations are targeted to confidential commercial information.

First, as even a casual glance at the designations demonstrates, they are the result of a painstaking line-by-line review of the three deposition transcripts at issue and individualized determinations that select portions of them –  eight of the 221 pages of the Schoolitz deposition transcript, 29 of the 221 pages of the Martin deposition transcript, and 192 of the 214 pages of the Orris deposition transcript – contain confidential commercial information protected from disclosure under the parties' Protective Order and Rule 26(c).  *See* Goldstein Decl. [Dkt. No.

145] Ex. J.[1]  They are thus nothing like the "indiscriminate" designations or blanket protective orders at issue in cases cited by Plaintiffs (Opp. at 7).  *See Foltz v. State Farm Mut. Automobile Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (vacating blanket protective order); *Minter v. Wells Fargo Bank, N.A.*, No. WMN-07-3442, 2010 U.S. Dist. LEXIS 136006, at *11 (D. Md. Dec. 23, 2010) (rejecting designations where defendant had not made individualized determinations).

Second, as demonstrated in the Motion (at 4-6), the designations are as to confidential commercial information of BANA and Urban.  For that reason, public disclosure of the designated testimony may subject BANA and Urban to competitive harm and impinge upon BANA's right to a fair trial in light of the potential for adverse publicity.  *See* Motion at 4-6, 9-12.  It is well-settled that the presence of either or both circumstances supports prohibiting public disclosure of the subject testimony.  *See* Fed. R. Civ. P. 26(c)(i); *In re San Juan Star Co.* 662 F.2d 108, 114 (1st Cir. 1981); *see also* Motion at 5-6 (cases cited).  Plaintiffs do not discuss or, for that matter, even attempt to distinguish any of BANA's supporting case law in the Opposition.  Indeed, many of Plaintiffs' own cases support BANA's arguments.[2]

Plaintiffs' remaining cases do not advance their arguments.  The bulk of them articulate the general requirement of "good cause" for motions like BANA's here.  The others are distinguishable on the facts or otherwise have no bearing on the issue before the Court.  For example, in *Public Citizen v. Liggett Group, Inc.*, the district court entered a protective order

---

[1] As discussed in the Motion (at 1, 6-8, 10-11) and above (Section I.A, *supra*), the Orris designations are a direct result of Plaintiffs' choice to use the Rule 45 subpoena process to elicit testimony from Orris as to matters he could not (and cannot) publicly disclose under his confidentiality agreement with Urban.  Having made that choice, Plaintiffs should not be heard to complain about the scope of BANA's designations.

[2] *See Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, No. 1:07-cv-11444-RWZ, 2008 U.S. Dist. LEXIS 10542, at *8 (D. Mass. Feb. 13, 2008) ("good cause" for filing summary judgment materials under seal outweighed the "longstanding tradition of our judicial system" to allow "[p]ublic access to trials and pre-trial motion practice"); *Pochat v. State Farm Mut. Automobile Ins. Co.*, CIV. 08-5015-KES, 2008 U.S. Dist. LEXIS 100389, at *27-28 (D. S.D. Dec. 11, 2008) (concluding defendants' policies and procedure entitled to protection); *Hamilton v. State Farm Mut. Automobile Ins. Co.*, 204 F.R.D. 420, 423-24 (S.D. Ind. 2001) (internal policies, practices, and procedures entitled to protection).

prohibiting all pre-trial publication of discovery materials (which were required to be filed with the court under former Federal Rule of Civil Procedure 5(d)), 858 F.2d 775, 777, 791 (1st Cir. 1988), but later allowed certain disclosure *after* the case was dismissed, thus lessening the concern regarding pretrial disclosure publicity, *id.* at 790-91.  Here, in contrast, Plaintiffs transparently seek to disclose the designated testimony precisely for the adverse pre-trial publicity they presume it will generate – a result the First Circuit recognized the district court was free to prohibit.  *Public Citizen*, 858 F.2d at 791.

Similarly, in *American Telephone & Telegraph Co. v. Grady*, a non-party involved in parallel litigation against the same defendant moved to intervene and modify a protective order to gain access to discovery materials.  594 F.2d 594, 595 (7th Cir. 1979).  Based on what it characterized as "exceptional considerations," the court granted the non-party – and only the non-party – access to the confidential discovery materials based on a particularized showing of need and relevance by the non-party.  *Id.* at 597.  Here, while Plaintiffs offer the self-serving opinion that others may benefit from the subject testimony, the reality is that no one without access to the designated testimony has requested it.  And, even if someone had, *Grady* teaches that the disclosure would be to that party alone.  *Grady* thus provides no support for Plaintiffs' seeking to disseminate the testimony to the general public.

