UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MULTIDISTRICT LITIGATION NO. 10-02193-RWZ

IN RE BANK OF AMERICA
HOME AFFORDABLE MODIFICATION PROGRAM (HAMP)
CONTRACT LITIGATION

MEMORANDUM OF DECISION

October 22, 2012

ZOBEL, D.J.

Defendant Bank of America, N.A. ("BANA") moves for a protective order affirming its designation of certain excerpts of deposition testimony as confidential. Under the standing protective order already issued, either party may designate certain material as confidential; that designation does not prevent the other party from seeing and using the material, but bars public disclosure. Material may only be designated confidential if it is proprietary or sensitive, not in the public domain, and entitled to a protective order under Federal Rule of Civil Procedure 26(c).

Under Rule 26(c) and the standing protective order, the party designating certain material as confidential must show good cause why that designation is appropriate. In this case, BANA argues it has good cause for a protective order because the deposition excerpts contain confidential commercial information about its internal policies and procedures, as well as the internal policies and procedures of its third-party vendor Urban Lending Solutions ("Urban"). This material was covered by

confidentiality agreements between BANA and Urban and between Urban and its employees.

The court has reviewed the deposition testimony at issue and is satisfied that it contains confidential commercial information whose disclosure could unfairly disadvantage BANA and Urban vis-à-vis their economic competitors. Therefore, the court finds BANA has shown good cause why the protective order should cover this material.

It is worth reiterating that this protective order in no way impedes plaintiffs from pressing their claims. Plaintiffs already have access to all of the deposition testimony at issue. They seek only to share that testimony with the public at large, asserting the public interest in an open judicial system. But that public interest applies less forcefully to pretrial discovery materials. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) ("[P]retrial depositions and interrogatories are not public components of a civil trial."). And in any case, that public interest must yield to a protective order properly issued for good cause. Id. at 36-37; Pub. Citizen v. Liggett Grp., 858 F.2d 775, 788 (1st Cir. 1988).

For these reasons, defendant's motion (Docket # 141) is ALLOWED.

|  |  |
|---|---|
|    October 22, 2012    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |