UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION | MDL No. 2193 |
| This Document Relates To:<br><br>ALL ACTIONS | **Centralized before the Honorable Rya W. Zobel** |

**JOINT STATUS REPORT**

As requested by the Court and in advance of the status conference scheduled for January 23, 2013, the parties submit this status report regarding outstanding discovery issues and the parties' respective proposals for a class-certification schedule.

## I. PLAINTIFFS' STATUS REPORT

Plaintiffs hereby provide their summary of the outstanding pre-certification discovery items, and their proposed date and briefing schedule for class certification.

### A. Defendant's Internal Reports

At the December status conference, the Court ordered Defendant to produce a number of reports on or before January 10, 2013. Plaintiffs understand that Defendant will produce the responsive reports on January 10, 2013.

In anticipation of those reports, on January 3, 2013, Plaintiffs requested that Defendants produce, by January 31, 2013, a 30(b)(6) witness on the following topics related to those reports and their use within Bank of America:

1. General information about how HAMP-related data reports were ordered by business units, designed, generated and distributed.

2. The nature of reports used to study whether timelines required by the HAMP program were being met.
3. The nature of reports used by BOA, particularly during the 2009-2010 time frame, to evaluate problems identified (for example, by Treasury) with delays in evaluating borrowers for permanent modifications in the HAMP program.
4. Questions about how specific reports produced on January 10, 2013, and how those reports are generated and used by Bank of America.

Plaintiffs understand that Defendant is generally amenable to this request, although Defendant has not yet identified a witness (or witnesses) who can testify on these topics, nor has Defendant committed to producing the witness(es) in January. Plaintiffs believe that given that Defendant has spent several weeks compiling these reports for production, it should not be difficult to produce a witness on these topics before the end of this month. Plaintiffs request that the Court set a deadline for this deposition, if Defendant does not provide, before the conference, a date certain for this deposition.

**B. Plaintiffs' Request for Email**

On January 4, 2013, Plaintiffs provided to Defendant a significantly narrowed proposal for email discovery prior to certification. Plaintiffs reduced the number of custodians from whom they are presently seeking email discovery to 5 (down from an initial request of 24 custodians and a more recent request of 15). Of those 5 custodians, Plaintiffs understand that Defendant has already collected, for another case, the emails of 2 of these custodians.

Plaintiffs have also lowered the number of search terms to be used to find responsive documents from those custodians' emails to approximately 70 (down from an initial request of 274 and a more recent request of 99). Plaintiffs have further agreed to limit the time scope of their request to end at December 31, 2011.

It is Plaintiffs' understanding from prior communications with Defendant that Defendant has concluded that Plaintiffs have narrowed their search terms sufficiently that the search terms would return just 40% of the email for the requested custodians.

The parties have now discussed this matter in detail for more than 6 months. These concessions are Plaintiffs' fourth effort to narrow their request for email, in light of the Court's guidance, to address Defendant's burdensomeness concerns. Plaintiffs believe that the burden associated with review and production is now minimal in light of the importance and scope of discovery in this multidistrict litigation.

Defendant is presently considering whether it will accept Plaintiffs' revised request for emails prior to class certification. Plaintiffs believe the production of email pursuant to their revised requests should be compelled at the January 23 status conference if Defendant does not agree to produce responsive emails from the requested custodians under the revised proposal. Plaintiffs further believe that, given the significantly reduced number of custodians and search terms, and the fact that Defendant has already collected and searched the email of 2 of the 5 custodians, Defendant should begin producing emails by the end of January, and complete the production by the end of February. This schedule would allow Plaintiffs to complete anticipated depositions consistent with the schedule they propose for class certification, as set forth below.

**C. Plaintiffs' Request for a 30(b)(6) Deposition Regarding Data Provided to the Treasury Department**

Plaintiffs filed a motion to compel this deposition on December 21, 2012, and Defendant's response is due on January 16, 2013. Plaintiffs request that the Court consider this motion at the status conference on January 23, 2013 and, if the motion is granted, order that it take place no later than February 15.

**D. Plaintiffs' Request for Additional Data Related to the Sample of Class Members**

The parties have also met and conferred regarding Plaintiffs' requests regarding the production of additional points of data for each of the 3,000 randomly sampled class members for whom Defendant previously produced some data. Defendant has indicated that some of the

additionally requested data will be produced on January 10, 2013, and that for data Defendant does not produce on January 10, Defendant will provide a schedule indicating when the additional data will be produced.

