# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: Bank of America Home Affordable Modification Program (HAMP) Contract Litigation | No. 1:10-md-02193 |

# DEFENDANT BANK OF AMERICA, N.A.'S
# OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

**TABLE OF CONTENTS**

**Page**

BACKGROUND ............................................................................................................................. 1

ARGUMENT ................................................................................................................................. 5

I. THE TESTIMONY AND DOCUMENTS PLAINTIFFS SEEK ARE NOT RELEVANT TO THE ISSUES IN THIS LITIGATION. .................................................................................................................. 6

    A. Plaintiffs Fail To Carry Their Burden Of Showing Relevance .............................. 6

    B. This Court Should Follow Judge Stearns' Order Precluding Discovery of Information Related to IR2 Reporting. .................................................................. 7

II. PLAINTIFFS' DEMAND FOR TESTIMONY WOULD IMPOSE AN UNDUE BURDEN ON BANA. ... 8

III. THE DISCOVERY SOUGHT CAN BE OBTAINED THROUGH LESS BURDENSOME ALTERNATIVES. .................................................................................................................. 11

CONCLUSION ............................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alexander v. F.B.I.*,
    186 F.R.D. 137 (D.D.C. 1998)..................................................................................................11

*Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*,
    244 F.3d 189 (1st Cir. 2001)....................................................................................................12

*Amorim Holding Financeria S.G.P.S., S.A. v. C.P. Baker & Co.*,
    No. 09-cv-10641, 2011 WL 5879433 (D. Mass. Nov. 22, 2011) ..............................................5

*Barnett v. Norman*,
    No. 05-cv-1022, 2010 WL 3220122 (E.D. Cal. Aug. 10, 2010)..............................................13

*Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc.*,
    201 F.R.D. 33 (D. Mass. 2001)..................................................................................................5

*Cutter v. HealthMarkets, Inc.*,
    No. 10-cv-11488, 2011 WL 613703 (D. Mass. Feb. 10, 2011) .................................................5

*Degenhart v. Arthur State Bank*,
    No. 11-cv-41, 2011 WL 4351491 (S.D. Ga. Sept. 15, 2011) .....................................................5

*Equal Emp't Opportunity Comm'n v. Am. Intern. Group, Inc.*,
    No. 93-cv-6390, 1994 WL 376052 (S.D.N.Y. July 18, 1994)..................................................11

*Fidelity Mgmt. & Research Co. v. Actuate Corp.*,
    275 F.R.D. 63 (D. Mass. 2011)................................................................................................11

*Great Am. Ins. Co. of New York v. Vegas Const., Co.*,
    251 F.R.D. 534 (D. Nev. 2008)................................................................................................14

*In re Indep. Serv. Orgs. Antitrust Litig.*,
    168 F.R.D. 651 (D. Kan. 1996)................................................................................................12

*In re JPMorgan Chase Mortg. Modification Litig.* ("*Chase HAMP MDL*")
    No. 11-md-2290.....................................................................................................................7, 12

*In re Vitamins Antitrust Litig.*,
    216 F.R.D. 168 (D.D.C. 2003).................................................................................................14

*Interdigital Tech Corp. v. OKI Am., Inc.*,
    No. 93-cv-2004, 1994 WL 114917 (E.D. Pa. Mar. 31, 1994) .................................................12

*Nat'l Life Ins. Co. v. Hartford Acident. & Indem. Co.*,
    615 F.2d 595 (3rd Cir. 1980) ...................................................................................................13

*Paparelli v. Prudential Ins. Co. of Am.,*
   108 F.R.D. 727 (D. Mass. 1985) ............................................................................................ 5

*Philadelphia Indem. Ins. Co. v. Westchester Surplus Lines Ins. Co.,*
   No. 08-cv-5658, 2010 WL 1032586 (N.D. Cal. Mar. 19, 2010) ............................................ 11

*Prewitt v. Mississippi State University,*
   No. 06-cv-338, 2008 WL 4224919 (N.D. Miss. Sept. 11, 2008) .......................................... 11

