UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: Bank of America Home Affordable Modification Program (HAMP) Contract Litigation | No. 1:10-md-02193 |

**DECLARATION OF JOE BRIDGES IN SUPPORT OF DEFENDANT BANK OF AMERICAN, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

I, Joe Bridges, hereby declare and state as follows:

1. I am the Senior Vice President, Portfolio Analytics at Bank of America, N.A. ("BANA") – a position I have held since approximately February, 2011. I have been employed in other positions at BANA since March, 2008.

2. In my current role, I am responsible for, among other things, BANA's processes for reporting certain data created, collected and maintained by other areas of BANA to the United States Department of the Treasury ("Treasury") through Treasury's IR-2 system. Generally speaking, the data I am responsible for reporting to Treasury concerns loan modifications applied for, evaluated, completed, and/or declined under the Home Affordable Modification Program ("HAMP"). As such, I have personal knowledge concerning, among other things, the data provided to Treasury, and the timing, frequency and number of data reports (or "uploads") to Treasury.

3. I make this Declaration based upon my personal knowledge, a review of business records and information kept in the regular course of BANA's business and made available to me in the course of my duties at BANA, and information provided to me by BANA employees working under my direction and supervision.

4. BANA already has collected and produced to Plaintiffs a large volume of data concerning hundreds of thousands of loans considered (and, in some cases, approved) for loan modifications under HAMP. This data is a compilation of the same information BANA provided to Treasury, as of March 2012, through its so-called IR2 reporting. I and others working with me were responsible for compiling and providing this IR2 data to Plaintiffs in this lawsuit. BANA's production consisted of spreadsheets of data relating to approximately 825,000 loans and included numerous, different data fields relating to each of these loans. BANA dedicated a significant amount of time and effort to collecting this data.

5.      I understand that Plaintiffs now seek corporate deposition testimony on the following topic: "[BANA's] interpretation and Data Map of the following HAMP 'Data Points' from the HAMP data dictionary (and its predecessors in Supplemental Directives 09-01 and 09-06):

- 1st trial payment due date
- 1st trial payment posted date
- 1st Trial payment received amount
- Servicer Loan Number
- Action Code
- Action Code Date
- Amortization Term After Modification
- Borrower Execution Date
- Delinquent Interest
- Hardship Reason Code
- Length of Trial Period
- Modification Effective Date
- Modification Fees
- Monthly Gross Income
- Term After Modification
- Trial Payment Number
- Trial Payment Received Amount
- Trial Payment Posted Date
- Submission Status
- Trial Fallout Reason Code
- NPV Model Result Amount Pre-Mod
- NPV Run Date
- Principal and Interest Payment After Modification
- Projected Foreclosure Sale Date
- Interest Rate After Modification."

By way of this topic, I understand that Plaintiffs seek corporate deposition testimony on (a) how BANA has interpreted each of the 25 different IR2 reporting data points at all times between 2009 and the present ("Interpretation Information"); and (b) the system or other electronic source from which BANA has collected information for each of the 25 IR2 reporting data points over the same time period ("Electronic Sourcing Information").

6. BANA is not in a position to provide complete and accurate corporate testimony concerning the current and historic Interpretation Information and Electronic Sourcing Information Plaintiffs seek, and any attempt to collect the Interpretation Information and/or Electronic Sourcing Information and educate one or more witnesses to provide corporate testimony about that Information would be extremely burdensome, time-consuming, costly and, likely, unsuccessful.

7. To even attempt to identify and collect the Interpretation and Electronic Sourcing Information dating back to 2009, BANA personnel would be required to conduct interviews of dozens (and, perhaps, more) of current and former BANA employees and identify, collect and review large volumes of documents. This is because, among other reasons, no one current BANA employee has personal knowledge of BANA's current and historic Interpretation and/or Electronic Sourcing Information, BANA maintains no document or centralized file of documents that contains all current and historic Interpretation and/or Electronic Sourcing Information dating back to the inception of IR2 reporting, and BANA's interpretation of the subject 25 IR2 reporting data fields, as well as of the system or other electronic source from which those same fields were pulled for purposes of IR2 reporting, has changed – in some cases, multiple times – between the start of IR-2 reporting and the present in response to Treasury's own guidance and as a result of developments and changes in BANA's systems and processes. For at least these reasons, BANA would be required to undertake a time-consuming and costly investigation, with the attendant business disruption, just to attempt to ascertain the Interpretation and/or Electronic Sourcing Information Plaintiffs seek. I estimate that such an investigation would potentially take hundreds of hours and cost of tens of thousands of dollars. Importantly, in many cases, such an investigation may not yield complete and accurate information, because Interpretation and/or

Electronic Sourcing Information about each of the subject 25 IR2 reporting fields may not even be ascertainable from personnel and records reasonably available to BANA.

