**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE BANK OF AMERICA HOME AFFORDABLE MODIFICATION PROGRAM (HAMP) CONTRACT LITIGATION** | **MDL NO. 2193**<br><br>**LEAVE TO FILE GRANTED ON JANUARY 24, 2013**<br><br>**<u>Centralized before the Honorable Rya W. Zobel</u>** |
| **This Document Relates To:**<br>**All Actions** | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs submit this short reply memorandum in support of their motion to compel and in specific response to the Opposition of Defendant Bank of America, N.A. ("Defendant" or the "Bank").  Defendant's Opposition includes a handful of assertions that bear particular rebuttals, as described herein.  Overall, the Opposition does little to refute the thrust of Plaintiffs motion – that the production of a Fed. R. Civ. P. 30(b)(6) witness regarding the Bank's reporting of HAMP-related information to the United States Treasury Department ("Treasury") holds the possibility to aid the Court significantly at class certification.  By removing the potential for bickering over the meaning of certain information produced by the Bank to Treasury, this deposition will allow the Court to put its focus where it should be – on the common questions of law and fact raised by the Bank's routine breaking of promises contained in form contracts it issued to homeowners under the federal government's Homeowner Affordable Modification Program.

## I.       The Requested Deposition is Relevant

In arguing that Plaintiffs' have fallen "woefully short," Docket No. 189 at 6, of demonstrating relevance because they have provided only "conclusory assertions," *id.*, the Bank ignores entirely Section IIA. of Plaintiffs opening brief. Docket No. 182 at 9-10.  In that section, as well as in the Background section that preceded it, *see id.* at 2-4, Plaintiffs explain precisely the relevance of each of the deposition topics.  To reiterate and summarize, since the inception of the program, the Bank has tracked each borrower to whom it has entered into the HAMP form contract at the heart of this case via the mandatory reporting of data to Treasury.  Utilizing this data – in concert with other information maintained by the Bank and with a full understanding of each field's specific meaning and context – each class member can be identified, and their outcome in the modification process can be ascertained.   Plaintiffs have provided numerous

specific examples of why a deposition – with the opportunity to ask clarifying and follow-up questions directly to a corporate representative witness – is necessary to confirm the Bank's precise interpretations of these data fields.  *See* Docket No. 182 at 3 & n.4.

## II.   The Bank's Citation to Judge Stearns' Order in *Chase* is Misplaced

The Bank places outsize reliance on a conclusion it attributes to Judge Stearns that he simply never made.  First, the ruling by Judge Stearns cited by the Bank was on a motion to compel certain *data*, and offered no opinion on the issue that is the subject of the present motion – the production of a corporate representative deponent on the issue of Treasury Reporting. Indeed, as noted in Plaintiffs' initial brief, the deposition that is the subject of this motion was *actually held* in the *Chase* matter, without the need for motion practice or Court intervention.[1] *See* Docket No. 182 at 1 n.2 & Docket No. 182 at Docket No. 183 at ¶¶ 3-4.  Second, the Order cited by the Bank makes absolutely no mention of the Court's finding on relevance, as the Bank suggests.[2]  Thus, even if the cited Order were on a parallel issue as now presented to the Court, its basis is unstated.  The Bank's preferred interpretation – that Judge Stearns concluded that

---

[1] The Bank takes issue with Plaintiffs' representation that such a deposition occurred in the similar *Chase* and *Citi* matters.  *See* Docket No. 189 at 7 n.3.  Of course, as is the case in this litigation, the deposition transcript of the *Chase* and *Citi* deponents on Treasury reporting are subject to protective orders.  Each transcript has been designated confidential and Plaintiffs are not at liberty to share them.  Instead of violating these protective orders, Plaintiffs have appropriately represented to the Court that corporate representative depositions on the topic of data reporting by the respective defendant to Treasury as part of HAMP have, in fact, occurred and were held without resort to court intervention or motion practice. *See* Docket No. 183 at ¶¶ 3-4.  Plaintiffs' counsel can further represent as an officer of the Court and without breaching any protective order, that both of these depositions involved testimony encompassing the entirety of the time period for which HAMP has existed on each of the topics at issue here:  methodology of Treasury reporting, personnel involved in Treasury reporting, archival of reported data and the respective defendant's interpretation of various data fields included in Treasury reporting.

[2] In sum total, the relevant portion of Judge Stearns' Order cited by Defendant states:  "Plaintiffs seek to compel loan level modification data Chase previously submitted to the Department of the Treasury and the Office of the Comptroller of the Currency, in response to RFP Nos. 44, 45, and 46. Plaintiffs' motion is denied."  *See In re JPMorgan Chase Mortgage Mod. Litig.,* No. 11-md-2290 (D. Mass.), Docket No. 87 at 2.

HAMP Treasury reporting is irrelevant – is but one possibility among many.  The legal issues associated with the production of data are fundamentally different than those associated with a deposition and the Bank's speculation is therefore unwarranted.  As the Bank points out, this Court has *already* followed the cited order from Judge Stearns in part on this topic. *See* Docket No. 189 at 8.  The Court should reject the Bank's unreasonable effort to transfer the application of Judge Stearns' Order to this context out of hand.

     **III.**         **The Bank's Campaign of Resistance to this Deposition Makes the Perfect the Enemy of the Good**

Plaintiffs' memorandum in support of the motion adequately describes the Bank's obligation to put up a knowledgeable witness, even if that requires a process of using documents, past employees, and other resources in performing this required preparation. *See* Docket No. 182 at 10-12; *Briddell v. Saint Gobain Abrasives Inc.*, 233 F.R.D. 57, 60 (D. Mass. 2005).  Instead of acknowledging this burden, the Bank's Opposition resorts to overstatement, choosing to interpret each of the subjects contained in the deposition notice in their broadest possible form.  The effect of this approach is to raise the specter of impossibility or overburden on the basis that no witness could possibly memorize the range of information called for.  This approach is unreasonable.