Finally, in both *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1180 (6th Cir. 1983) and *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 129 F.R.D. 483, 485 (D. N.J. 1990), the materials that the defendants contended were confidential had already been disclosed by them to their major competitors, destroying any claim that they were confidential.  Here, by contrast, the record is undisputed that Urban and BANA have taken steps to keep their confidential information confidential.

**II.**      **THERE IS NO RIGHT OF PUBLIC ACCESS TO DISCOVERY MATERIALS.**

In support of their attempt to sidestep the confidentiality agreements between BANA and Urban and between Urban and Orris and to expose BANA's confidential information to the public, Plaintiffs repeatedly invoke the general presumption of public access to judicial records. But this repeated invocation misses the mark.  The issue is not the public's right of access to the designated testimony – indeed, no one in the public has sought it – but rather Plaintiffs' right to disseminate it under circumstances where Orris himself unquestionably could not.

Beyond this, the public access argument is a red herring because the discovery materials at issue, i.e., the designated deposition testimony of Orris, Martin and Schoolitz, have neither been offered into evidence for consideration in connection with determination of the litigants' substantive rights nor relied upon by the Court in determining those rights.  As BANA demonstrated in the Motion (at 9-12), and Plaintiffs nowhere dispute, there is no public right of access to such discovery materials.  *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33-35 (1984); *Pub. Citizen*, 858 F.2d at 780 ("[T]he public has no right to demand access to discovery materials which are solely in the hands of private party litigants.").  As the First Circuit stated in *Anderson v. Cryovac, Inc.*,

> [L]ike the constitutional right of access [to judicial proceedings], the common law presumption [that the public may inspect judicial records] does not encompass discovery materials.  The courts have not extended it beyond materials on which a court relies in determining the litigants' substantive rights. . . .  And as we already have determined, discovery is fundamentally different from those proceedings for which a public right of access has been recognized. There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process. In view of these conclusions, we decline to extend to materials used only in discovery the common law presumption that the public may inspect judicial records.

805 F.2d 1, 13 (1st Cir. 1986) (emphasis added). *See also Seattle Times*, 467 U.S. at 33

("[P]retrial depositions and interrogatories are not public components of a civil trial."); *Gannett Co. v. DePasquale*, 443 U.S. 368, 396 (1979) (Burger, C.J., concurring) ("[I]t has never occurred to anyone, so far as I am aware, that a pretrial deposition or pretrial interrogatories were other than wholly private to the litigants.").

Plaintiffs' Opposition is nothing short of obfuscation. The Supreme Court and First Circuit authority cited by BANA constitute binding precedent. Plaintiffs' citation to cases about unsealing materials that had been relied upon in determining parties' substantive rights are inapposite because here the deposition testimony at issue is not such material (indeed, Plaintiffs do not contend that it is). *See In re Providence Journal Co., Inc.*, 293 F.3d 1, 9-10, 14-15 (1st Cir. 2002) (blanket order vacated based on "common-law right of access" to "materials on which a court relies in determining the litigants' substantive rights"); *In re Continental Illinois Sec. Litig.*, 732 F.2d 1302, 1305, 1310-12 (7th Cir. 1984) (access to report permitted where report was voluntarily offered into evidence by party and court relied upon report in ultimate opinion); *FTC v. Standard Financial Mgmt. Corp.*, 830 F.2d 404, 408, 410-12 (1st Cir. 1987) (allowing access to court-approved settlement documents); *Arkwright Mut. Ins. Co. v. Garrett & West, Inc.*, 782 F. Supp. 376, 381 (N.D. Ill. 1991) (same).

## CONCLUSION

WHEREFORE, for all of the foregoing reasons and the reasons set forth in the Motion, previously filed, BANA respectfully requests that the Court grant the Motion and enter the requested protective order.

Dated: September 27, 2012

Respectfully submitted,

Bank of America, N.A., for itself and as
successor by merger to BAC Home Loan
Servicing, L.P.,

By its attorneys,

/s/ James W. McGarry
James W. McGarry (BBO #633726)
jmcgarry@goodwinprocter.com
Dahlia S. Fetouh (BBO#651196)
dfetouh@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel.:  617.570.1000
Fax:  617.523.1231

## CERTIFICATE OF SERVICE

I hereby certify that *Defendant's Reply Memorandum in Support of Its Motion For a Protective Order Regarding Confidential Information*, filed through the ECF system will be sent electronically to all counsel of record by operations of the Court's electronic filing system on September 27, 2012.  Parties may access this filing through the Court's system.

/s/ James W. McGarry