On January 3, 2013, Plaintiffs requested that Defendant produce, by January 31, 2013, a 30(b)(6) witness on the data sample who can testify on issues including the data sources used to produce the report, whether responsive data is maintained in other sources, and the content of the data sample. Plaintiffs understand that Defendant is generally amenable to such deposition, but Defendant has not yet provided a schedule for the production of the remaining data sample points, nor identified a witness or a date on which that witness will testify. If Defendant has not provided a definite schedule before the January 23, 2013 hearing, Plaintiffs will request that the Court order, at that hearing, a timeline for the production and related deposition so that the deposition can be taken no later than February 15, 2013.

**E. Plaintiffs' Proposed Class Certification Deadline**

Plaintiffs propose that the Court set a deadline of April 5, 2013, for their motion for class certification. Plaintiffs believe that all outstanding discovery items, including email, can and should be produced sufficiently in advance of that date to allow Plaintiffs to review the materials and take necessary depositions so that they can file their motion no later than April 5, 2013.

When Plaintiffs discussed this date with Defendant's counsel, Defendant's counsel did not have sufficient information about all aspects of the outstanding discovery to indicate whether Defendant could agree to this date. As a result, the parties also did not agree on a briefing schedule. However, Plaintiffs believe a reasonable schedule would allow Defendant 4 weeks to file its opposition, and would specifically allow Plaintiffs up to an additional 3 weeks to file a reply brief.

Plaintiffs further believe that the Court should determine, after receiving and reviewing the briefs, whether the Court believes an evidentiary hearing would be necessary or helpful in resolving the motion.[1]

## II. DEFENDANT'S STATUS REPORT

### A. Defendant's Internal Reports.

During the December 13 status conference, the Court directed Bank of America to produce by January 10, 2013 certain reports. These reports are being produced today, January 10.

On January 3, 2013, Plaintiffs proposed a series of 30(b)(6) depositions in a telephone conference with Bank of America. On January 4, 2013, Plaintiffs sent defense counsel the list of topics it proposed, as reflected above on pp. 1-2 in Section A of Plaintiffs' Status Report. Defense counsel informed Plaintiffs' counsel on January 3 that (1) subject to its confirmation that the topics proffered fell within the scope of the prior 30(b)(6) notice and (2) the subjects had not previously been covered by another witness, counsel believed, generally speaking, that the topics discussed on January 3 were reasonable, subject to further discussion of the parties. Although some of the topics sent in writing on January 4 and set forth above differ slightly from the parties' discussion on January 3, Defendant believes the parties will be able to resolve any differences such that witnesses for appropriate topics will be made available. The parties have previously agreed upon an informal meet and confer process in advance of 30(b)(6) depositions which has enabled counsel to have candid discussions about the proper scope of topics and witnesses' knowledge in advance of depositions. Bank of America anticipates using that process

[1] Plaintiffs do not presently have a set position on whether an evidentiary hearing will be necessary, but may eventually request one if Plaintiffs believe a hearing is necessary upon seeing the development of the record. If an evidentiary hearing is held, Plaintiffs believe that it should be limited to 12 hours for Plaintiffs and 6 hours for Defendant.

here as well, with which the parties have had some success. Counsel expects any issues related to subjects or scheduling to be resolved by the meet and confer process.

**B. Plaintiffs' Request for Email.**

At the December 13 status conference, the Court directed plaintiffs to narrow their email collection proposal following the receipt and review of the reports to be produced January 10 and discussed in Section A above. Plaintiffs' counsel provided Bank of America with a revised email proposal on January 4, 2013. Defense counsel has since been consulting with its client and its discovery vendor on the feasibility of this proposal. Bank of America acknowledges that Plaintiffs have significantly reduced the number of custodians sought, although the lowered number of search terms does not appear to have narrowed the scope of actual "hits" for the sample custodians in any meaningful way. That said, as Bank of America believes Plaintiffs have now made a good faith proposal, counsel is confident the parties can work together to finalize agreeable search terms and then immediately begin the review process for previously collected custodians.