*Shoen v. Shoen,*
   5 F.3d 1289 (9th Cir. 1993) ................................................................................................... 13

*U.S. ex rel Smith v. Boeing Co.,*
   No. 05-cv-1073, 2009 WL 2777278 (D. Kan. Aug. 27, 2009) .............................................. 13

*U.S. v. Massachusetts Indus. Fin. Agency,*
   162 F.R.D. 410 (D. Mass. 1995) ............................................................................................ 12

*Zito v. Leasecomm Corp.,*
   233 F.R.D. 395 (S.D.N.Y. 2006) ........................................................................................... 13

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b)(2)(C) ................................................................................................ 5, 10-11

Plaintiffs' Motion to Compel Deposition ("Motion" or "Mot.") should be denied. Plaintiffs seek to compel Bank of America ("BANA") to designate a Rule 30(b)(6) witness to provide testimony on five topics relating to BANA's reporting of HAMP-related data to the Department of Treasury ("IR2 Reporting"). But, the subject matter is not relevant and has no bearing on Plaintiffs' claims. Moreover, satisfying Plaintiffs' Motion would require BANA to undertake a time-consuming and costly investigation that may not yield complete and accurate information just to prepare a witness or witnesses to attempt to memorize and regurgitate whatever information BANA may be able to discern. Given the limited relevance of this information, the burden associated with providing testimony about it and the availability of less burdensome methods of obtaining it, the Motion should be denied.

## BACKGROUND

This dispute arises from Plaintiffs' complaint that testimony from BANA's Rule 30(b)(6) designee on "[a]ll electronic systems(s) [BANA] use[s] that Relate to HAMP, including, without limitation, electronic storage of data and Documents Related to HAMP applications" ("Topic 14") was somehow deficient. *See* Declaration of Brooks Brown in Support of Opposition to Motion to Compel ("Brown Decl.") ¶ 6 & Ex. A. On September 22, 2011, BANA produced Dr. Sarfaraz Abdullah for a Rule 30(b)(6) deposition on Topic 14, which lasted a full-day and generated a transcript spanning nearly 300 pages. *Id.* Nine months later, in June 2012, Plaintiffs complained that Dr. Abdullah had provided insufficient testimony about BANA's electronic systems relating to IR2 Reporting, and requested another witness to testify about additional topics that they claimed were within the ambit of Topic 14, including (1) "the process by which information is or can be gathered from the Bank's systems for the purpose of IR2 reporting;" and

(2) "the fields gathered for IR2 reports and the values, codes, terms, or other data used in each field." *Id.* ¶ 7.

During the parties' subsequent meet-and-confer discussions, Plaintiffs expanded the scope of the supplemental testimony sought to include (a) BANA's "interpretation" of 25 data points from its IR2 Reporting dating back to 2009, (b) the identity of the electronic system or other electronic source from which each of the 25 data points were gathered at all times since 2009; (c) the names of all BANA personnel "involved" in IR2 Reporting in any way since 2009, (d) BANA's "methodology of [] IR2 reporting, including the events that give rise to [its] responsibility to report a loan for trial setup, trial period activity, trial cancel or official Modification and the means by which [it] identifies the appropriate loans to report;" and (e) "archival of files reported through IR2." *Id.* ¶¶ 8-12.  Plaintiffs eventually issued a supplemental Rule 30(b)(6) notice (the "Supplemental Notice") setting forth the IR2-related topics on which they sought testimony.  *Id.* ¶ 14; Declaration of Kevin Costello, Dkt. No. 183 (Dec. 21, 2012) ("Costello Decl."), Ex. 4a.

The Supplemental Notice sought deposition testimony on the following topics:

1. The methodology of Your IR2 reporting, including the events that give rise to Your responsibility to report a loan for trial setup, trial period activity, trial cancel or official Modification and the means by which You identify the appropriate loans to report.