8.  As noted, no single BANA employee has personal knowledge concerning (a) BANA's interpretation of each of the subject 25 IR2 reporting fields between 2009 and the present (the "subject time period"), and/or (b) the BANA system or other electronic resource from which information to populate each such field was pulled during the same time period. Nor is there a single document or centralized file of documents that contains such information. Instead, to the extent the information exists, it may reside in the memory of the dozens of current and former BANA employees and Treasury personnel, as well as in documents such persons may have created and maintained. Thus, to even attempt to provide the corporate testimony Plaintiffs seek, BANA would be required to conduct dozens of interviews of current personnel, former personnel (assuming such persons agree to such), and Treasury personnel (assuming Treasury personnel consent to such interviews) to determine what each person may recall, if anything, about BANA's interpretation and electronic sourcing of the 25 IR2 reporting fields during the period between 2009 and the present. BANA also would be required to identify, collect and review documents such persons may have created and maintained containing such information.

9.  Such an investigation would be time-consuming and costly. This is so for a number of reasons, including that:

- dozens of BANA employees (and, perhaps, more) may have relevant knowledge concerning BANA's interpretation and/or electronic sourcing of one or more of the subject 25 IR2 reporting fields during some portion of the subject time period;

- numerous BANA employees – including several who had managerial responsibility for IR2 reporting to Treasury during portions of the subject time period – who may have relevant knowledge concerning BANA's interpretation and electronic sourcing of one or more the subject 25 IR2 reporting fields during some portion of the subject time period are no longer employed by BANA;
- BANA's interpretation of many of the subject 25 IR2 reporting fields has changed multiple times over the subject time period in response to Treasury guidance and/or requirements;
- the systems and electronic sources from which BANA pulled information to populate each of the subject 25 IR2 reporting fields has changed multiple times during the subject time period;
- Treasury's guidance and requirements with respect to IR2 reporting, which is publicly available, has changed multiple times during the subject time period, including as to several of the subject 25 IR2 reporting fields;
- the BANA personnel with potential knowledge about BANA's interpretation of the subject 25 IR2 reporting fields during the subject time period differ from the personnel with potential knowledge about BANA's electronic sourcing of those same fields for purposes of IR2 reporting;
- BANA maintains no document or centralized records concerning its interpretation of each of the subject 25 IR2 reporting fields over the subject time period; and
- the subject time period spans nearly four years.

10.  I understand that Plaintiffs have suggested that information about the name of the system or electronic resources from which BANA pulled information to populate each of the

subject 25 IR2 reporting fields during the subject time period may shed light on BANA's interpretation of that field. This is not correct, because simply knowing the name of the system or electronic resource from which a particular piece of information was pulled at a particular time will not inform the interpretation inquiry. For example, at present, BANA pulls large amounts of data from its MHA database for purposes of IR2 reporting. But that fact does not inform how BANA interprets particular reporting fields.

11. Finally, even beyond the substantial burdens associated with conducting the time-consuming and costly investigation that would be necessary to attempt to collect the information Plaintiffs seeks, Plaintiffs' request for corporate testimony would also necessitate additional time, expense and business disruption in attempting to educate a witness or group of witnesses about the investigation results such that he, she or they could provide accurate factual testimony at a deposition. Given the large number (25) reporting fields at issue, the lengthy time period involved, and the numerous interpretation and electronic sourcing changes occurring over that time period, I do not believe it is reasonable to expect that a witness or group of witnesses could memorize the information necessary to provide accurate testimony.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct this 15th day of January, 2013.

_____
Joe Bridges

**CERTIFICATE OF SERVICE**

  I, James W. McGarry, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on January 16, 2013.

              /s/ James W. McGarry