The "personnel" topic in the deposition notice provides a good example.  Throughout the meet and confer process and explicitly in their moving papers, Plaintiffs have explained that this topic is included "so that [Plaintiffs] can inquire as to who has knowledge about a specific question about which the designee proves unable to testify" without drawing a scope objection. Docket No. 182 at 10.  For example, Plaintiffs seek to include within the scope of the deposition questions such as: "If you don't know the answer to that question, who would?"  The Bank has repeatedly misinterpreted this topic as broadly as possible, in an effort to say that no witness could possibly memorize the requested information.  *See* Docket No. 189 at 2 (characterizing this

topic as "the names of *all* [Bank] personnel *'involved'* in IR2 Reporting *in any way* since 2009")

(emphasis added).[3] Plaintiffs do not expect any witness to "memorize" organizational charts in

response to this topic, and have stated so repeatedly.  Instead, Plaintiffs expect the Bank to

prepare a witness or witnesses on the proposed topics and that this witness will give forthright,

unevasive testimony.  Assuming that the Bank undertakes the preparation process described in

*Briddell* in good faith, its obligations under Rule 30 will have been met.  Plaintiffs are entitled to

nothing less.

### IV.          Written Interrogatories are Categorically Insufficient

The data that is collected from the Bank by Treasury will assist Plaintiffs and the Court in

ascertaining the class and considering the commonality and typicality elements of Rule 23.  It

includes specific information about which Bank customers entered into the form contract at

issue, which borrowers made their payments called for in those contracts, and what their

outcomes were.  These encompass essential elements of the class definition.  Plaintiffs are

entitled to have a full and complete understanding of how the Bank interpreted these data fields

and what information it used in its reporting.  It is Plaintiffs strong conviction that written

interrogatories or similar discovery methods will fall far short of the understanding necessary for

clear and concise arguments at class certification.[4]  Were written answers to be substituted in

---

[3] *See also* Transcript of Nov. 14, 2012 Hearing at 35:21-24 (in which Mr. Brown states: ". . . all
personnel involved in IR2 reporting, like a witness should memorize the list of everyone who has
ever had anything to do with IR2 reporting since 2009.")

[4] The Bank's Opposition repeatedly cites Plaintiffs' statements to the Court in a misleading
manner.  At the November 14, 2012 hearing, Plaintiffs' counsel, in response to a specific
question from the Court as to why the source of the data might be necessary, indicated that the
data source might provide information regarding the Bank's interpretation of the subject data
field.  Plaintiffs' counsel suggested that in place of that source information, the Bank might
provide a "plain English interpretation" that allows experts to confirm the meaning of a data
field.  The Bank's opposition has reinterpreted and expanded this response to mean that Plaintiffs
somehow conceded that no deposition at all is necessary if the Bank is permitted to substitute

place of a deposition, Plaintiffs would be deprived of an opportunity to receive answers directly

from the Bank, as opposed to its counsel, and also be unable to ask important follow-up and

clarifying questions which remove any doubt as to the meaning of the answer.  It is for these

reasons that courts generally reject the substitution of interrogatories for deposition testimony.

*See* Docket No. 182 at 13-14.

This case is a multi-district litigation proceeding that consolidates over 25 statewide class

actions against one of the largest banks in the country.  Much is at stake.  In order for the Court

to focus on the core common substantive arguments at class certification, the parties must be on

the same page as to the meaning of the data used to identify the class.  Otherwise, the class

certification process will become bogged down in petty side-disputes about data interpretation.

The clearest and simplest means of avoiding this distraction is for the Court to grant Plaintiffs'

motion and allow the proposed deposition to proceed as noticed.

### V.          Conclusion

For all of the reasons stated above, the Court should enter an Order directing the Bank to

provide a witness or witnesses within 21 days in response to Plaintiffs' October 15, 2012

Supplemental Notice of Rule 30(b)(6) Deposition, attached as Exhibit 4a to the Declaration of

Kevin Costello in Support of Plaintiffs' Motion to Compel [Docket No. 183-5].

---

written answers to Plaintiffs' queries.  *See* Docket 189 at 4.  But this is simply not the case.  *See*
Transcript of Nov. 14, 2012 Hearing at 47:4-10 (in which Mr. Costello states: "I'll just reiterate
that even if the bank has the document, it may make the deposition go much more smoothly
because we can work off of the document with the witness and go line by line and confirm that
our understanding matches, but even if we have that document, I don't think it completely
obviates the need for a witness for the reasons that I talked about before.")

Dated: February 1, 2013

*/s/ Kevin Costello*
Klein Kavanagh Costello, LLP
Gary Klein (BBO 560769)
Shennan Kavanagh (BBO 655174)
Kevin Costello (BBO 669100)
85 Merrimac St., 4th Floor
Boston, MA 02114
617.357.5500 (p)
klein@kkcllp.com
kavanagh@kkcllp.com
costello@kkcllp.com

*/s/ Steve W. Berman*
Hagens Berman Sobol Shapiro LLP
Steve W. Berman
Ari Y. Brown
Tyler S. Weaver
1918 8th Avenue, Suite 3300
Seattle, WA 98101
206.623.7292 (p)
206.623.0594 (f)
steve@hbsslaw.com
ari@hbsslaw.com
tyler@hbsslaw.com

*Interim Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2013, a true and correct copy of this document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Kevin Costello*
Kevin Costello