The schedule Plaintiffs propose for this production is not reasonable for a host of reasons, many of which have previously been discussed in detail in the Declaration of Robert Daniel, filed with the Court on August 20, 2012. Bank of America nevertheless will work with Plaintiffs to begin email review and processing immediately upon finalizing search terms and, assuming swift agreement, anticipates beginning a rolling production of emails in mid-late February 2013. Based on current information, Bank of America expects that it will take at least several months after the start of this production to complete email production.

**C. Plaintiffs' Request for a 30(b)(6) Deposition Regarding Data Provided to the Treasury Department.**

At the December 13 status conference, the Court asked Plaintiffs' counsel to either move to compel or provide a status report by this date as to their 30(b)(6) deposition notice related to IR-2 issues. Plaintiffs filed their motion to compel on December 21, 2012, and Defendant's opposition is currently due January 16, 2013.

**D. Plaintiffs' Request for Additional Data Related to the Sample of Class Members.**

Bank of America generally agrees with Plaintiffs' recitation of this issue. As the parties have discussed, there are some limitations on the availability and reasonable retrievability of the particular data points as stated, but Bank of America is producing responsive data to the best of its ability to locate and reasonably retrieve such data (or close approximations), and will continue to inform Plaintiffs of its inability to do so on any particular points.

**E. Defendant's Proposed Class Certification Schedule.**

Bank of America proposes the following schedule for Class Certification. This schedule sets class certification-related deadlines such that certification-related discovery will be completed prior to any certification briefing. This will allow the parties to present their certification arguments to the Court on an adequately developed record, and should also obviate the need for the parties to seek additional briefing beyond the one brief per side permitted by Local Rule 7.1(B). The schedule also sets expert disclosure and deposition deadlines related to class certification. Bank of America notes that the deadlines it proposes are significantly later than those proposed by Plaintiffs. This is based on Bank of America's understanding that Plaintiffs believe email discovery to be necessary to the class certification issue. If some or all of the email discovery is postponed until after a decision on class certification, Bank of America

believes the below deadlines could be advanced by as much as 4-5 months. Similarly, if Plaintiffs proceed to class certification without experts, the proposed schedule may be shortened.

**Proposed Schedule**

| | |
|---|---|
| June 28, 2013 | Class Certification Discovery Completed |
| July 31, 2013 | Plaintiffs' Expert Disclosure on Class Certification Issues due |
| August 30, 2013 | Depositions of Plaintiff Class Certification-Related Experts Completed |
| Sept. 30, 2013 | Defendant's Expert Disclosures Related to Class Certification |
| October 31, 2013 | Depositions of Defendant's Class Certification-Related Expert Witnesses Completed |
| December 15, 2013 | Class Certification Motion |
| February 7, 2014 | Class Certification Opposition |
| March 7, 2014 | Hearing on Motion for Class Certification |

Bank of America does not anticipate the need for an evidentiary class certification hearing. As such, Bank of America believes half a day for oral argument will be sufficient for the parties. In the event the Court anticipates requiring an evidentiary hearing on class certification, Bank of America suggests that 1-2 days would likely be sufficient for such a hearing.

DATED: January 10, 2013.

Respectfully submitted,
On behalf of Plaintiffs,

*/s/ Tyler S. Weaver*

Steve W. Berman
Ari Y. Brown
Tyler S. Weaver
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: 206.623.7292
Facsimile: 206.623.0594
steve@hbsslaw.com
ari@hbsslaw.com
tyler@hbsslaw.com

*/s/ Gary Klein*

Shennan Kavanagh
Gary Klein (BBO 560769)
Shennan Kavanagh (BBO 655174)
Kevin Costello (BBO 669100)
KLEIN KAVANAGH COSTELLO, LLP
85 Merrimac Street, 4th Floor
Boston, MA 02114
Telephone: 617.357.5500
Facsimile: 617.357.5030
klein@kkcllp.com
kavanagh@kkcllp.com
costello@kkcllp.com

On behalf of Defendant,

*/s/ James W. McGarry*

James W. McGarry (BBO #633726)
Dahlia S. Fetouh (BBO#651196)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Telephone: 617.570.1000
Facsimile: 617.523.1231
jmcgarry@goodwinprocter.com
dfetouh@goodwinprocter.com

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 10, 2013.

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Tyler S. Weaver*