2. Personnel involved in IR2 reporting.

3. Archival of files reported through IR2.

4. Content of the April 2, 2012 production of IR2 data You made.

5. Your interpretation and Data Map of the following HAMP "Data Points" from the HAMP data dictionary (and its predecessors):  (1) 1st trial payment due date; (2) 1st trial payment posted date; (3) 1st Trial payment received amount; (4) Servicer Loan Number; (5) Action Code; (6) Action Code Date; (7) Amortization Term After Modification; (8) Borrower

2

> Execution Date; (9) Delinquent Interest; (10) Hardship Reason Code; (11) Length of Trial Period; (12) Modification Effective Date; (13) Modification Fees; (14) Monthly Gross Income; (15) Term After Modification; (16) Trial Payment Number; (17) Trial Payment Received Amount; (18) Trial Payment Posted Date; (19) Submission Status; (20) Trial Fallout Reason Code; (21) NPV Model Result Amount Pre-Mod; (22) NPV Run Date; (23) Principal and Interest Payment After Modification; (24) Projected Foreclosure Sale Date; (25) Interest Rate After Modification.

Costello Decl., Ex. 4a. These areas of inquiry constitute the discovery requests on which Plaintiffs now move to compel. In addition, the Notice sought (and BANA timely objected to) the production of three categories of documents in connection with the deposition. *Id*., Exs. 4 & 5.

Throughout the parties' discussions, BANA proposed less burdensome alternatives to the deposition noticed by Plaintiffs, including offering to produce witnesses to testify on many of the topics on which Plaintiffs sought testimony or to provide a written document containing BANA's current and historic "plain English" interpretations of the 25 data fields. Brown Decl. ¶¶ 13, 16-18. Plaintiffs rejected these proposals out-of-hand and not only refused to offer any compromises of their own, but actually expanded the scope of their original requests at each step along the way. *Id.* ¶¶ 8, 12-14, 18-21. Indeed, the delay in resolving these issues of which Plaintiffs now complain is largely of their own making, because they asked BANA to investigate and pretended to consider compromises they apparently never had any intention of accepting despite their contrary representations to the Court.

For example, following extensive discussion in early September, BANA offered the following compromises in response to Plaintiffs' proposal:

- to provide supplemental Rule 30(b)(6) testimony on BANA's current processes for gathering information from its electronic systems for IR2 Reporting;

3

- to provide supplemental Rule 30(b)(6) testimony on the IR2 Reporting data produced to Plaintiffs by BANA, how the data was generated, and the information intended to be represented in each of the fields contained as part of that data;

- to provide an interrogatory response concerning whether historic IR2 Reporting data is maintained by BANA and, if so, its location; and

- the identity of a BANA employee – Joe Bridges – with knowledge of its general procedures relating to IR2 Reporting.

*Id.* ¶ 13.  Plaintiffs rejected those proposals out-of-hand.  *Id*. ¶ 14.

The parties continued to discuss these issues and despite Plaintiffs' repeated rejections of them, Bank of America continued to offer compromises.  During a November 1, 2012 meet-and-confer discussion, Plaintiffs suggested that the existence of a document containing current and historic information about BANA's interpretation and electronic sourcing of the 25 IR2 Reporting fields identified in the Supplemental Notice might obviate the need for or potentially narrow the scope of the deposition sought.  *Id.* ¶ 16.  Plaintiffs reiterated this at a November 14, 2012 status conference, advising the Court that the deposition would be unnecessary (except as to the limited issue of the IR2 Reporting data BANA had produced to Plaintiffs) if BANA provided a "kind of plain English interpretation" of the 25 fields sufficient for Plaintiffs to confirm that the "data means what [Plaintiffs] think it means."  *Id.* ¶ 17; *see* Costello Decl., Ex. 7 at 40:19-41:20.  However, when BANA offered to create the precise document Plaintiffs had represented to the Court would "suffice," Plaintiffs rejected that offer at a December 13, 2012 status conference and later stated – contrary to their representations to the Court – that their position has been and remains that anything less than a Rule 30(b)(6) deposition on all of the topics set forth in the Supplemental Notice is unacceptable.  Brown Decl. ¶¶ 8, 12-14, 18-21.

**ARGUMENT**

The Federal Rules of Civil Procedure protect against unwarranted depositions such as the one (or ones) Plaintiffs' Motion invites this Court to authorize. "[T]he party seeking discovery information over an adversary's objection has the burden of showing [the information's] relevance." *Cutter v. HealthMarkets, Inc.*, No. 10-cv-11488, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quotations and citation omitted). In addition, discovery – even if relevant – should be denied if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii); *see, e.g., Amorim Holding Financeria S.G.P.S., S.A. v. C.P. Baker & Co.*, No. 09-cv-10641, 2011 WL 5879433, at *1-2 (D. Mass. Nov. 22, 2011).

In the context of a deposition notice pursuant to Rule 30(b)(6), "there exists no obligation to produce a witness who know(s) every single fact surrounding a matter, only those that bear relevance or are material to events directly underlying a dispute." *See Degenhart v. Arthur State Bank,* No. 11-cv-41, 2011 WL 4351491, at *1 (S.D. Ga. Sept. 15, 2011) (citing *Banks v. Office of the Senate Sergeant-at-Arms,* 241 F.R.D. 370, 373 (D.D.C. 2007)). In addition, the obligation to respond is limited to testimony that is "known or *reasonably available*" to the deponent party. *See Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc.,* 201 F.R.D. 33, 36-38 (D. Mass. 2001) (emphasis added); *Paparelli v. Prudential Ins. Co. of Am.,* 108 F.R.D. 727, 729-30 (D. Mass. 1985). Application of these principles here requires that Plaintiffs' Motion be denied.

I.   **THE TESTIMONY AND DOCUMENTS PLAINTIFFS SEEK ARE NOT RELEVANT TO THE ISSUES IN THIS LITIGATION.**

   A.   **Plaintiffs Fail To Carry Their Burden Of Showing Relevance.**

Plaintiffs' attempt to demonstrate the relevance of the discovery they seek falls woefully short. The Motion offers nothing more than conclusory assertions that BANA's IR2 Reporting is "centrally" relevant to Plaintiffs' claims and will be used in their presentation in support of class certification. *See* Mot. at 1, 9. For example, the heart of the Supplemental Notice is its request for testimony about BANA's "interpretation and Data Map" of 25 IR2 data points dating back to 2009. Yet Plaintiffs do not explain how BANA's current and historic interpretation of any – much less all 25 – of these data points is relevant to their claims or would be used in support of class certification.[1] Nor could they. Simply put, BANA's interpretation of the data included in its IR2 Reporting has no bearing on Plaintiffs' claims for breach of contract, promissory estoppel and violation of state consumer protection statutes arising from BANA's handling of Plaintiffs' applications for loan modifications under HAMP.

The other topics on which the Supplemental Notice requests testimony – the "methodology of," "personnel involved in," and "archival of files reported though" BANA's IR2 Reporting – are derivative of its request for testimony on "interpretation and Data Map[ping]." For example, Plaintiffs seek testimony regarding "methodology" to "confirm" and "provide context to" the Bank's "interpretation" of Treasury rules and data points. *See* Mot. at 9. But beyond their conclusory assertions, Plaintiffs offer no argument as to the relevance of these

---

[1] Even if Plaintiffs had explained the relevance of each data point, they failed to demonstrate how the definition of each data point set forth in Treasury's publically-available HAMP data dictionary is ambiguous enough to warrant the need for deposition testimony. In fact, as discussed *infra*, the lone example of ambiguity Plaintiffs provide – with respect to "Length of Trial Period" – demonstrates that responses to written interrogatories and/or requests for admission will satisfy Plaintiffs' needs.

topics. Given that Plaintiffs have failed to demonstrate the relevance of BANA's interpretation of IR2 data points, they have also failed to demonstrate the relevance of these ancillary topics. Indeed, at the November status conference, Plaintiffs conceded they do not need testimony on these topics at all. *See* Costello Decl., Ex. 7 at 37:12-18 ("We really just need a deposition that confirms for us what these data points actually mean"), 40:7-41:1.[2]

### B. This Court Should Follow Judge Stearns' Order Precluding Discovery of Information Related to IR2 Reporting.

While Plaintiffs avoid even mentioning it, Judge Stearns, in a similar HAMP MDL against another defendant involving the same counsel representing Plaintiffs here, denied plaintiffs' motion to compel the production of **any** IR2 data, rejecting arguments to compel substantively similar to those advanced by Plaintiffs.[3] *See In re JPMorgan Chase Mortg. Modification Litig.* ("*Chase HAMP MDL*"), No. 11-md-2290, Order on Pls.' Mot. to Compel

---

[2] At the conference, Plaintiffs conceded they do not need information about the electronic source of the data reported to Treasury, but suggested that this information will confirm that a piece of data means what they think it means. *See* Costello Decl., Ex. 7 at 40:7-41:1. They are incorrect. For example, at present, BANA pulls large amounts of data from its MHA Summary database for purposes of IR2 reporting. *See* Declaration of Joe Bridges in Support of Opposition to Motion to Compel ("Bridges Decl.") ¶ 10. But that fact does not inform how BANA interprets particular reporting fields for purposes of IR2 reporting. *Id.*

[3] Plaintiffs' counsel asserts that, in both the *Chase HAMP MDL* and another HAMP-related action against another defendant in which he is counsel of record, plaintiffs requested and obtained Rule 30(b)(6) testimony "concerning Treasury reporting for HAMP" based upon "discovery requests … nearly identical to those here at issue." *See* Costello Decl. ¶ 4. Significantly, Plaintiffs have not provided BANA, its counsel of record (none of whom are involved in these other matters) or this Court with copies of the deposition notices or transcripts from these other actions, depriving BANA of the ability to assess and respond to their bald assertions about (a) the substance of Rule 30(b)(6) depositions in matters against other defendants, (b) the "discovery requests" that led to those depositions, (c) the similarity (or lack of similarity) between discovery requests in other matters to which it is not privy and the Rule 30(b)(6) deposition topics that are the subject of the Motion here, and/or (d) the nature of the process that led to depositions in other matters and any deposition limitations – subject matter or temporal – that may have been agreed to by the parties in those other matters. Brown Decl. ¶¶ 4 & 5.

7

Produc. of Docs., at 1-2, Dkt. No. 87, (D. Mass. Jun. 1, 2012) (Stearns, J.) and Pls.' Mot. to Compel Produc. of Docs. ¶ 2, Dkt. No. 74 (D. Mass. May 24, 2012).  Similarly, this Court refused to compel BANA to produce additional IR2 data, expressing skepticism that Plaintiffs needed such data for class certification purposes when they already would be receiving data regarding a sample of 3,000 randomly-selected borrowers who entered into HAMP trial modifications.[4]  Brown Decl., Ex. D at 39:3-40:25.  But Plaintiffs have made no attempt – none – to explain why this Court should not follow Judge Stearns' ruling or its own prior inclination, choosing instead to ignore both.  This Court should deny the production of testimony about BANA's IR2 Reporting.

## II.   PLAINTIFFS' DEMAND FOR TESTIMONY WOULD IMPOSE AN UNDUE BURDEN ON BANA.

The Motion should also be denied because the discovery that Plaintiffs seek would be unduly burdensome for BANA to collect and produce.  To even attempt to identify and collect information on (a) how BANA has interpreted each of the 25 different IR2 data points at all times between 2009 and the present ("Interpretation Information"); and (b) the system or other electronic source from which BANA has collected information for each of the 25 IR2 reporting data points over the same time period ("Electronic Sourcing Information") would require BANA first to undertake an extremely burdensome, time-consuming, costly and likely unsuccessful

---

[4] Plaintiffs had sought production of data regarding a sample of randomly-selected loans, purportedly to enable Plaintiffs to assess the propriety of class treatment and support their anticipated class certification motion.  *See* Pls.' Mem. in Supp. of Mot. to Compel at 3-7, Dkt. No. 92 (D. Mass. Dec. 2, 2011).  In response, BANA agreed to produce more than 75 data points from its MHA Summary Table for a sample of 3,000 randomly-selected borrowers who entered into HAMP trial modifications.  *See* Brown Decl. ¶ 23 & Ex. D.  After reviewing the production, Plaintiffs requested that BANA supplement this production with additional data, and BANA is in the process of producing additional data points for these borrowers from multiple sources.  *Id.* ¶ 24.  In addition to their request for testimony regarding BANA's IR2 Reporting, Plaintiffs have requested testimony regarding the data BANA has produced regarding the 3,000 borrowers.  *Id.* ¶ 25 & Ex. E.

investigation. *See* Declaration of Joe Bridges in Support of Opposition to Motion to Compel ("Bridges Decl.") ¶ 6. This is so for a number of reasons, including that:

- no one current BANA employee has personal knowledge of BANA's current and historic Interpretation and/or Electronic Sourcing Information and BANA maintains no document or centralized file of documents that contains current and historic Interpretation and/or Electronic Sourcing Information;

- dozens of BANA employees (and, perhaps, more) may have relevant knowledge concerning BANA's current and historic Interpretation and/or Electronic Sourcing Information of one or more the subject 25 IR2 reporting fields;

- numerous BANA employees – including several who had managerial responsibility for IR2 reporting to Treasury during portions of the subject time period – who may have relevant knowledge concerning BANA's current and historic Interpretation and Electronic Sourcing Information of one or more the subject 25 IR2 reporting fields are no longer employed by BANA;

- BANA's interpretation of many of the subject 25 IR2 reporting fields has changed – in some cases multiple times – between 2009 and the present in response to Treasury's own guidance and as a result of developments and changes in BANA's systems and processes;

- the systems and electronic sources from which BANA pulled information to populate each of the subject 25 IR2 reporting fields has changed – in some cases multiple times – between 2009 and the present;

- Treasury's guidance and requirements with respect to IR2 reporting, which is publicly available, has changed multiple times between 2009 and the present, including as to several of the subject 25 IR2 reporting fields;

- the BANA personnel with potential knowledge about BANA's interpretation of the subject 25 IR2 reporting fields between 2009 and the present differ from the personnel with potential knowledge about BANA's electronic sourcing of those same fields for purposes of IR2 reporting; and

- the subject time period spans nearly four years.

*Id.* ¶¶ 7-9. As evidenced by the laborious process described in the accompanying Declaration of Joe Bridges, such an investigation could not reasonably be completed by the date Plaintiffs have asked the Court to order the deposition noticed in their Supplemental Notice to occur, if at all.

Beyond the substantial work required to attempt to investigate and collect the information Plaintiffs seek, BANA would also have to attempt to educate a witness or group of witnesses about the investigation results such that he, she or they could provide factual testimony at a deposition. *Id.* ¶ 11. And, given the large number (25) of data points at issue, the nearly four-year time period involved, and the numerous interpretation and electronic sourcing changes occurring over that time period, it is unlikely that <u>any</u> witness or small group of witnesses could digest the extensive information necessary to provide complete and accurate testimony and answer follow-up questions. *Id.*

Plaintiffs acknowledge the burden their request for testimony imposes upon BANA, but pretend it does not matter. *See* Mot. at 10. They are wrong. Rule 26(b)(2)(C)(iii) requires a court to determine if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *See, e.g. Philadelphia Indem. Ins. Co. v. Westchester Surplus Lines Ins. Co.*, No. 08-cv-5658, 2010 WL 1032586, at *1 (N.D. Cal. Mar. 19, 2010) (granting protective order for party receiving a 30(b)(6) deposition notice when the burden required in responding to the notice was "disproportionate" to its "limited potential relevance"). Accordingly, courts routinely deny motions to compel Rule 30(b)(6) testimony where, as here, it would "subject[] [defendant] to a 'memory contest.'" *Alexander v. F.B.I.,* 186 F.R.D. 137, 142-43 (D.D.C. 1998) (denying motion to compel further Rule 30(b)(6) oral testimony about defendant's computer systems); *see also Equal Emp't Opportunity Comm'n v. Am. Intern. Group, Inc.,* No. 93-cv-6390, 1994 WL 376052, at *3 (S.D.N.Y. July 18, 1994) (denying a motion to compel a Rule 30(b)(6) deposition that would require the deponent to "remember every fact in an EEOC investigative file" because a "30(b)(6) [deposition] is not designed to be a memory contest").

### III.   THE DISCOVERY SOUGHT CAN BE OBTAINED THROUGH LESS BURDENSOME ALTERNATIVES.

Rule 26(b)(2)(C) also requires a court to "limit the frequency or extent of discovery otherwise allowed…if it determines that the discovery sought…can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Accordingly, courts routinely limit parties to written discovery when the burden of preparing a Rule 30(b)(6) designee is too onerous or unlikely to provide much of a benefit. *See, e.g., Fidelity Mgmt. & Research Co. v. Actuate Corp.,* 275 F.R.D. 63, 64-65 (D. Mass. 2011) (limiting further 30(b)(6) testimony under Fed. R. Civ. P. 26(b)(2)(C) to responses to written questions); *Prewitt v. Mississippi State University*, No. 06-cv-338, 2008 WL 4224919, at *2 (N.D. Miss. Sept. 11, 2008) (requiring party to propound interrogatories on employment statistics when "[i]t would simply be impossible to find anyone that could testify to the totality of

11

the information sought" for a 30(b)(6) deposition); *In re Indep. Serv. Orgs. Antitrust Litig.,* 168 F.R.D. 651, 654-55 (D. Kan. 1996) (granting a protective order denying a 30(b)(6) deposition when the party receiving the 30(b)(6) notice "offered a reasonable compromise by agreeing to provide [the opposing party] with a summary of the [subjects of the 30(b)(6) notice]"); *Interdigital Tech Corp. v. OKI Am., Inc.,* No. 93-cv-2004, 1994 WL 114917, at *1 (E.D. Pa. Mar. 31, 1994) (precluding parties from taking 30(b)(6) depositions when the discovery sought "can best be achieved…by the use of interrogatories" and discovery methods other than 30(b)(6) depositions).[5] For example, in the *Chase HAMP MDL*, Judge Stearns denied plaintiffs' motion to compel the production of a witness or witnesses concerning reports and spreadsheets containing loan-level account data produced by defendant, limiting plaintiffs to posing in interrogatory form specific questions reasonably necessary to permit a full understanding of the data. *See Chase HAMP MDL*, Order on Pls.' Mot. to Compel Produc. of Witnesses and Docs., at 1-2, Dkt. No. 205, (D. Mass. Nov. 27, 2012) (Stearns, J.).

Here, although Plaintiffs are not entitled to any discovery on the topics identified in the Supplemental Notice, if the Court were to conclude that Plaintiffs should receive some, it should not hesitate to follow Judge Stearns and to limit Plaintiffs to written discovery. For example, requests for admissions and/or written interrogatories could easily obtain the clarification that

---

[5] Courts are particularly inclined to limit discovery to written form where, as here, a 30(b)(6) witness has already been deposed on the topic, and the opposing party is seeking supplemental information in a second 30(b)(6) deposition. *See, e.g., Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,* 244 F.3d 189, 192-93 (1st Cir. 2001) (citing Fed. R. Civ. P. 30(a)(2)(B) to uphold a protective order against a notice for a second round of 30(b)(6) depositions when the deponent party was already deposed under 30(b)(6) and the additional discovery sought would impose an "undue burden" on the deponent party); *U.S. v. Massachusetts Indus. Fin. Agency*, 162 F.R.D. 410, 412 (D. Mass. 1995) (denying motion to compel further 30(b)(6) testimony when responses to interrogatories were determined to be a more appropriate method for obtaining the discovery sought).

Plaintiffs seek about "Length of Trial Period," the lone data point for which they make any attempt to demonstrate the definition provided by the HAMP data dictionary is ambiguous,[6] as well as the information that Plaintiffs purportedly need regarding BANA's IR2 personnel and archiving. *See, e.g., U.S. ex rel Smith v. Boeing Co.*, No. 05-cv-1073, 2009 WL 2777278, at *6-8 (D. Kan. Aug. 27, 2009) (granting protective order under Fed. R. Civ. P. 26(b)(2)(C) on grounds that numerous topics, such as the "names…of potential witnesses," could be obtained through interrogatories). Alternately, a "plain English" written document detailing BANA's current and historic interpretation of the 25 data points – the very document that Plaintiffs once represented to the Court they would accept and that BANA offered to create – would suffice.

The case law cited by Plaintiffs for the proposition that deposition testimony is favored does not require a different result. Significantly, most of these cases involved fact witnesses expected to provide testimony about events of which they had personal knowledge rather than Rule 30(b)(6) designees whose testimony would be based on second-hand knowledge. *See Shoen v. Shoen*, 5 F.3d 1289, 1290-91 (9th Cir. 1993) (seeking to compel deposition testimony regarding the content of specific conversations between an investigative author and defendant); *Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 596 (3rd Cir. 1980) (seeking to compel deposition testimony regarding witness' "dealings" with plaintiff); *Barnett v. Norman*, No. 05-cv-1022, 2010 WL 3220122 at *1 (E.D. Cal. Aug. 10, 2010) (seeking to compel deposition testimony from plaintiff prisoner in a civil rights action); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 396-97 (S.D.N.Y. 2006) (seeking to compel deposition testimony from individual plaintiffs who alleged injuries in a RICO action). Even those cases involving Rule

---

[6] E.g., "Admit that the 'Length of Trial Period' you report to Treasury for a given borrower is the length of the trial period identified in the borrower's TPP Agreement," or "Admit that the 'Length of Trial Period' you report to Treasury for a given borrower is the length of time between the beginning of the trial period and the decision date."

30(b)(6) testimony arose in entirely different contexts, namely, where the producing party (1) failed to object to the Rule 30(b)(6) notice, (2) failed to inform the deposing party of the witness's inability to testify about certain topics in advance of the deposition, (3) failed to make a "conscientious, good-faith effort to designate [a] knowledgeable person[]" or to prepare them to answer questions about the designated subject matter; and (4) failed to provide evidence in support of its argument that the notice was burdensome, once the deposing party moved to compel additional testimony. *See Great Am. Ins. Co. of New York v. Vegas Const., Co.,* 251 F.R.D. 534, 536-42 (D. Nev. 2008); *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 171-73 (D.D.C. 2003). Here, in contrast, BANA has objected to the Supplemental Notice, supported its argument that the Supplemental Notice is burdensome with evidence, and proposed alternatives to the deposition noticed that are both less burdensome to produce and more likely to provide the information sought.

Finally, to the extent the Court is inclined to allow any testimony, it must be limited to those topics on which Plaintiffs presented argument. As noticed, Plaintiffs seek deposition testimony on the five topics set forth at pages 2 and 3 above. They have only provided substantive argument on Topic 5 – the "Interpretation" of certain data points over time. Indeed, even within Topic 5, Plaintiffs have not provided substantive argument on the need for testimony on any of the "data points" beyond alleged ambiguity of the "length of trial period plan." The Court should not order discovery on any topic not substantively addressed in Plaintiffs' motion. And given that Plaintiffs do not even mention the document requests included in their deposition notice, no order may issue compelling production of documents.

## CONCLUSION

For all of the reasons above, Plaintiffs' Motion to Compel should be denied.

Dated:  January 16, 2013

Respectfully submitted,

Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, L.P.,

By their attorneys,

/s/ James W. McGarry
James W. McGarry (BBO #633726)
jmcgarry@goodwinprocter.com
Brooks R. Brown (BBO #634144)
bbrown@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel.:  617.570.1000
Fax:  617.523.1231

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 16, 2013.

                                                /s/ James W. McGarry